## 841151 CASE DOCKET BOOK

P1    BAKER , TAMEICA
P2    BAKER , ALRICK
P3    BAKER , ALRICK JR
P4    BAKER , KALILA
P5    EDWARDS , SHUSHANA
P6    ██████████████
P7    ██████████████
D1    AMAZON LOGISTICS INC
D2    AMAZON COM INC
D3    ONTIME CARRIERS LLC
D4    GREAT AMERICAN ASSURANCE COMPANY
D5    MOHAVE TRANSPORTATION INSURANCE COMPANY
D6    KIRKSEY , CYNTHIA
D7    B3 LOGISTICS LLC
D8    DAVIS , BRIAN
D9    LANCER INSURANCE COMPANY
D10 PRIME INSURANCE COMPANY
D11 DAVIS , MICHAEL
D12 AFRIDA , MURZUKA
D13 WALKER , JUSTIN
D14 MOTA , RENEE
D15 WHITE , GERMAINE

| DATE | LIT | DESCRIPTION |
|------|-----|-------------|
| 05/26/2023 | P1 | **FILE PETITION**:FOR DAMAGES |
| 05/26/2023 | P1 | **CIVIL CASE COVER SHEET - LA RS 13:4688**: |
| 05/30/2023 | P1 | **ISSUE CITATION** :PETITION FOR DAMAGES |
| 05/30/2023 | P1 | **ISSUE CITATION** :PETITION FOR DAMAGES |
| 05/30/2023 | P1 | **RETURN**:LONG ARM/PROCESS SERVER - ISSUE CITATION **ID**:230530-8423-4 **TO**:AMAZON COM INC **SERVICE**:N/A |
| 05/30/2023 | P1 | **RETURN**:LONG ARM/PROCESS SERVER - ISSUE CITATION **ID**:230530-8424-2 **TO**:ONTIME CARRIERS LLC **SERVICE**:N/A |
| 05/30/2023 | P1 | **RETURN**:LONG ARM/PROCESS SERVER - ISSUE CITATION **ID**:230530-8425-9 **TO**:MOHAVE TRANSPORTATION INSURANCE COMPANY **SERVICE**:N/A |
| 05/30/2023 | P1 | **RETURN**:LONG ARM/PROCESS SERVER - ISSUE CITATION **ID**:230530-8426-7 **TO**:CYNTHIA KIRKSEY **SERVICE**:N/A |
| 05/30/2023 | P1 | **RETURN**:LONG ARM/PROCESS SERVER - ISSUE CITATION **ID**:230530-8427-5 **TO**:B3 LOGISTICS LLC **SERVICE**:N/A |
| 05/30/2023 | P1 | **RETURN**:LONG ARM/PROCESS SERVER - ISSUE CITATION **ID**:230530-8428-3 **TO**:BRIAN DAVIS **SERVICE**:N/A |
| 06/05/2023 | P1 | **ISSUE CITATION** :PETITION FOR DAMAGES |
| 06/07/2023 | P1 | **RETURN**:SHERIFF JEFFERSON PARISH - ISSUE CITATION **ID**:230530-8432-5 **TO**:GERMAINE WHITE **SERVICE**:DOMICILIARY 06/01/2023-THRU GINA |

| 06/14/2023 | 📄 | P1 | **RETURN**:SHERIFF ORLEANS PARISH (CIVIL) - ISSUE CITATION **ID:**230605-9308-6<br>**TO:**JUSTIN WALKER **SERVICE:**OTHER 06/12/2023-WORKS ALL KINDS OF HOURS PER LANDLORD |
| 06/15/2023 | 📄 | D1 | **FILE NOTICE OF REMOVAL**: |
| 06/15/2023 | 📄 | D1 | **FILE EXHIBIT** :NOTICE OF REMOVAL |
| 06/19/2023 | 📄 | P1 | **RETURN**:SHERIFF ORLEANS PARISH (CIVIL) - ISSUE CITATION **ID:**230605-9307-8<br>**TO:**MURZUKA AFRIDA **SERVICE:**MOVED 06/09/2023 |
| 06/20/2023 | 📄 | P1 | **RETURN**:SHERIFF EAST BATON ROUGE PARISH - ISSUE CITATION **ID:**230605-9306-0<br>**TO:**PRIME INSURANCE COMPANY **SERVICE:**PERSONAL 06/13/2023 |
| 06/20/2023 | 📄 | P1 | **RETURN**:SHERIFF EAST BATON ROUGE PARISH - ISSUE CITATION **ID:**230605-9303-7<br>**TO:**AMAZON LOGISTICS INC **SERVICE:**PERSONAL 06/13/2023 |
| 06/20/2023 | 📄 | P1 | **RETURN**:SHERIFF EAST BATON ROUGE PARISH - ISSUE CITATION **ID:**230605-9304-5<br>**TO:**GREAT AMERICAN ASSURANCE COMPANY **SERVICE:**PERSONAL 06/13/2023 |
| 06/20/2023 | 📄 | P1 | **RETURN**:SHERIFF EAST BATON ROUGE PARISH - ISSUE CITATION **ID:**230605-9305-2<br>**TO:**LANCER INSURANCE COMPANY **SERVICE:**PERSONAL 06/13/2023 |
| 06/21/2023 | 📄 | P1 | **RETURN**:SHERIFF ST TAMMANY PARISH - ISSUE CITATION **ID:**230605-9310-2<br>**TO:**RENEE MOTA **SERVICE:**PERSONAL 06/12/2023 |
| 06/27/2023 | 📄 | P1 | **RETURN**:SHERIFF ST TAMMANY PARISH - ISSUE CITATION **ID:**230605-9309-4<br>**TO:**MICHAEL DAVIS **SERVICE:**PERSONAL 06/20/2023 |
| 07/06/2023 | 📄 | P1 | **FILE AFFIDAVIT** :OF SERVICE LONG ARM STATUTE |
| 07/06/2023 | 📄 | P1 | **FILE EXHIBIT** :SHERIFF RETURN |
| 07/06/2023 | 📄 | P1 | **FILE AFFIDAVIT** :OF SERVICE LONG ARM STATUTE |
| 07/06/2023 | 📄 | P1 | **FILE EXHIBIT** :SERVICE RETURN |
| 08/02/2023 | 📄 | P1 | **FILE EXHIBIT** :COPY OF ORDER AND REASONS FROM UNITED STATES DISTRICT COURT |
| 08/08/2023 | 📄 | D10 | **FILE ANSWER TO:**PETITION FOR DAMAGES AND JURY DEMAND/PRIME INSURANCE COMPANY |
| 08/08/2023 | 📄 | D10 | **FILE REQUEST FOR WRITTEN NOTICE** : |
| 08/08/2023 | 📄 | D10 | **FAX FILING TRANSMISSION** :FAX FEE: ANSWER TO PETITION FOR DAMAGES AND JURY DEMAND, REQUEST FOR NOTICE ID:70628 (ORIGINAL RECEIVED) |

24TH JUDICIAL DISTRICT COURT
FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 841-151                                    DIVISION **E**

TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND,
ALRICK BAKER; ALRICK BAKER, JR INDIVIDUALLY AND ON BEHALF OF HIS
DECEASED FATHER ALRICK BAKER.; KALILA BAKER INDIVIDUALLY AND ON
BEHALF OF HER DECEASED FATHER ALRICK BAKER; AND SHUSHANA EDWARDS
ON BEHALF OF THE MINOR CHILDREN ███████ AND ████████
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK BAKER

VS.

AMAZON LOGISTICS, INC; AMAZON.COM.INC; ONTIME CARRIERS, LLC; GREAT
AMERICAN ASSURANCE COMPANY; MOHAVE TRANSPORTATION INSURANCE
COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS; LANCER
INSURANCE COMPANY; PRIME INSURANCE COMPANY; MICHAEL DAVIS;
MURZUKA AFRIDA; JUSTIN WALKER; RENEE MOTA; and GERMAINE WHITE

FILED: _____          _____
                                        DEPUTY CLERK

**PETITION FOR DAMAGES**

1.

    Made petitioner herein is TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF

HER DECEASED HUSBAND, ALRICK BAKER, a person of the full age of majority and

domiciled in the Parish of Jefferson, State of Louisiana.

2.

    Made petitioner herein is ALRICK BAKER, JR INDIVIDUALLY AND ON BEHALF OF

HIS DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled

in the State of Florida.

3.

    Made Petitioner herein is KALILA BAKER INDIVIDUALLY AND ON BEHALF OF HER

DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the

PETITION FOR DAMAGES
Baker v. Amazon, 24ᵗʰ JDC No.
Page - 1 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON



State of Florida.

4.

Made Petitioner herein is KALILA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the State of Florida.

5.

Made Petitioner herein is SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ███████████ AND ████████████████ INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the State of Florida.

6.

Made defendant herein is AMAZON LOGISTICS, INC (AMAZON LOGISTICS), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

7.

Made defendant herein is AMAZON.COM, INC. (AMAZON.COM), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

8.

AMAZON.COM and AMAZON LOGISTICS are hereinafter referred to as AMAZON.

9.

Made defendant is ONTIME CARRIERS, LLC (ONTIME), a foreign limited liability company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

10.

Made defendant herein is GREAT AMERICAN ASSURANCE COMPANY (GREAT AMERICAN), a foreign insurance company authorized to do and doing business in the Parish of Jefferson State of Louisiana.

11.

Made defendant herein is MOHAVE TRANSPORTATION INSURANCE COMPANY (MOHAVE), a foreign insurance company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

12.

Made defendant herein is CYNTHIA KIRKSEY (KIRKSEY), a person of the full age of majority and domiciled in the State of Alabama.

13

Made defendant herein is B3 LOGISTICS, LLC (B3), a foreign limited liability company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

14.

Made defendant herein is BRIAN DAVIS (DAVIS), a person of the full age of majority and domiciled in the State of Alabama.

15.

Made defendant herein is PRIME INSURANCE COMPANY (PRIME), a foreign company authorized to do and doing business in the Parish of Jefferson.

16.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

Made defendant herein is LANCER INSURANCE COMPANY (LANCER), a foreign insurance company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

17.

Made defendant herein is MICHAEL DAVIS (DAVIS) a person of the full age of majority and domiciled in the state of Louisiana.

18.

Made defendant herein is MURZUKA AFRIDA (AFRIDA) a person of the full age of majority and domciled in the State of Louisiana

19.

Made defendant herein is JUSTIN WALKER (WALKER) a person of the full age of majority and domiciled in the State of Louisiana.

20.

Made defendant herein is RENEE MOTA (MOTA) a person of the full age of majority and domiciled in the State of Louisiana.

21.

Made defendant herein is GERMAINE WHITE (WHITE) a person of the full age of majority and domiciled in the State of Louisiana.

22.

Hereinafter, DAVIS, AFRIDA, WALKER, MOTA and WHITE are referred to as AMAZON SUPERVISORS.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

PETITION FOR DAMAGES
Baker v. Amazon, 24th JDC No.
Page - 4 -

JON A. GEGENHEIMER

23.

Venue is appropriate in this jurisdiction because the negligence subject matter of this litigation initiated in the Parish of Jefferson and because ALRICK BAKER was domiciled in Jefferson at the time of his death and a claim is being made against his underinsured motorist carrier.

24.

The defendants are indebted onto your petitioners jointly, severally, and in solido for the following reasons to-wit:

25.

On June 4, 2023, B3 and/or DAVIS had a contract with AMAZON to pick up a fully marked and identified trailer owned by AMAZON with AMAZON logos and markings in Jefferson Parish Louisiana and transport the unloaded trailer to Alabama.

26.

Per agreement and in actuality AMAZON had the right to control the work of B3 and/or DAVIS including (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control.

27.

The tractor owned by B3 and/or DAVIS, however, was out of service and hence KIRKSEY and ONTIME engaged in the pickup of the trailer.

28.

KIRKSEY was driving the vehicle owned by ONTIME.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON



29.

KIRKSEY and ONTIME traveled to the loading facility owned and operated by AMAZON.

30.

KIRKSEY and ONTIME arrived in the late evening of June 4 or early Morning of June 5.

31.

AMAZON had care, custody and control over the facility including, but not limited to ingress, egress, loading, unloading, security, transport, transfer, pickup and delivery.

32.

When KIRKSEY and ONTIME arrived, AMAZON allowed, authorized and facilitated KIRKSEY and ONTIME to attach the trailer owned by AMAZON to the tractor owned by ONTIME and operated by KIRSKEY.

33.

The trailer was fully marked with AMAZON logos, trademarks, markings, advertising AMAZON'S business and was being pulled for the benefit, direction, use and furtherance of the business of AMAZON.

34.

KIRKSEY and ONTIME, however, were not the entities contracted to pick up the trailer.

35.

AMAZON allowed an unauthorized entity and individual into the facility and allowed the trailer to leave with KIRKSEY and ONTIME who had no prior authorization, ability or control or contract to transport the trailer.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

**PETITION FOR DAMAGES**
Baker v. Amazon, 24th JDC No.
Page - 6 -

JON A. GEGENHEIMER

36.

The actions of AMAZON were a violation of Louisiana law and also a violation of the policies and procedures of AMAZON.

37.

But for AMAZON Breaching its policies and Louisiana law the trailer would not have left the AMAZON facility with KIRSKEY and ONTIME.

38.

The trailer, did, however, leave and KIRSKEY and ONTIME traveled from Louisiana back to Alabama utilizing Interstate 10.

39.

When KIRKSEY and ONTIME reached at or near mile marker 41 traveling eastbound in or near the city of Biloxi, Mississippi, around 3:47 am KIRSEY was in the left lane in the three lane travel.

40.

KIRKSEY and ONTIME approached a vehicle owned and operated by ALRICK BAKER also traveling eastbound in the middle lane.

41.

KIRKSEY and ONTIME attempted to pass the BAKER vehicle but entered into his lane of travel causing the trailer which was owned by AMAZON to strike the BAKER vehicle.

<div style="text-align: right; writing-mode: vertical-rl;">24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON</div>



PETITION FOR DAMAGES
Baker v. Amazon, 24th JDC No.
Page - 7 -

42.

The AMAZON trailer became stuck onto the BAKER vehicle and forced both vehicles off the road, across the right lane and onto the grassy shoulder, striking two trees and causing the Baker vehicle to become engulfed in flames.

43.

BAKER sustained catastrophic injury including severe burns to almost his entire body.

44.

BAKER was on the scene for a substantial period of time in agonizing and excruciating pain.

45.

He was eventually airlifted to the hospital.

46.

BAKER died on June 6, 2022 from substantial thermal burns.

47.

BAKER was only 39 years of age at the time of his demise.

48.

BAKER is survived by his widow, TAMEICA BAKER; his adult children, ALRICK BAKER, JR. and KALILA BAKER and two minor children through their mother ████████ AND ████████ through their mother SHUSHANA EDWARDS.

49.

Plaintiffs have sustained substantial loss as further indicated below for themselves, for the



**PETITION FOR DAMAGES**
Baker v. Amazon, 24th JDC No.
- Page - 8 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

wrongful death and survival action of their father due to the actions and inactions of defendants.

50.

AMAZON and had a duty to ensure that those retrieving cargo were authorized, under contract and had permission to remove items from its facility. This was also a policy and requirement of AMAZON.

51.

AMAZON breached this legal duty which such cause was a legal cause and cause in fact of injuries/damages to your petitioners

52.

AMAZON committed the following non-exclusive acts of negligence to-wit:

a) Allowing an individual and entity not authorized to retrieve a trailer;
b) Failing to have proper security;
c) Failure to follow proper protocols;
d) Failure to provide quality control;
e) Failure to properly supervise employees;
f) Failure to properly train;
g) Failing to stop a tractor from leaving a facility without proper clearance;
h) Failure to conduct clearance checks;
i) Failure to inspect credentials;
j) Failure to verify bills of lading and transport documents;
k) Any and all other acts of negligence which are inherent in these pleadings or which may be proven at trial in derogation of the laws of Parish of Jefferson and the State of Louisiana.

53.

But for the actions of AMAZON, the trailer would not have left the facility with KIRSEY and ONTIME and the collision between KIRSEY/ONTIME and BAKER would not have occurred.

54.

AMAZON SUPERVISORS had a duty to ensure that employees were trained and supervised



24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

correctly; instructed on policy and procedure and to prevent unauthorized removal of AMAZON

equipment.

55.

AMAZON SUPERVISORS breached this duty which such breach was a legal cause and

cause in fact of the injuries and damages to Petitioners.

56.

AMAZON SUPERVISORS committed the following non-exclusive acts of negligence to-

wit:

a)  Failure to prevent unauthorized individuals/entities from retrieving AMAZON
equipment;
b)  Failure to train those working in the facility on proper procedure;
c)  Failure to supervise those working in the AMAZON facility;
d)  Failure to properly secure the AMAZON facility;
e)  Failure to ensure all those working in the AMAZON facility were properly versed on
obligations;
f)  Personally failing to inspect, secure or otherwise prevent equipment from leaving
unauthorized;
g)  Personally failing to adhere to their duties as supervisors of AMAZON by creating,
implementing and asserting improper polices which led to KIRSKEY and
ONTIME'S unauthorized activity;
h)  Plaintiffs specifically plead that these individuals had an independent duty and that
their actions in breaching that duty was a cause in fact of the injuries to Petitioners
i)  But for the individual actions of the AMAZON SUPERVISORS the plaintiffs would
not have sustained damages;
j)  The AMAZON supervisors were either present at the site when the unauthorized
transferred occurred or were in the chain of command and responsible and had
control of the release of the trailer to prevent same from occurring;
k)  Plaintiffs plead the independent negligence of each of these supervisors separate and
apart from their vicarious liability as employees of AMAZON; and
l)  Petitioners aver that the AMAZON SUPERVISORS also committed violations of
law inherent in these pleadings or which may appear through discovery in violation
of law

57.

At all material times, the AMAZON SUPERVISORS were direct employees of AMAZON,

were conducting the business of AMAZON, were being paid by AMAZON, and were in the

furtherance of the business of AMAZON and hence AMAZON is vicariously liable for the actions

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

and inactions of the AMAZON SUPERVISORS and petitioners also plead the theory of respondeat superior.

58.

KIRKSEY and ONTIME had a duty to ensure that they operated a tractor and trailer in a safe and prudent manner including but not limited to avoiding striking the vehicle operated by BAKER.

59.

KIRKSEY and ONTIME breached this legal duty which such breach was a legal cause and cause in fact of injuries/damages to your petitioners.

60.

KIRKSEY and ONTIME committed the following non-exclusive acts of negligence to-wit:

a) Failing to maintain control of a vehicle and/or failing to properly legally operate a vehicle;
b) Operating a vehicle in a careless manner;
c) Failing to stop a vehicle as required by law;
d) Driving at an excessive speed under the circumstances which caused a collision
e) Failing to maintain a safe and proper lookout
f) Failing to see what she should have seen
g) Failing to observe the vehicle occupied by BAKER
h) Failing to exercise reasonable vigilance;
i) Failing to maintain control of a lane;
j) Improper merging
k) Failing to obey the traffic laws
l) Any and all other acts of negligence which are inherent in these pleadings or which may be proven at trial in derogation of law

61.

DAVIS and B3 had a duty to adhere to its agreement with AMAZON to obtain and transport the trailer from Louisiana.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON



PETITION FOR DAMAGES
Baker v. Amazon, 24th JDC No.
Page - 11 -

JON A. GEGENHEIMER

62.

DAVIS and B3 breached this duty which said breach was a legal cause and a cause in fact

of injuries/damages to your petitioners.

63.

DAVIS and B3 committed the following non-exclusive acts of negligence to-wit:

a)    Failing to complete a contract
b)    Authorizing another person/entity to complete a contract to which it was obligated
c)    Failure to supervise the pickup and transportation of the trailer
d)    Failure to ensure safe delivery of a trailer
e)    Failure to monitor KIRKSEY and ONTIME on pickup and delivery of trailer
f)    Creating a situation, along with AMAZON where KIRKSEY and ONTIME obtained a trailer
       and transported it without authorization
g)    Any and all other acts of negligence which are inherent in these pleadings or which may
       appear at the trial of this matter in derogation of the law

64.

At all material times hereto B3 had the right to control the work of KIRLSEY and ONTIME

including (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power

of control.

65.

At all material times hereto B3 and DAVIS were acting in furtherance of the business of

AMAZON in acting toward and having KIRSKEY and ONTIME pickup and deliver a trailer owned

by AMAZON with the advertisement of those entities on the trailer which caused the collision.

66.

In addition to the independent negligence of AMAZON, plaintiffs specifically plead that

AMAZON is vicariously liable for the actions and inactions of B3 and DAVIS and liable under the

theory of respondeat superior

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

67.

At all material times hereto AMAZON had KIRSKEY and ONTIME pulling a trailer owned by AMAZON which contained the logos of AMAZON and is responsible for the action and inactions of KIRSEY and ONTIME.

68.

At all material times hereto KIRSKEY and ONTIME were acting in furtherance of the business of AMAZON in physically transporting a trailer owned by AMAZON and delivering that trailer with the advertisement of those entities on the trailer which caused the collision.

69.

Once AMAZON breached its duties and allowed KIRKSEY and ONTIME to leave the AMAZON yard with its marked trailer, without any load, effectively a traveling billboard and without a contract, without written permission and against protocol, AMAZON became vicariously liable for the action and inactions of KIRKSEY and ONTIME.

70.

AMAZON was clearly obtaining a benefit for itself by transportation of its trailer for advertisement for relocation and for logistical reasons and is responsible for injury sustained to plaintiffs in connection with AMAZON'S business venture and advertisement.

71.

AMAZON owned the facility where the trailer was picked up.  AMAZON had sole and absolute control over that location.  They had control over (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

72.

AMAZON had absolute ability to prevent selection and engagement of ONTIME and KIRKSEY taking the trailer; to prevent payment of wages; to dismiss and terminate the transport by preventing them leaving the facility with the trailer; and complete control over who took the trailer. AMAZON exercised its control in allowing the trailer to leave with KIRKSEY and ONTIME.

73.

AMAZON had no written agreement with ONTIME or KIRSEY limiting the engagement or making them independent contractors and it was the action of AMAZON which set in motion a sequence of events which led to the death of BAKER.

74.

In addition to the independent negligence of AMAZON, Plaintiffs specifically plead that AMAZON are vicariously liable for the actions and inactions of KIRKSEY and ONTIME and liable under the theory of respondeat superior.

75.

B3 and DAVIS had control over the actions and inactions of KIRSKEY and ONTIME in authorizing ONTIME and KIRSEY to pick up the trailer on its behalf.

76.

Petitioners aver that B3 and DAVIS generated a financial and business benefit from KIRKSEY and ONTIME assisting in transportation.

77.

Petitioners also aver that B3 and DAVIS acted as a joint venture, partnership and enterprise



PETITION FOR DAMAGES
Hingle v. Lyndon  24th  JDC NO.
Page - 14 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

and hence a single entity both solidarily liable for their actions as a single entity and for which AMAZON is likewise vicariously liable due to AMAZON'S control over the entities.

78.

At all material times hereto, MOHAVE had in full force and effect a policy of liability insurance in favor of AMAZON; KIRKSEY, ONTIME, AMAZON SUPERVISORS, B3 and DAVIS as direct and/or omnibus insureds providing insurance coverage for the actions/inactions of AMAZON; KIRKSEY, ONTIME, B3 and BAKER which enures to the benefit of plaintiff and those similarly situated and as such MOHAVE is made a direct defendant pursuant to the Louisiana Direct Action Statute.

79.

At all material times hereto, LANCER had in full force and effect a policy of liability insurance in favor of AMAZON; KIRSEY, ONTIME, AMAZON SUPERVISORS, B3 and DAVIS as direct and/or omnibus insureds providing insurance coverage for the actions/inactions of AMAZON; KIRSEY, ONTIME, B3 and BAKER which enures to the benefit of plaintiff and those similarly situated and as such LANCER is made a direct defendant pursuant to the Louisiana Direct Action Statute.

80.

LANCER is responsible due to its policy of insurance; for commercial general liability but also because ONTIME and KIRKSEY were operating at the direction and request of DAVIS and B3 and because the vehicle driven by ONTIME and KIRKSEY was a temporary substitute vehicle as DAVIS and B3's vehicle was inoperable.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

81.

At all material times hereto, GREAT AMERICAN had in full force and effect a policy of liability insurance in favor of AMAZON; KIRKSEY, ONTIME, AMAZON SUPERVISORS, B3 and DAVIS as direct and/or omnibus insureds providing insurance coverage for the actions/inactions of AMAZON; KIRKSEY, ONTIME, B3 and BAKER which enures to the benefit of plaintiff and those similarly situated and as such GREAT AMERICAN is made a direct defendant pursuant to the Louisiana Direct Action Statute.

82.

At all material times hereto, PRIME had in full force and effect a policy of uninsured/underinsured/medical payments insurance in favor of petitioners in the event that any of the defendants AMAZON; AMAZON SUPERVISORS; KIRKSEY, ONTIME, B3 or DAVIS was uninsured/underinsured which enures to the benefit of petitioners and as such PRIME is also made a direct defendant in that capacity as well, petitioners averring that the defendants are underinsured in this matter and that they are entitled to additional relief from PRIME for their damages which exceed any underlying insurance coverage, if any.

83.

As a result of the actions/inactions of defendant, petitioners have been caused to sustain the following damages including but not limited to damages for the wrongful death AND survival damages which include their own losses and those sustained by BAKER which enure to them which include but are not limited to the following:

a) Individual past, present and future pain and suffering
b) BAKER physical pain and suffering
c) Individual mental anguish and anxiety
d) BAKER mental anguish and anxiety
e) BAKER past, present and future loss of earnings
f) BAKER past, present and future loss of earning capacity
g) Funeral expenses

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON



**PETITION FOR DAMAGES**
Hingle v. Lyndon  24th  JDC NO.
Page - 16 -

JON A. GEGENHEIMER

h)  Loss of consortium of father and husband
i)  Loss of service and society
j)  Individual loss of enjoyment of life
k)  BAKER loss of enjoyment of life
l)  Property damage to tractor owned by BAKER
m)  BAKER conscious pain and suffering
n)  Individual loss of financial support
    TOTAL                                           REASONABLE

84.

WHEREFORE, plaintiffs, TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER

DECEASED HUSBAND, ALRICK BAKER; ALRICK BAKER, JR INDIVIDUALLY AND ON

BEHALF OF HIS DECEASED FATHER ALRICK BAKER.; KALILA BAKER INDIVIDUALLY

AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER; AND SHUSHANA

EDWARDS ON BEHALF OF THE MINOR CHILDREN ████████ AND ████

████ INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK

BAKER pray that:

A)  The defendants herein, AMAZON LOGISTICS, INC; AMAZON.COM.INC; ONTIME

    CARRIERS, LLC; GREAT AMERICAN INSURANCE GROUP; MOHAVE

    TRANSPORTATION INSURANCE COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS,

    LLC; BRIAN DAVIS; LANCER INSURANCE COMPANY; PRIME INSURANCE

    COMPANY; MICHAEL DAVIS; MURZUKA AFRIDA; JUSTIN WALKER; RENEE

    MOTA; and GERMAINE WHITE be duly cited with a copy of this petition and be required

    to answer same in accordance with the law

B)  After due delays and proceedings had there be judgment herein in favor of plaintiffs,

    TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED

    HUSBAND, ALRICK BAKER; ALRICK BAKER, JR INDIVIDUALLY AND ON

    BEHALF OF HIS DECEASED FATHER ALRICK BAKER.; KALILA BAKER

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER;

AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ███████

███████ AND ███████████ INDIVIDUALLY AND ON BEHALF OF THEIR

DECEASED FATHER ALRICK BAKER and against Defendants AMAZON LOGISTICS,

INC; AMAZON.COM.INC; ONTIME CARRIERS, LLC; GREAT AMERICAN

INSURANCE GROUP; MOHAVE TRANSPORTATION INSURANCE COMPANY;

CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS; LANCER INSURANCE

COMPANY; PRIME INSURANCE COMPANY; MICHAEL DAVIS; MURZUKA

AFRIDA; JUSTIN WALKER; RENEE MOTA; and GERMAINE WHITE , jointly,

severally, and in solido for all damages necessary and appropriate in the premises; for

judicial interest from the date of judicial demand; for all costs of these proceedings; and

C)    For all general and equitable relief.

Respectfully submitted:

Timothy Richardson  (#27625)
P.O. Box 310
Madisonville, La 70447
Telephone:  985-302-3021
Fax: 504 335 2275

Physical

422 East Lockwood, 2nd Floor
Covington, La 70433

**PLEASE SERVE:**

AMAZON LOGISTICS, INC;
through its registered agent CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

07/03/2023 16:53:10 CERTIFIED TRUE COPY - Pg:18 of 22 - Jefferson Parish Clerk of Court - ID:2387315

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

AMAZON.COM.INC;
through Louisiana Long Arm Statute
CEO Doug Herring
410 Terry Ave. North,
Seattle, WA 98109

ONTIME CARRIERS, LLC;
508 Tallapoosa St.
Mobile, Al 36610

GREAT AMERICAN ASSURANCE COMPANY;
Through its registered agent Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

MOHAVE TRANSPORTATION INSURANCE COMPANY
through officer James Mahoney
2200 S. 75th Ave.
Phoenix AZ 85043

CYNTHIA KIRKSEY;
via Louisiana Long Arm Statute
608 Frank E Lee Avenue
Mobile, Al 36610

B3 LOGISTICS, LLC;
via Louisiana Long Arm Statute
519 Edison Drive
Prichard, Al 36610

BRIAN DAVIS
through Louisiana Long Arm Statute
519 Edison Drive
Prichard, Al 36610

LANCER INSURANCE COMPANY;
Through its registered agent Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

PRIME INSURANCE COMPANY
Through its registered agent Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

MURZUKA AFRIDA;
210 Baronne St Apt 816
New Orleans, LA 70112-1746

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

**PETITION FOR DAMAGES**
Hingle v. Lyndon 24th JDC NO.
Page - 19 -

JON A. GEGENHEIMER

JUSTIN WALKER
1621 Coliseum St
New Orleans, La 70130

MICHAEL DAVIS
12344 Parma Circle
Covington, La 70435

RENEE MOTA;
70404 8th St
Covington, Louisiana, 70433

GERMAINE WHITE
3600 Afton Ln,
Westwego, LA 70094

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

PETITION FOR DAMAGES
Hingle v. Lyndon  24th  JDC NO.
Page - 20 -

JON A. GEGENHEIMER

**TIMOTHY RICHARDSON**
**ATTORNEY AT LAW, LLC**
**(A PROFESSIONAL LAW CORPORATION)**
P.O. BOX 310
MADISONVILLE, LOUISIANA 70447

TIMOTHY R. RICHARDSON
Tim@rlgroup-law.com

TELEPHONE: (985) 302-3022
FACSIMILE: (985) 898-0483

May 30, 2023

Clerk of Court
24th Judicial District Court
P.O. Box 10
Gretna, Louisiana   70054

       Re:  Tameica Baker, et al v. Amazon Logistics, Inc., et al
             Case No. 841-151 "E"

Dear Sirs:

    In connection with your recent correspondence, we enclose our firm's checks as follows: $150.00 made payable to the "Louisiana Secretary of State", $121.32 made payable to the "East Baton Rouge Sheriff", $60.00 to the "New Orleans Civil Sheriff" and $75.75 to the "St. Tammany Parish Sheriff" for payment of service fees.   We have enclosed a copy of your email for reference.

    Thank you for your courtesies in advance.

    With kind regards, I remain

*Rec'd via 6/5/23*
*SOS - 150.00 CK# 2820*
*EBRS - 121.32 CK# 2821*

Sincerely,

Susan Passauer
Paralegal to Timothy R. Richardson

SGP/
Enclosure

*OPSO - 60.00 CK# 2822*
*STPSO - 75.75 CK 2823*

07/03/2023 16:53:10 CERTIFIED TRUE COPY - Pg:21 of 22 - Jefferson Parish Clerk of Court - ID:2387315

**Angela P. Ingraffia**

| | |
|---|---|
| **From:** | Susan Passauer <susan@rlgroup-law.com> |
| **Sent:** | Tuesday, May 30, 2023 12:08 PM |
| **To:** | Angela P. Ingraffia; Tim Richardson |
| **Subject:** | RE: EFile Case: 841151 E |

Received and check being issued.

Susan
*Susan G. Passauer*
*Paralegal to Timothy R. Richardson*
P.O. Box 310
Madisonville, Louisiana 70447
Phone: 985-302-3020
Fax: 985-898-0483
Mobile: 504-451-4943

**From:** Angela P. Ingraffia <aingraffia@jpclerkofcourt.us>
**Sent:** Tuesday, May 30, 2023 9:01 AM
**To:** Tim Richardson <tim@rlgroup-law.com>; Susan Passauer <susan@rlgroup-law.com>
**Subject:** EFile Case: 841151 E

**Petition for Damages UF Baker.pdf e-filed on 5/26/2023 3:05:45 PM.**

**\*PLEASE REPLY TO THIS EMAIL AND CONFIRM YOU RECEIVED IT\***

IN ORDER TO FULLY PROCESS THE PETITION WE WILL NEED THE FOLLOWING SERVICE CHECKS:

$150.00 FOR THE SECRETARY OF STATE

$121.32 FOR THE EAST BATON ROUGE SHERIFF

$60.00 FOR THE NEW ORLEANS CIVIL SHERIFF

$75.75 FOR THE ST TAMMANY PARISH SHERIFF

THANK YOU,

**Angela P. Ingraffia**
*Deputy Clerk of Court*
*24th JDC Civil New Suits*
*Jefferson Parish Clerk of Court*
Thomas F. Donelon Courthouse
200 Derbigny St. Ste. 2400
Gretna LA 70053
Phone: (504) 364-2967
Fax: (504) 364-3780



Please be advised that any information provided to the Jefferson Parish Clerk of Court may be subject to disclosure under the Louisiana Public Records Law. Information contained in any correspondence, regardless of its source, may be a public record subject to public inspection and reproduction in accordance with the Louisiana Public Records Law, La. Rev. Stat. 44:1 et seq.



1

**LOUISIANA CIVIL CASE REPORTING**
**Civil Case Cover Sheet - LA. R.S. 13:4688 and**
**Part G, §13, Louisiana Supreme Court General Administrative Rules**

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

TAMEICA BAKER                    vs.    AMAZON LOGISTICS, INC

**Court:** 24th Judicial District                    **Docket Number:** 841151

**Parish of Filing:** Jefferson                      **Filing Date:** 05/26/2023

**Name of Lead Petitioner's Attorney:** TIMOTHY R RICHARDSON

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** __4__        **Number of named defendants:** _15_

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

[X] Auto: Personal Injury              [ ] Auto: Property Damage
[ ] Auto: Wrongful Death               [ ] Auto: Uninsured Motorist
[ ] Asbestos: Property Damage          [ ] Asbestos: Personal Injury/Death
[ ] Product Liability                  [ ] Premise Liability
[ ] Intentional Bodily Injury          [ ] Intentional Property Damage
[ ] Intentional Wrongful Death         [ ] Unfair Business Practice
[X] Business Tort                      [ ] Fraud
[ ] Defamation                         [ ] Professional Negligence
[ ] Environmental Tort                 [ ] Medical Malpractice
[ ] Intellectual Property              [ ] Toxic Tort
[ ] Legal Malpractice                  [ ] Other Tort (describe below)
[ ] Other Professional Malpractice     [ ] Redhibition
[ ] Maritime                           [ ] Class action (nature of case)
[ ] Wrongful Death                     _____
[ ] General Negligence                 [ ] Hurricane Case

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name  TIMOTHY R RICHARDSON          Signature /s/ TIMOTHY R RICHARDSON

Address  P.O. Box 310, Madisonville, LA  70447

Phone number: 9853023022            E-mail address: tim@rlgroup-law.com; Susan@rlgroup-law.com

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

JON A. GEGENHEIMER

(101) CITATION: PETITION FOR DAMAGES; 230530-8423-4

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, INDIVIDUALLY AN ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL        Case: 841-151    Div: "E"
  versus                                          P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

 To:  AMAZON COM INC
AS PER REQUEST:
AMAZON.COM.INC
--THROUGH LOUISIANA  LONG ARM STATUTE--          LA Long Arm
CEO DOUG HERRING
410 TERRY AVE NORTH
SEATTLE WA 98109

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the
return of service hereof, under penalty of default.

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.

                              /s/ Karen F Mcevers
                              Karen F Mcevers, Deputy Clerk of Court for
                              Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                        230530-8423-4

Received:_____    Served:_____    Returned:_____

Service was made:
      ___ Personal            ___ Domicilary _____

Unable to serve:
      ___ Not at this address    ___ Numerous attempts _____ times
      ___ Vacant                 ___ Received too late to serve
      ___ Moved                  ___ No longer works at this address
      ___ No such address        ___ Need apartment / building number
      ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____



Imaged 05/30/2023 12:34 - Signed: Deputy Clerk of Court /s/ Karen F Mcevers



(101) CITATION: PETITION FOR DAMAGES;                                    230530-8424-2

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, INDIVIDUALLY AN ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL        Case: 841-151   Div: "E"
  versus                                          P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

 To:  ONTIME CARRIERS LLC
508 TALLAPOOSA ST                                 LA Long Arm
MOBILE AL 36610

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the
return of service hereof, under penalty of default.

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.

                              /s/ Karen F Mcevers
                              Karen F Mcevers, Deputy Clerk of Court for
                              Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                                    230530-8424-2

Received:_____   Served:_____   Returned:_____

Service was made:
      ___ Personal            ___ Domiciary _____

Unable to serve:
      ___ Not at this address    ___ Numerous attempts _____ times
      ___ Vacant                 ___ Received too late to serve
      ___ Moved                  ___ No longer works at this address
      ___ No such address        ___ Need apartment /  building number
      ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____



Imaged 05/30/2023 12:34 - Signed: Deputy Clerk of Court /s/ Karen F Mcevers



(101)  CITATION: PETITION FOR DAMAGES;                                    230530-8425-9

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, INDIVIDUALLY AN ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL          Case: 841-151   Div: "E"
    versus                                            P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

To:  MOHAVE TRANSPORTATION INSURANCE
COMPANY
THROUGH
OFFICER JAMES MAHONEY                              LA Long Arm
2200 S 75TH AVE
PHOENIX AZ 85043

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the
return of service hereof, under penalty of default.

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.

                        /s/ Karen F Mcevers
                        Karen F Mcevers, Deputy Clerk of Court for
                        Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101)  CITATION: PETITION FOR DAMAGES;                                    230530-8425-9

Received:_____    Served:_____    Returned:_____

Service was made:
    ___ Personal              ___ Domicilary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts _____ times
    ___ Vacant                 ___ Received too late to serve
    ___ Moved                  ___ No longer works at this address
    ___ No such address        ___ Need apartment /  building number
    ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
               Deputy Sheriff
Parish of: _____



Imaged 05/30/2023 12:34 - Signed: Deputy Clerk of Court /s/ Karen F Mcevers



(101) CITATION: PETITION FOR DAMAGES;                              230530-8426-7

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, INDIVIDUALLY AN ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL          Case: 841-151   Div: "E"
    versus                                          P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

    To: CYNTHIA KIRKSEY
    -VIA LOUISIANA LONG ARM STATUTE--
    608 FRANK E LEE AVENUE                           LA Long Arm
    MOBILE AL 36610


PARISH OF JEFFERSON


You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the
return of service hereof, under penalty of default.


This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.


                            /s/ Karen F Mcevers
                            Karen F Mcevers, Deputy Clerk of Court for
                            Jon A. Gegenheimer, Clerk of Court


_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                              230530-8426-7

Received:_____   Served:_____   Returned:_____

Service was made:
    ___ Personal          ___ Domiciliary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts _____ times
    ___ Vacant                 ___ Received too late to serve
    ___ Moved                  ___ No longer works at this address
    ___ No such address        ___ Need apartment / building number
    ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____



Imaged 05/30/2023 12:34 - Signed: Deputy Clerk of Court /s/ Karen F Mcevers



Page 1 of 1

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053
07/03/2023 17:07:36 CERTIFIED TRUE COPY - Pg:4 of 6 - Jefferson Parish Clerk of Court - ID:2387368

(101) CITATION: PETITION FOR DAMAGES;                    230530-8427-5

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, INDIVIDUALLY AN ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL       Case: 841-151   Div: "E"
  versus                                         P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

To:  B3 LOGISTICS LLC
--VIA LOUISIANA LONG ARM STATUTE--
519 EDISON DRIVE                                 LA Long Arm
PRICHARD AL 36610

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the
return of service hereof, under penalty of default.

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.

                          /s/ Karen F Mcevers
                          Karen F Mcevers, Deputy Clerk of Court for
                          Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    230530-8427-5

Received:_____   Served:_____   Returned:_____

Service was made:
    ___ Personal           ___ Domiciary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts _____ times
    ___ Vacant                 ___ Received too late to serve
    ___ Moved                  ___ No longer works at this address
    ___ No such address        ___ Need apartment / building number
    ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____



Imaged 05/30/2023 12:34 - Signed: Deputy Clerk of Court /s/ Karen F Mcevers



(101)  CITATION: PETITION FOR DAMAGES;                                    230530-8428-3

<div align="center">

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

</div>

TAMEICA BAKER, INDIVIDUALLY AN ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL          Case: 841-151    Div: "E"
   versus                                                                              P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

To: BRIAN DAVIS
--THROUGH LOUISIANA LONG ARM STATUTE--
519 EDISON DRIVE                                                   LA Long Arm
PRICHARD AL 36610

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the
return of service hereof, under penalty of default.

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.

                                     /s/ Karen F Mcevers
                                     Karen F Mcevers, Deputy Clerk of Court for
                                     Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101)  CITATION: PETITION FOR DAMAGES;                                    230530-8428-3

Received:_____   Served:_____   Returned:_____

Service was made:
   ___ Personal                    ___ Domiciary _____

Unable to serve:
   ____ Not at this address      ___ Numerous attempts _____ times
   ___ Vacant                          ___ Received too late to serve
   ___ Moved                          ___ No longer works at this address
   ___ No such address            ___ Need apartment / building number
   ___ Other _____

Service: $_____   Mileage: $_____      Total: $_____

Completed by:_____ # _____
                   Deputy Sheriff
Parish of: _____



Imaged 05/30/2023 12:34 - Signed: Deputy Clerk of Court /s/ Karen F Mcevers



(101) CITATION: PETITION FOR DAMAGES;                    230530-8432-5

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, INDIVIDUALLY AND ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL          Case: 841-151    Div: "E"
   versus                                          P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

To: GERMAINE WHITE
3600 AFTON LN
WESTWEGO LA 70094


PARISH OF JEFFERSON


You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within TWENTY-ONE (21) CALENDAR days after
the service hereof, under penalty of default.


This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.


                              /s/ Karen F Mcevers
                              Karen F Mcevers, Deputy Clerk of Court for
                              Jon A. Gegenheimer, Clerk of Court



_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    230530-8432-5

Received:_____    Served:_____    Returned:_____

Service was made:
   ___ Personal          ___ Domicilary _____

Unable to serve:
   ___ Not at this address      ___ Numerous attempts _____ times
   ___ Vacant                   ___ Received too late to serve
   ___ Moved                    ___ No longer works at this address
   ___ No such address          ___ Need apartment / building number
   ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ #_____
                        Deputy Sheriff
Parish of: _____



Imaged 05/30/2023 12:46 - Signed: Deputy Clerk of Court /s/ Karen F Mcevers



(101) CITATION: PETITION FOR DAMAGES;                          230605-9303-7

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS, ███████
███████   █████████████████
         versus
AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE          Case: 841-151    Div: "E"
COMPANY, MOHAVE TRANSPORTATION INSURANCE        P 1 TAMEICA BAKER
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

To:  AMAZON LOGISTICS INC
THROUGH ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY                    #2821 $121.32 EBR
501 LOUISIANA AVENUE
BATON ROUGE LA 70802

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

                    /s/ Donna G. Muscarello
                    Donna G. Muscarello, Deputy Clerk of Court for
                    Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                          230605-9303-7

Received:_____  Served:_____  Returned:_____

Service was made:
   ___ Personal          ___ Domiciliary _____

Unable to serve:
   ___ Not at this address    ___ Numerous attempts _____ times
   ___ Vacant                 ___ Received too late to serve
   ___ Moved                  ___ No longer works at this address
   ___ No such address        ___ Need apartment / building number
   ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____



Imaged 06/05/2023 02:02 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello



(101) CITATION: PETITION FOR DAMAGES;                          230605-9304-5

<div align="center">

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

</div>

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS, ███████ ████████

    versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE              Case: 841-151     Div: "E"
COMPANY, MOHAVE TRANSPORTATION INSURANCE            P 1 TAMEICA BAKER
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

  To:  GREAT AMERICAN ASSURANCE COMPANY
THROUGH ITS REGISTERED AGENT
LOUISIANA SECRETARY OF STATE              #2820 $150.00 S/S
8585 ARCHIVES AVENUE                      #2821 $121.32 EBR
BATON ROUGE LA 70809

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

<div align="center">

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

</div>

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                          230605-9304-5

Received:_____   Served:_____   Returned:_____

Service was made:
   ___ Personal              ___ Domiciliary _____

Unable to serve:
   ___ Not at this address     ___ Numerous attempts _____ times
   ___ Vacant                 ___ Received too late to serve
   ___ Moved                  ___ No longer works at this address
   ___ No such address         ___ Need apartment / building number
   ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ #_____
              Deputy Sheriff
Parish of: _____

*(vertical text, right margin)* Imaged 06/05/2023 02:02 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello



Page 1 of 1

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053
07/03/2023 17:55:25 CERTIFIED TRUE COPY - Pg:2 of 8 - Jefferson Parish Clerk of Court - ID:2387446

(101) CITATION: PETITION FOR DAMAGES;                          230605-9305-2

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS,

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME      Case: 841-151    Div: "E"
CARRIERS LLC, GREAT AMERICAN ASSURANCE           P 1 TAMEICA BAKER
COMPANY, MOHAVE TRANSPORTATION INSURANCE
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

To: LANCER INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT
LOUISIANA SECRETARY OF STATE            #2820 $150.00 S/S
8585 ARCHIVES AVENUE                    #2821 $121.32 EBR
BATON ROUGE LA 70809

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                          230605-9305-2

Received:_____   Served:_____   Returned:_____

Service was made:
___ Personal           ___ Domiciliary _____

Unable to serve:
___ Not at this address      ___ Numerous attempts _____ times
___ Vacant                   ___ Received too late to serve
___ Moved                    ___ No longer works at this address
___ No such address          ___ Need apartment / building number
___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ #_____
                   Deputy Sheriff
Parish of: _____

Imaged 06/05/2023 02:02 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello



(101)  CITATION: PETITION FOR DAMAGES;                    230605-9306-0

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS,

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE          Case: 841-151    Div: "E"
COMPANY, MOHAVE TRANSPORTATION INSURANCE        P 1 TAMEICA BAKER
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

To:  PRIME INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT
LOUISIANA SECRETARY OF STATE          #2820 $150.00 S/S
8585 ARCHIVES AVENUE                   #2821 $121.32 EBR
BATON ROUGE LA 70809

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

<div style="margin-left: 40%;">

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

</div>

_____SERVICE INFORMATION_____

(101)  CITATION: PETITION FOR DAMAGES;                    230605-9306-0

Received:_____   Served:_____   Returned:_____

Service was made:
___ Personal          ___ Domiciliary _____

Unable to serve:
___ Not at this address    ___ Numerous attempts _____ times
___ Vacant                 ___ Received too late to serve
___ Moved                  ___ No longer works at this address
___ No such address        ___ Need apartment / building number
___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ #_____
                    Deputy Sheriff
Parish of: _____





(101) CITATION: PETITION FOR DAMAGES; 230605-9307-8

<div align="center">

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

</div>

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS,

    versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE
COMPANY, MOHAVE TRANSPORTATION INSURANCE
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

Case: 841-151    Div: "E"
P 1 TAMEICA BAKER

To: MURZUKA AFRIDA
210 BARONNE ST
APT 816
NEW ORLEANS LA 70112

#2822 $60.00 ORLEANS

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

<div align="center">

————————————————SERVICE INFORMATION————————————————

</div>

(101) CITATION: PETITION FOR DAMAGES; 230605-9307-8

Received:_____ Served:_____ Returned:_____

Service was made:
___ Personal     ___ Domicilary _____

Unable to serve:
___ Not at this address     ___ Numerous attempts _____ times
___ Vacant     ___ Received too late to serve
___ Moved     ___ No longer works at this address
___ No such address     ___ Need apartment / building number
___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
           Deputy Sheriff

Parish of: _____



Imaged 06/05/2023 02:02 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello



(101)  CITATION: PETITION FOR DAMAGES;                                230605-9308-6

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS, ███████████

versus
AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME      Case: 841-151     Div: "E"
CARRIERS LLC, GREAT AMERICAN ASSURANCE
COMPANY, MOHAVE TRANSPORTATION INSURANCE         P 1 TAMEICA BAKER
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

To: JUSTIN WALKER
1621 COLISEUM ST                                 #2822 $60.00 ORLEANS
NEW ORLEANS LA 70130

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101)  CITATION: PETITION FOR DAMAGES;                                230605-9308-6

Received:_____     Served:_____     Returned:_____

Service was made:
___ Personal                    ___ Domiciliary _____

Unable to serve:
___ Not at this address       ___ Numerous attempts _____ times
___ Vacant                    ___ Received too late to serve
___ Moved                     ___ No longer works at this address
___ No such address           ___ Need apartment /  building number
___ Other _____

Service: $_____     Mileage: $_____     Total: $_____

Completed by:_____ # _____
                        Deputy Sheriff
Parish of: _____



Imaged 06/05/2023 02:02 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello



(101) CITATION: PETITION FOR DAMAGES; 230605-9309-4

<div align="center">

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

</div>

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS, ▆▆▆▆▆▆▆

   versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE     Case: 841-151    Div: "E"
COMPANY, MOHAVE TRANSPORTATION INSURANCE    P 1 TAMEICA BAKER
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

To: MICHAEL DAVIS
12344 PARMA CIRCLE                   #2823 $75.75 ST TAMMANY
COVINGTON LA 70435

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

                        /s/ Donna G. Muscarello
                        Donna G. Muscarello, Deputy Clerk of Court for
                        Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;             230605-9309-4

Received:_____    Served:_____    Returned:_____

Service was made:
      ___ Personal           ___ Domiciliary _____

Unable to serve:
      ___ Not at this address    ___ Numerous attempts _____ times
      ___ Vacant             ___ Received too late to serve
      ___ Moved             ___ No longer works at this address
      ___ No such address     ___ Need apartment / building number
      ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
              Deputy Sheriff
Parish of: _____



Imaged 06/05/2023 02:02 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello



(101) CITATION: PETITION FOR DAMAGES;                    230605-9310-2

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS, ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮

versus

| | |
|---|---|
| AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME CARRIERS LLC, GREAT AMERICAN ASSURANCE COMPANY, MOHAVE TRANSPORTATION INSURANCE COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC, BRIAN DAVIS, LANCER INSURANCE COMPANY, PRIME INSURANCE COMPANY, MICHAEL DAVIS, MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA, GERMAINE WHITE | Case: 841-151     Div: "E"  P 1 TAMEICA BAKER |

To: RENEE MOTA
70404 8TH ST                                    #2823 $75.75 ST TAMMANY
COVINGTON LA 70433

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    230605-9310-2

Received:_____    Served:_____    Returned:_____

Service was made:
___ Personal          ___ Domiciliary _____

Unable to serve:
___ Not at this address    ___ Numerous attempts _____ times
___ Vacant                 ___ Received too late to serve
___ Moved                  ___ No longer works at this address
___ No such address        ___ Need apartment / building number
___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ #_____
                       Deputy Sheriff
Parish of: _____



Imaged 06/05/2023 02:02 - Signed: Deputy Clerk of Court /s/ Donna G. Muscarello



(101) CITATION: PETITION FOR DAMAGES; 230530-8432-5

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, INDIVIDUALLY AND ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL        Case: 841-151    Div: "E"
   versus                                         P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

To: GERMAINE WHITE
3600 AFTON LN                        FILED FOR RECORD 06/07/2023 11:23:16
WESTWEGO LA 70094                    Courtney T. Boudreaux DY CLERK
                                     JEFFERSON PARISH LA

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within TWENTY-ONE (21) CALENDAR days after
the service hereof, under penalty of default.

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.

/s/ Karen F Mcevers
Karen F Mcevers, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) CITATION: PETITION FOR DAMAGES; 230530-8432-5

Received MAY 3 1 2023 Served JUN 0 1 2023 Returned: JUN 0 1 2023

Service was made:
____ Personal
__X__ Domiciliary

Unable to serve:
____ Not at this address        ____ Numerous attempts _____ times
____ Vacant                     ____ Received too late to serve
____ Moved                      ____ No longer works at this address
____ No such address            ____ Need apartment / building number
____ Other _____

Service: $ 30 ____ Mileage: $ 1 ____ Total: $ 30 ____
Completed by: _____ # _____
Parish of: _____ Deputy Sheriff    Dep. C. Longworth #116047
                                           J.P.S.O



SERVICE COPY 1 / (RETURN COPY)

FILED FOR RECORD 06/14/2023 11:24:18
Courtney T. Boudreaux DY CLERK
JEFFERSON PARISH LA

(101) CITATION: PETITION FOR DAMAGES;                    230605-9308-6

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS, ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE          Case: 841-151    Div: "E"
COMPANY, MOHAVE TRANSPORTATION INSURANCE        P 1 TAMEICA BAKER
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

To: JUSTIN WALKER
1621 COLISEUM ST                                #2822 $60.00 ORLEANS
NEW ORLEANS LA 70130

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INF(          (26) 841-151 - Service Date 06/12/2023 Time 11:59 AM
                                            JUSTIN WALKER
(101) CITATION: PETITION FOR DAMAGES;
                                            Not Served at 1621 COLISEUM ST
Received:_____  Served:_____  Returned:_____   Keith Claiborne # 348, Orleans
                                            Citation & Petition; Serial# 1;
Service was made:                           Spoke w/ Landlord. subject lives here, but works at
____ Personal          ____ Domiciliary _____   Amazon, all kinds of hours

Unable to serve:
     ____ Not at this address   ____ Numerous attempts ____ ti
     ____ Vacant                ____ Received too late to serve   Signature
     ____ Moved                 ____ No longer works at this addr
     ____ No such address       ____ Need apartment / building n
     ____ Other _____

Service: $_____  Mileage: $_____  Total: $_____

Completed by:_____ # _____   Orleans Parish Sheriff's Office
              Deputy Sheriff                                 RCVD 23JUN6PH1:59
Parish of: _____

26 841-151 / 1 / 9236                    Badge # 348

26 / TC



Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

(101) CITATION: PETITION FOR DAMAGES;        230605-9308-6

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR, KALILA BAKER, SHUSHANA EDWARDS, ███████

    versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME CARRIERS LLC, GREAT AMERICAN ASSURANCE COMPANY, MOHAVE TRANSPORTATION INSURANCE COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC, BRIAN DAVIS, LANCER INSURANCE COMPANY, PRIME INSURANCE COMPANY, MICHAEL DAVIS, MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA, GERMAINE WHITE

Case: 841-151     Div: "E"
P 1 TAMEICA BAKER

To: JUSTIN WALKER
1621 COLISEUM ST
NEW ORLEANS LA 70130

#2822 $60.00 ORLEANS

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) CITATION: PETITION FOR DAMAGES;       230605-9308-6

Received:_____   Served:_____   Returned:_____

Service was made:
    ___ Personal        ___ Domicilary _____

Unable to serve:
    ___ Not at this address     ___ Numerous attempts _____ times
    ___ Vacant               ___ Received too late to serve
    ___ Moved               ___ No longer works at this address
    ___ No such address      ___ Need apartment / building number
    ___ Other _____

Service: $_____     Mileage: $_____     Total: $_____

Completed by:_____ # _____
               Deputy Sheriff
Parish of: _____



Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:2 of 22 - Jefferson Parish Clerk of Court - ID:2387381

835

24TH JUDICIAL DISTRICT COURT
FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 841-151                                    DIVISION   **E**

TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND,
ALRICK BAKER; ALRICK BAKER, JR INDIVIDUALLY AND ON BEHALF OF HIS
DECEASED FATHER ALRICK BAKER.; KALILA BAKER INDIVIDUALLY AND ON
BEHALF OF HER DECEASED FATHER ALRICK BAKER; AND SHUSHANA EDWARDS
ON BEHALF OF THE MINOR CHILDREN ▬▬▬▬▬ AND ▬▬▬
INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK BAKER

VS.

AMAZON LOGISTICS, INC; AMAZON.COM.INC; ONTIME CARRIERS, LLC; GREAT
AMERICAN ASSURANCE COMPANY; MOHAVE TRANSPORTATION INSURANCE
COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS; LANCER
INSURANCE COMPANY; PRIME INSURANCE COMPANY; MICHAEL DAVIS;
MURZUKA AFRIDA; JUSTIN WALKER; RENEE MOTA; and GERMAINE WHITE

FILED: _____

_____
DEPUTY CLERK

PETITION FOR DAMAGES

1.

Made petitioner herein is TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF

HER DECEASED HUSBAND, ALRICK BAKER, a person of the full age of majority and

domiciled in the Parish of Jefferson, State of Louisiana.

2.

Made petitioner herein is ALRICK BAKER, JR INDIVIDUALLY AND ON BEHALF OF

HIS DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled

in the State of Florida.

3.

Made Petitioner herein is KALILA BAKER INDIVIDUALLY AND ON BEHALF OF HER

DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the

PETITION FOR DAMAGES
Baker v. Amazon, 24th JDC No.
Page - 1 -



06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:1 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:3 of 22 - Jefferson Parish Clerk of Court - ID:2387381

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

State of Florida.

4.

Made Petitioner herein is KALILA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the State of Florida.

5.

Made Petitioner herein is SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ▮▮▮▮▮ AND ▮▮▮▮▮▮▮ INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the State of Florida.

6.

Made defendant herein is AMAZON LOGISTICS, INC (AMAZON LOGISTICS), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

7.

Made defendant herein is AMAZON.COM, INC. (AMAZON.COM), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

8.

AMAZON.COM and AMAZON LOGISTICS are hereinafter referred to as AMAZON.

9.

Made defendant is ONTIME CARRIERS, LLC (ONTIME), a foreign limited liability company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:2 of 22 - Jefferson Parish Clerk of Court - ID:2387260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:4 of 22 - Jefferson Parish Clerk of Court - ID:2387381

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

10.

Made defendant herein is GREAT AMERICAN ASSURANCE COMPANY (GREAT AMERICAN), a foreign insurance company authorized to do and doing business in the Parish of Jefferson State of Louisiana.

11.

Made defendant herein is MOHAVE TRANSPORTATION INSURANCE COMPANY (MOHAVE), a foreign insurance company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

12.

Made defendant herein is CYNTHIA KIRKSEY (KIRKSEY), a person of the full age of majority and domiciled in the State of Alabama.

13

Made defendant herein is B3 LOGISTICS, LLC (B3), a foreign limited liability company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

14.

Made defendant herein is BRIAN DAVIS (DAVIS), a person of the full age of majority and domiciled in the State of Alabama.

15.

Made defendant herein is PRIME INSURANCE COMPANY (PRIME), a foreign company authorized to do and doing business in the Parish of Jefferson.

16.

**PETITION FOR DAMAGES**
Baker v. Amazon, 24ᵗʰ JDC No.
Page - 3 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:3 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:5 of 22 - Jefferson Parish Clerk of Court - ID:2387381

Made defendant herein is LANCER INSURANCE COMPANY (LANCER), a foreign insurance company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

17.

Made defendant herein is MICHAEL DAVIS (DAVIS) a person of the full age of majority and domiciled in the state of Louisiana.

18.

Made defendant herein is MURZUKA AFRIDA (AFRIDA) a person of the full age of majority and domciled in the State of Louisiana

19.

Made defendant herein is JUSTIN WALKER (WALKER) a person of the full age of majority and domiciled in the State of Louisiana.

20.

Made defendant herein is RENEE MOTA (MOTA) a person of the full age of majority and domiciled in the State of Louisiana.

21.

Made defendant herein is GERMAINE WHITE (WHITE) a person of the full age of majority and domiciled in the State of Louisiana.

22.

Hereinafter, DAVIS, AFRIDA, WALKER, MOTA and WHITE are referred to as AMAZON SUPERVISORS.

PETITION FOR DAMAGES
Baker v. Amazon, 24ᵗʰ JDC No.
Page - 4 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:4 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:6 of 22 - Jefferson Parish Clerk of Court - ID:2387381

23.

Venue is appropriate in this jurisdiction because the negligence subject matter of this litigation initiated in the Parish of Jefferson and because ALRICK BAKER was domiciled in Jefferson at the time of his death and a claim is being made against his underinsured motorist carrier.

24.

The defendants are indebted onto your petitioners jointly, severally, and in solido for the following reasons to-wit:

25.

On June 4, 2023, B3 and/or DAVIS had a contract with AMAZON to pick up a fully marked and identified trailer owned by AMAZON with AMAZON logos and markings in Jefferson Parish Louisiana and transport the unloaded trailer to Alabama.

26.

Per agreement and in actuality AMAZON had the right to control the work of B3 and/or DAVIS including (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control.

27.

The tractor owned by B3 and/or DAVIS, however, was out of service and hence KIRKSEY and ONTIME engaged in the pickup of the trailer.

28.

KIRKSEY was driving the vehicle owned by ONTIME.

**PETITION FOR DAMAGES**
Baker v. Amazon, 24th JDC No.
Page - 5 -

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:5 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:7 of 22 - Jefferson Parish Clerk of Court - ID:2387381

29.

KIRKSEY and ONTIME traveled to the loading facility owned and operated by AMAZON.

30.

KIRKSEY and ONTIME arrived in the late evening of June 4 or early Morning of June 5.

31.

AMAZON had care, custody and control over the facility including, but not limited to ingress, egress, loading, unloading, security, transport, transfer, pickup and delivery.

32.

When KIRKSEY and ONTIME arrived, AMAZON allowed, authorized and facilitated KIRKSEY and ONTIME to attach the trailer owned by AMAZON to the tractor owned by ONTIME and operated by KIRKSEY.

33.

The trailer was fully marked with AMAZON logos, trademarks, markings, advertising AMAZON'S business and was being pulled for the benefit, direction, use and furtherance of the business of AMAZON.

34.

KIRKSEY and ONTIME, however, were not the entities contracted to pick up the trailer.

35.

AMAZON allowed an unauthorized entity and individual into the facility and allowed the trailer to leave with KIRKSEY and ONTIME who had no prior authorization, ability or control or contract to transport the trailer.

PETITION FOR DAMAGES
Baker v. Amazon, 24ᵗʰ JDC No.
Page - 6 -

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:6 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:8 of 22 - Jefferson Parish Clerk of Court - ID:2387381

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

36.

The actions of AMAZON were a violation of Louisiana law and also a violation of the policies and procedures of AMAZON.

37.

But for AMAZON Breaching its policies and Louisiana law the trailer would not have left the AMAZON facility with KIRSKEY and ONTIME.

38.

The trailer, did, however, leave and KIRKSEY and ONTIME traveled from Louisiana back to Alabama utilizing Interstate 10.

39.

When KIRKSEY and ONTIME reached at or near mile marker 41 traveling eastbound in or near the city of Biloxi, Mississippi, around 3:47 am KIRSEY was in the left lane in the three lane travel.

40.

KIRKSEY and ONTIME approached a vehicle owned and operated by ALRICK BAKER also traveling eastbound in the middle lane.

41.

KIRKSEY and ONTIME attempted to pass the BAKER vehicle but entered into his lane of travel causing the trailer which was owned by AMAZON to strike the BAKER vehicle.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

42.

The AMAZON trailer became stuck onto the BAKER vehicle and forced both vehicles off the road, across the right lane and onto the grassy shoulder, striking two trees and causing the Baker vehicle to become engulfed in flames.

43.

BAKER sustained catastrophic injury including severe burns to almost his entire body.

44.

BAKER was on the scene for a substantial period of time in agonizing and excruciating pain.

45.

He was eventually airlifted to the hospital.

46.

BAKER died on June 6, 2022 from substantial thermal burns.

47.

BAKER was only 39 years of age at the time of his demise.

48.

BAKER is survived by his widow, TAMEICA BAKER; his adult children, ALRICK BAKER, JR. and KALILA BAKER and two minor children through their mother ████████ AND ████████ through their mother SHUSHANA EDWARDS.

49.

Plaintiffs have sustained substantial loss as further indicated below for themselves, for the

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:8 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:10 of 22 - Jefferson Parish Clerk of Court - ID:2387381

wrongful death and survival action of their father due to the actions and inactions of defendants.

50.

AMAZON and had a duty to ensure that those retrieving cargo were authorized, under contract and had permission to remove items from its facility.   This was also a policy and requirement of AMAZON.

51.

AMAZON breached this legal duty which such cause was a legal cause and cause in fact of injuries/damages to your petitioners

52.

AMAZON committed the following non-exclusive acts of negligence to-wit:

a)   Allowing an individual and entity not authorized to retrieve a trailer;
b)   Failing to have proper security;
c)   Failure to follow proper protocols;
d)   Failure to provide quality control;
e)   Failure to properly supervise employees;
f)   Failure to properly train;
g)   Failing to stop a tractor from leaving a facility without proper clearance;
h)   Failure to conduct clearance checks;
i)   Failure to inspect credentials;
j)   Failure to verify bills of lading and transport documents;
k)   Any and all other acts of negligence which are inherent in these pleadings or which may be proven at trial in derogation of the laws of Parish of Jefferson and the State of Louisiana.

53.

But for the actions of AMAZON, the trailer would not have left the facility with KIRSEY and ONTIME and the collision between KIRSEY/ONTIME and BAKER would not have occurred.

54.

AMAZON SUPERVISORS had a duty to ensure that employees were trained and supervised

PETITION FOR DAMAGES
Baker v. Amazon, 24th JDC No.
Page - 9 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

correctly; instructed on policy and procedure and to prevent unauthorized removal of AMAZON equipment.

### 55.

AMAZON SUPERVISORS breached this duty which such breach was a legal cause and cause in fact of the injuries and damages to Petitioners.

### 56.

AMAZON SUPERVISORS committed the following non-exclusive acts of negligence to-wit:

a) Failure to prevent unauthorized individuals/entities from retrieving AMAZON equipment;
b) Failure to train those working in the facility on proper procedure;
c) Failure to supervise those working in the AMAZON facility;
d) Failure to properly secure the AMAZON facility;
e) Failure to ensure all those working in the AMAZON facility were properly versed on obligations;
f) Personally failing to inspect, secure or otherwise prevent equipment from leaving unauthorized;
g) Personally failing to adhere to their duties as supervisors of AMAZON by creating, implementing and asserting improper polices which led to KIRSKEY and ONTIME'S unauthorized activity;
h) Plaintiffs specifically plead that these individuals had an independent duty and that their actions in breaching that duty was a cause in fact of the injuries to Petitioners
i) But for the individual actions of the AMAZON SUPERVISORS the plaintiffs would not have sustained damages;
j) The AMAZON supervisors were either present at the site when the unauthorized transferred occurred or were in the chain of command and responsible and had control of the release of the trailer to prevent same from occurring;
k) Plaintiffs plead the independent negligence of each of these supervisors separate and apart from their vicarious liability as employees of AMAZON; and
l) Petitioners aver that the AMAZON SUPERVISORS also committed violations of law inherent in these pleadings or which may appear through discovery in violation of law

### 57.

At all material times, the AMAZON SUPERVISORS were direct employees of AMAZON, were conducting the business of AMAZON, were being paid by AMAZON, and were in the furtherance of the business of AMAZON and hence AMAZON is vicariously liable for the actions

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

and inactions of the AMAZON SUPERVISORS and petitioners also plead the theory of respondeat superior.

58.

KIRKSEY and ONTIME had a duty to ensure that they operated a tractor and trailer in a safe and prudent manner including but not limited to avoiding striking the vehicle operated by BAKER.

59.

KIRKSEY and ONTIME breached this legal duty which such breach was a legal cause and cause in fact of injuries/damages to your petitioners.

60.

KIRKSEY and ONTIME committed the following non-exclusive acts of negligence to-wit:

a) Failing to maintain control of a vehicle and/or failing to properly legally operate a vehicle;
b) Operating a vehicle in a careless manner;
c) Failing to stop a vehicle as required by law;
d) Driving at an excessive speed under the circumstances which caused a collision
e) Failing to maintain a safe and proper lookout
f) Failing to see what she should have seen
g) Failing to observe the vehicle occupied by BAKER
h) Failing to exercise reasonable vigilance;
i) Failing to maintain control of a lane;
j) Improper merging
k) Failing to obey the traffic laws
l) Any and all other acts of negligence which are inherent in these pleadings or which may be proven at trial in derogation of law

61.

DAVIS and B3 had a duty to adhere to its agreement with AMAZON to obtain and transport the trailer from Louisiana.

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:11 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:13 of 22 - Jefferson Parish Clerk of Court - ID:2387381

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

62.

DAVIS and B3 breached this duty which said breach was a legal cause and a cause in fact of injuries/damages to your petitioners.

63.

DAVIS and B3 committed the following non-exclusive acts of negligence to-wit:

a)   Failing to complete a contract
b)   Authorizing another person/entity to complete a contract to which it was obligated
c)   Failure to supervise the pickup and transportation of the trailer
d)   Failure to ensure safe delivery of a trailer
e)   Failure to monitor KIRKSEY and ONTIME on pickup and delivery of trailer
f)   Creating a situation, along with AMAZON where KIRKSEY and ONTIME obtained a trailer and transported it without authorization
g)   Any and all other acts of negligence which are inherent in these pleadings or which may appear at the trial of this matter in derogation of the law

64.

At all material times hereto B3 had the right to control the work of KIRLSEY and ONTIME including (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control.

65.

At all material times hereto B3 and DAVIS were acting in furtherance of the business of AMAZON in acting toward and having KIRSKEY and ONTIME pickup and deliver a trailer owned by AMAZON with the advertisement of those entities on the trailer which caused the collision.

66.

In addition to the independent negligence of AMAZON, plaintiffs specifically plead that AMAZON is vicariously liable for the actions and inactions of B3 and DAVIS and liable under the theory of respondeat superior

**PETITION FOR DAMAGES**
Hingle v. Lyndon 24th JDC NO.
Page - 12 -

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:12 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:14 of 22 - Jefferson Parish Clerk of Court - ID:2387381

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

67.

At all material times hereto AMAZON had KIRSKEY and ONTIME pulling a trailer owned by AMAZON which contained the logos of AMAZON and is responsible for the action and inactions of KIRSEY and ONTIME.

68.

At all material times hereto KIRSKEY and ONTIME were acting in furtherance of the business of AMAZON in physically transporting a trailer owned by AMAZON and delivering that trailer with the advertisement of those entities on the trailer which caused the collision.

69.

Once AMAZON breached its duties and allowed KIRKSEY and ONTIME to leave the AMAZON yard with its marked trailer, without any load, effectively a traveling billboard and without a contract, without written permission and against protocol, AMAZON became vicariously liable for the action and inactions of KIRKSEY and ONTIME.

70.

AMAZON was clearly obtaining a benefit for itself by transportation of its trailer for advertisement for relocation and for logistical reasons and is responsible for injury sustained to plaintiffs in connection with AMAZON'S business venture and advertisement.

71.

AMAZON owned the facility where the trailer was picked up. AMAZON had sole and absolute control over that location. They had control over (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

72.

AMAZON had absolute ability to prevent selection and engagement of ONTIME and KIRKSEY taking the trailer; to prevent payment of wages; to dismiss and terminate the transport by preventing them leaving the facility with the trailer; and complete control over who took the trailer. AMAZON exercised its control in allowing the trailer to leave with KIRKSEY and ONTIME.

73.

AMAZON had no written agreement with ONTIME or KIRSEY limiting the engagement or making them independent contractors and it was the action of AMAZON which set in motion a sequence of events which led to the death of BAKER.

74.

In addition to the independent negligence of AMAZON, Plaintiffs specifically plead that AMAZON are vicariously liable for the actions and inactions of KIRKSEY and ONTIME and liable under the theory of respondeat superior.

75.

B3 and DAVIS had control over the actions and inactions of KIRKSEY and ONTIME in authorizing ONTIME and KIRSEY to pick up the trailer on its behalf.

76.

Petitioners aver that B3 and DAVIS generated a financial and business benefit from KIRKSEY and ONTIME assisting in transportation.

77.

Petitioners also aver that B3 and DAVIS acted as a joint venture, partnership and enterprise

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON



**PETITION FOR DAMAGES**
Hingle v. Lyndon 24th JDC NO.
Page - 14 -

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:14 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:16 of 22 - Jefferson Parish Clerk of Court - ID:2387381

and hence a single entity both solidarily liable for their actions as a single entity and for which AMAZON is likewise vicariously liable due to AMAZON'S control over the entities.

78.

At all material times hereto, MOHAVE had in full force and effect a policy of liability insurance in favor of AMAZON; KIRKSEY, ONTIME, AMAZON SUPERVISORS, B3 and DAVIS as direct and/or omnibus insureds providing insurance coverage for the actions/inactions of AMAZON; KIRKSEY, ONTIME, B3 and BAKER which enures to the benefit of plaintiff and those similarly situated and as such MOHAVE is made a direct defendant pursuant to the Louisiana Direct Action Statute.

79.

At all material times hereto, LANCER had in full force and effect a policy of liability insurance in favor of AMAZON; KIRSEY, ONTIME, AMAZON SUPERVISORS, B3 and DAVIS as direct and/or omnibus insureds providing insurance coverage for the actions/inactions of AMAZON; KIRSEY, ONTIME, B3 and BAKER which enures to the benefit of plaintiff and those similarly situated and as such LANCER is made a direct defendant pursuant to the Louisiana Direct Action Statute.

80.

LANCER is responsible due to its policy of insurance; for commercial general liability but also because ONTIME and KIRKSEY were operating at the direction and request of DAVIS and B3 and because the vehicle driven by ONTIME and KIRKSEY was a temporary substitute vehicle as DAVIS and B3's vehicle was inoperable.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:15 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:17 of 22 - Jefferson Parish Clerk of Court - ID:2387381

81.

At all material times hereto, GREAT AMERICAN had in full force and effect a policy of liability insurance in favor of AMAZON; KIRKSEY, ONTIME, AMAZON SUPERVISORS, B3 and DAVIS as direct and/or omnibus insureds providing insurance coverage for the actions/inactions of AMAZON; KIRKSEY, ONTIME, B3 and BAKER which enures to the benefit of plaintiff and those similarly situated and as such GREAT AMERICAN is made a direct defendant pursuant to the Louisiana Direct Action Statute.

82.

At all material times hereto, PRIME had in full force and effect a policy of uninsured/underinsured/medical payments insurance in favor of petitioners in the event that any of the defendants AMAZON; AMAZON SUPERVISORS; KIRKSEY, ONTIME, B3 or DAVIS was uninsured/underinsured which enures to the benefit of petitioners and as such PRIME is also made a direct defendant in that capacity as well, petitioners averring that the defendants are underinsured in this matter and that they are entitled to additional relief from PRIME for their damages which exceed any underlying insurance coverage, if any.

83.

As a result of the actions/inactions of defendant, petitioners have been caused to sustain the following damages including but not limited to damages for the wrongful death AND survival damages which include their own losses and those sustained by BAKER which enure to them which include but are not limited to the following:

a)     Individual past, present and future pain and suffering
b)     BAKER physical pain and suffering
c)     Individual mental anguish and anxiety
d)     BAKER mental anguish and anxiety
e)     BAKER past, present and future loss of earnings
f)     BAKER past, present and future loss of earning capacity
g)     Funeral expenses



PETITION FOR DAMAGES
Hingle v. Lyndon 24th JDC NO.
Page - 16 -

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:16 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:18 of 22 - Jefferson Parish Clerk of Court - ID:2387381

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

h) Loss of consortium of father and husband
i) Loss of service and society
j) Individual loss of enjoyment of life
k) BAKER loss of enjoyment of life
l) Property damage to tractor owned by BAKER
m) BAKER conscious pain and suffering
n) Individual loss of financial support
TOTAL                                                      REASONABLE

84.

WHEREFORE, plaintiffs, TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER

DECEASED HUSBAND, ALRICK BAKER; ALRICK BAKER, JR INDIVIDUALLY AND ON

BEHALF OF HIS DECEASED FATHER ALRICK BAKER.; KALILA BAKER INDIVIDUALLY

AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER; AND SHUSHANA

EDWARDS ON BEHALF OF THE MINOR CHILDREN                      AND

█████████   INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK

BAKER pray that:

A)   The defendants herein, AMAZON LOGISTICS, INC; AMAZON.COM.INC; ONTIME

CARRIERS, LLC; GREAT AMERICAN INSURANCE GROUP; MOHAVE

TRANSPORTATION INSURANCE COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS,

LLC; BRIAN DAVIS; LANCER INSURANCE COMPANY; PRIME INSURANCE

COMPANY; MICHAEL DAVIS; MURZUKA AFRIDA; JUSTIN WALKER; RENEE

MOTA; and GERMAINE WHITE be duly cited with a copy of this petition and be required

to answer same in accordance with the law

B)   After due delays and proceedings had there be judgment herein in favor of plaintiffs,

TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED

HUSBAND, ALRICK BAKER; ALRICK BAKER, JR INDIVIDUALLY AND ON

BEHALF OF HIS DECEASED FATHER ALRICK BAKER.; KALILA BAKER

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:17 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:19 of 22 - Jefferson Parish Clerk of Court - ID:2387381

INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER;

AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ███████

███████████████ INDIVIDUALLY AND ON BEHALF OF THEIR

DECEASED FATHER ALRICK BAKER and against Defendants AMAZON LOGISTICS,

INC; AMAZON.COM.INC; ONTIME CARRIERS, LLC; GREAT AMERICAN

INSURANCE GROUP; MOHAVE TRANSPORTATION INSURANCE COMPANY;

CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS; LANCER INSURANCE

COMPANY; PRIME INSURANCE COMPANY; MICHAEL DAVIS; MURZUKA

AFRIDA; JUSTIN WALKER; RENEE MOTA; and GERMAINE WHITE , jointly,

severally, and in solido for all damages necessary and appropriate in the premises; for

judicial interest from the date of judicial demand; for all costs of these proceedings; and

C)    For all general and equitable relief.

Respectfully submitted:

Timothy Richardson  (#27625)
P.O. Box 310
Madisonville, La 70447
Telephone:  985-302-3021
Fax: 504 335 2275

Physical

422 East Lockwood, 2ⁿᵈ Floor
Covington, La 70433

PLEASE SERVE:

AMAZON LOGISTICS, INC;
through its registered agent CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

PETITION FOR DAMAGES
Hingle v. Lyndon  24ᵗʰ  JDC NO.
Page - 18 -

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:18 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:20 of 22 - Jefferson Parish Clerk of Court - ID:2387381

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

AMAZON.COM.INC;
through Louisiana Long Arm Statute
CEO Doug Herring
410 Terry Ave. North,
Seattle, WA 98109

ONTIME CARRIERS, LLC;
508 Tallapoosa St.
Mobile, Al 36610

GREAT AMERICAN ASSURANCE COMPANY;
Through its registered agent Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

MOHAVE TRANSPORTATION INSURANCE COMPANY
through officer James Mahoney
2200 S. 75th Ave.
Phoenix AZ 85043

CYNTHIA KIRKSEY;
via Louisiana Long Arm Statute
608 Frank E Lee Avenue
Mobile, Al 36610

B3 LOGISTICS, LLC;
via Louisiana Long Arm Statute
519 Edison Drive
Prichard, Al 36610

BRIAN DAVIS
through Louisiana Long Arm Statute
519 Edison Drive
Prichard, Al 36610

LANCER INSURANCE COMPANY;
Through its registered agent Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

PRIME INSURANCE COMPANY
Through its registered agent Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

MURZUKA AFRIDA;
210 Baronne St Apt 816
New Orleans, LA 70112-1746

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027825 TIMOTHY R RICHARDSON

PETITION FOR DAMAGES
Hingle v. Lyndon 24ᵗʰ JDC NO.
Page - 19 -

JUSTIN WALKER
1621 Coliseum St
New Orleans, La 70130

MICHAEL DAVIS
12344 Parma Circle
Covington, La 70435

RENEE MOTA;
70404 8th St
Covington, Louisiana, 70433

GERMAINE WHITE
3600 Afton Ln,
Westwego, LA 70094

24th E-Filed: 05/26/2023 15:05 Case: 841151  DivrE Atty:027625 TIMOTHY R RICHARDSON

**PETITION FOR DAMAGES**
Hingle v. Lyndon  24ᵗʰ JDC NO.
Page - 20 -

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:20 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:11:18 CERTIFIED TRUE COPY - Pg:22 of 22 - Jefferson Parish Clerk of Court - ID:2387381

TAMEICA BAKER INDIVIDUALLY
AND ON BEHALF OF HER DECEASED
HUSBAND, ALRICK BAKER; ALRICK
BAKER, JR. INDIVIDUALLY AND ON
BEHALF OF HIS DECEASED FATHER
ALRICK BAKER; KALILA BAKER
INDIVIDUALLY AND ON BEHALF OF
HER DECEASED FATHER ALRICK
BAKER; AND SHUSHANA EDWARDS
ON BEHALF OF THE MINOR
CHILDERN ███████████ AND
██████████████ INDIVIDUALLY
AND ON BEHALF OF THEIR
DECEASED FATHER ALRICK BAKER

VS.

AMAZON LOGISTICS, INC.;
AMAZON.COM INC.; ONTIME
CARRIERS, LLC; GREAT AMERICAN
ASSURANCE COMPANY; MOHAVE
TRANSPORTATION INSURANCE
COMPANY; CYNTHIA KIRKSEY; B3
LOGISTICS, LLC; BRIAN DAVIS;
LANCER INSURANCE COMPANY;
PRIME INSURANCE COMPANY;
MICHAEL DAVIS; MURZUKA AFRIDA;
JUSTIN WALKER; RENEE MOTA; AND
GERMAINE WHITE

CASE NO. 841151, DIVISION "E"

24TH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

---

### AMAZON'S NOTICE OF REMOVAL

Notice is hereby given under 28 U.S.C. § 1441, *et seq.*, that Defendant Amazon Logistics, Inc. ("Amazon") has filed a Notice of Removal of this action in and to the United States District Court for the Eastern District of Louisiana on the 19th day of May, 2023, a copy of which is attached as Exhibit "A," and has been served on all adverse parties. In accordance with the terms of 28 U.S.C. § 1446, this Honorable Court shall proceed no further with the action bearing Docket No. 841151, Division "E."

*[Signature Block on Following Page]*

24th E-Filed: 06/15/2023 13:14 Case: 841151 Div:E Atty:036520 VICTORIA J CVITANOVIC



Respectfully submitted,

_____

Respectfully submitted,
H. Jake Rodriguez (La. Bar No. 27867)
Mark Assad (La. Bar No. 35029)
Donald G. Cassels, III (La. Bar No. 33765)
Victoria J. Cvitanovic (La. Bar No. 36520)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
400 Poydras Street, Suite 2250
New Orleans, Louisiana 70130
504.702.1710 (Direct)
504.702.1715 (Facsimile)
jake.rodriguez@wilsonelser.com
mark.assad@wilsonelser.com
donald.cassels@wilsonelser.com
victoria.cvitanovic@wilsonelser.com

*Attorneys for Amazon Logistics, Inc.*

283526180v.1

**CERTIFICATE OF SERVICE**

I certify that the foregoing pleading has been served via electronic mail on all known

counsel of record on June 15, 2023.

_____

Victoria J. Cvitanovic (La. Bar No. 36520)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, ALRICK BAKER; ALRICK BAKER, JR. INDIVIDUALLY AND ON BEHALF OF HIS DECEASED FATHER ALRICK BAKER; KALILA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER; AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDERN ███████ AND ██████████ INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK BAKER** | **CASE NO.** <br><br> **JUDGE** <br><br> **MAG. JUDGE** |
| **VS.** | |
| **AMAZON LOGISTICS, INC.; AMAZON.COM INC.; ONTIME CARRIERS, LLC; GREAT AMERICAN ASSURANCE COMPANY; MOHAVE TRANSPORTATION INSURANCE COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS; LANCER INSURANCE COMPANY; PRIME INSURANCE COMPANY; MICHAEL DAVIS; MURZUKA AFRIDA; JUSTIN WALKER; RENEE MOTA; AND GERMAINE WHITE** | |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant Amazon Logistics, Inc. ("Amazon") who, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully notifies this Court that the above-entitled case has been removed from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and, in support of said notice of removal, states as follows:

1

283526174v.1

24th E-Filed: 06/15/2023 13:14 Case: 841151 Div:E Atty:036520 VICTORIA J CVITANOVIC



## I.    INTRODUCTION

This case arises out of a traffic incident that occurred on June 5, 2023 on Interstate 10 in Biloxi, Mississippi. Plaintiffs claim that Alrick Baker was struck by a tractor trailer when Cynthia Kirksey attempted to pass him, resulting in his death. On May 26, 2023, Plaintiff filed suit in Louisiana's 24th Judicial District Court for the Parish of Jefferson.[1] Plaintiff alleges, *inter alia*, that Amazon is liable for Ms. Kirksey's negligence as her employer.

## II.   JURISDICTION

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which provides as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> > (1) citizens of different States;
> >
> > (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> >
> > (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> >
> > (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

As discussed more fully below, this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and which appears to be between citizens of different states.

---

[1] Exhibit A, State Court Record, at Petition for Damages.

2

283526174v.1

24th E-Filed: 06/15/2023 13:14 Case: 841151 Div:E Atty:036520 VICTORIA J CVITANOVIC



**A.     Amount in Controversy**

Consistent with Louisiana Code of Civil Procedure article 893, the petition for damages does not include a specific monetary amount of damages. The petition states, however, that Plaintiffs' damages arise from a fatality.[2] Accordingly, the amount in controversy requirement is satisfied.

**B.     Diversity of Citizenship**

All properly joined parties are diverse.

**1.     *Plaintiffs***

a.     Tameica Baker, who, on information and belief, being a person of the full age of majority domiciled in the State of Louisiana, is a citizen of **Louisiana**;

b.     Alrick Baker Jr., who, on information and belief, being a person of the full age of majority domiciled in the State of Florida, is a citizen of **Florida**;

c.     Kalila Baker, who, on information and belief, being a person of the full age of majority domiciled in the State of Florida, is a citizen of **Florida**;

d.     Shushana Edwards, who, on information and belief, being a person of the full age of majority domiciled in the State of Florida, is a citizen of **Florida**.

**2.     *Defendants***

The petition names the following three defendants:

a.     Amazon Logistics, Inc., which, on information and belief, being organized under the laws of Delaware and with its principal place of business in Washington, is a citizen of **Delaware** and **Washington**;

b.     Amazon.com Inc., which, on information and belief, being organized under the laws of Delaware and with its principal place of business in Washington, is a citizen of **Delaware** and **Washington**;

---

[2] *See* Exhibit A, State Court Record, at Petition for Damages. *See also* 28 U.S. Code § 1446(c)(2)(A)(ii) (providing that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded").

283526174v.1

24th E-Filed: 06/15/2023 13:14 Case: 841151 Div:E Atty:036520 VICTORIA J CVITANOVIC



07/03/2023 17:15:35 CERTIFIED TRUE COPY - Pg:3 of 8 - Jefferson Parish Clerk of Court - ID:2387383

c.   Ontime Carriers, LLC, which, on information and belief, being organized under the laws of Alabama and with its principal place of business in Alabama, is a citizen of **Alabama**;

d.   Great American Assurance Company[3] which, on information and belief, being organized under the laws of Ohio and with its principle place of business in Ohio, is a citizen of **Ohio**;

e.   Mohave Transportation Insurance Company[4] which, on information and belief, being organized under the laws of Arizona and with its principle place of business in Arizona, is a citizen of **Arizona**;

f.   Cynthia Kirksey, who, on information and belief, being a person of the full age of majority domiciled in the State of Alabama, is a citizen of **Alabama**;

g.   B3 Logistics, LLC, which, on information and belief, being organized under the laws of Alabama and with its principle place of business in Alabama, is a citizen of **Alabama**;

h.   Brian Davis, who, on information and belief, being a person of the full age of majority domiciled in the State of Alabama, is a citizen of **Alabama**;

i.   Prime Insurance Company,[5] which, on information and belief, being organized under the laws of Illinois and with its principle place of business in Utah, is a citizen of **Illinois** and **Utah**;

j.   Lancer Insurance Company,[6] which, on information and belief, being organized under the laws of Delaware and with its principle place of business in New York, is a citizen of **Delaware** and **New York**;

k.   Michael Davis, who, on information and belief, being a person of the full age of majority domiciled in the State of Louisiana, is a citizen of **Louisiana** who has not been properly served and joined in this action;

l.   Murzuka Afrida, who, on information and belief, being a person of the full age of majority domiciled in the State of Louisiana, is a citizen of **Louisiana** who has not been properly served and joined in this action;

24th E-Filed: 06/15/2023 13:14 Div:E Atty:036520 VICTORIA J CVITANOVIC

---

[3] Although designated a "company," on information and belief, Great American Assurance Company is a corporation.

[4] Although designated a "company," on information and belief, Mohave Transportation Insurance Company is a corporation.

[5] Although designated a "company," on information and belief, Prime Insurance Company is a corporation.

[6] Although designated a "company," on information and belief, Lancer Insurance Company is a corporation.

283526174v.1

4



**m.**   Justin Walker, who, on information and belief, being a person of the full age of majority domiciled in the State of Louisiana, is a citizen of **Louisiana** who has not been properly served and joined in this action;

**n.**   Renee Mota, who, on information and belief, being a person of the full age of majority domiciled in the State of Louisiana, is a citizen of **Louisiana** who has not been properly joined in this action;

**o.**   Germaine White, who, on information and belief, being a person of the full age of majority domiciled in the State of Louisiana, is a citizen of **Louisiana** who has not been properly joined in this action.

Although it appears that Defendants Michael Davis, Murzuka Afrida, Justin Walker, Renee Mota, and Germaine White (the "Amazon Supervisors") are citizens of Louisiana (like one of the Plaintiffs), none of the Amazon Supervisors is properly joined because, as alleged employees of Amazon, none can be personally liable to Plaintiffs.[7] Accordingly, for purposes of assessing the diversity of the parties, the Amazon Supervisors should be disregarded. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 572 (5th Cir. 2004). As of the time of filing, the record reflects that only Germaine White has been served; however, Amazon has received service and is aware that Renee Mota has also received service.[8]

---

[7] *See Irshad Daniel Rahman v. Allstate Ins. Co.*, 2022 U.S. Dist. LEXIS 154741, at *7 (E.D. La. Aug. 29, 2022) (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), for the proposition that, for an employee to be found personally liable, the petition must allege: (1) that the employer owed a duty of care to the plaintiff, breach of which has caused the damage for which recovery is sought; (2) that the employer delegated that duty to the employee; and (3) that the employee breached that duty through personal (as contrasted with technical or vicarious) fault). Notably, the petition here fails (1) to allege that Amazon had a duty *to Plaintiffs* (as opposed to some generalize duty to adhere to its own contracts, policies, and procedures), (2) to allege that Amazon delegated *any* duty to the Amazon Supervisors, and (3) most importantly, how the breach of such a duty was a *proximate cause* (rather than merely a but-for cause) of Plaintiffs' damages.

[8] *See* 28 U.S.C. §1441(b)(2) (providing that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

283526174v.1

24th E-Filed: 06/15/2023 13:14 Case: 841151 Div:E Atty:036520 VICTORIA J CVITANOVIC



### III.   REMOVABILITY

#### A.   Timeliness

To be timely, a notice of removal must be filed within 30 days of service of the initial pleading.[9] The initial pleading in this case was the petition for damages. Although the record as of the time of filing does not reflect service on Amazon, Amazon received service on June 13, 2023.[10] Accordingly, the notice of removal is timely.

#### B.   Consent

Where, as here, a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.[11] All properly joined and served defendants (*i.e.*, Amazon and two if its alleged employees) consent to the removal of this case.

### IV.   CONCLUSION

WHEREFORE, Amazon respectfully notifies this Court that this case has been removed, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

*Signature Block on Following Page*

---

[9] 28 U.S. Code § 1446(b)(1).

[10] Exhibit A, State Court Record, at Return of Service on Amazon.

[11] 28 U.S. Code § 1446(b)(2)(a).

6

283526174v.1

24th E-Filed: 06/15/2023 13:14 Case: 841151 Div:E Atty:036520 VICTORIA J CVITANOVIC



Respectfully submitted,

/s/ Victoria J. Cvitanovic
H. Jake Rodriguez (La. Bar No. 27867)
Mark Assad (La. Bar No. 35029)
Donald G. Cassels, III (La. Bar No. 33765)
Victoria J. Cvitanovic (La. Bar No. 36520)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
400 Poydras Street, Suite 2250
New Orleans, Louisiana 70130
504.702.1710 (Direct)
504.702.1715 (Facsimile)
jake.rodriguez@wilsonelser.com
mark.assad@wilsonelser.com
donald.cassels@wilsonelser.com
victoria.cvitanovic@wilsonelser.com

*Attorneys for Amazon Logistics, Inc.*

24th E-Filed: 06/15/2023 13:14 Case: 841151 Div:E Atty:036520 VICTORIA J CVITANOVIC

7



**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing notice of removal has been served on

all adverse parties in a manner authorized by Rule 5(b)(2) of the *Federal Rules of Civil Procedure*

or via the court's CM/ECF system on this 15th day of June, 2023.

/s/ Victoria J. Cvitanovic
Victoria J. Cvitanovic (La. Bar No. 36520)

24th E-Filed: 06/15/2023 13:14 Case: 841151 Div:E Atty:036520 VICTORIA J CVITANOVIC

8

283526174v.1




FILED FOR RECORD 06/19/2023 09:57:42
Courtney T. Boudreaux DY CLERK
JEFFERSON PARISH LA

(101) CITATION: PETITION FOR DAMAGES;                   230605-9307-8

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS,

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE           Case: 841-151    Div: "E"
COMPANY, MOHAVE TRANSPORTATION INSURANCE         P 1 TAMEICA BAKER
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

To: MURZUKA AFRIDA
210 BARONNE ST
APT 816                                          #2822 $60.00 ORLEANS
NEW ORLEANS LA 70112


PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

                                /s/ Donna G. Muscarello
                                Donna G. Muscarello, Deputy Clerk of Court for
                                Jon A. Gegenheimer, Clerk of Court


————————————— SERVICE INFORMATION —————————————

(101) CITATION PETITION                                    230605-9307-8

Recei    (26) 841-151 - Service Date 06/09/2023 Time 10:04 AM
         MURZUKA AFRIDA
Servic
         Not Served at 210 BARONNE ST
Unabl    Kerry West III # 509, Orleans
         Citation & Petition; Serial# 2;
         Incorrect Address/Moved July 2022

         
         Signature
Service
Compl.  _____   # _____                    Orleans Parish Sheriff's Office
Parish of: _____                              RCVD 23JUN8PM1:59
         Deputy Sheriff

26 841-151 / 2 / 9106
26 / EN                              Badge # 509

Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:1 of 22 - Jefferson Parish Clerk of Court - ID:2387384

(101) CITATION: PETITION FOR DAMAGES;                    230605-9307-8

### 24TH JUDICIAL DISTRICT COURT
### PARISH OF JEFFERSON
### STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS,

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE          Case: 841-151    Div: "E"
COMPANY, MOHAVE TRANSPORTATION INSURANCE        P 1 TAMEICA BAKER
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

To: MURZUKA AFRIDA
210 BARONNE ST
APT 816                                          #2822 $60.00 ORLEANS
NEW ORLEANS LA 70112

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

                          /s/ Donna G. Muscarello
                          Donna G. Muscarello, Deputy Clerk of Court for
                          Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    230605-9307-8

Received:_____   Served:_____   Returned:_____

Service was made:
___ Personal              ___ Domicilary _____

Unable to serve:
___ Not at this address    ___ Numerous attempts _____ times
___ Vacant                 ___ Received too late to serve
___ Moved                  ___ No longer works at this address
___ No such address        ___ Need apartment / building number
___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
                    Deputy Sheriff
Parish of: _____



Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:2 of 22 - Jefferson Parish Clerk of Court - ID:2387384

835

24TH JUDICIAL DISTRICT COURT
FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 841-151

DIVISION  E

TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, ALRICK BAKER; ALRICK BAKER, JR INDIVIDUALLY AND ON BEHALF OF HIS DECEASED FATHER ALRICK BAKER.; KALILA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER; AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ▮▮▮▮▮▮ INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK BAKER

VS.

AMAZON LOGISTICS, INC; AMAZON.COM.INC; ONTIME CARRIERS, LLC; GREAT AMERICAN ASSURANCE COMPANY; MOHAVE TRANSPORTATION INSURANCE COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS; LANCER INSURANCE COMPANY; PRIME INSURANCE COMPANY; MICHAEL DAVIS; MURZUKA AFRIDA; JUSTIN WALKER; RENEE MOTA; and GERMAINE WHITE

FILED: _____

_____
DEPUTY CLERK

**PETITION FOR DAMAGES**

1.

Made petitioner herein is TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, ALRICK BAKER, a person of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana.

2.

Made petitioner herein is ALRICK BAKER, JR INDIVIDUALLY AND ON BEHALF OF HIS DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the State of Florida.

3.

Made Petitioner herein is KALILA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the

PETITION FOR DAMAGES
Baker v. Amazon, 24ᵗʰ JDC No.
Page - 1 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:0276252 TIMOTHY R RICHARDSON



06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:1 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:3 of 22 - Jefferson Parish Clerk of Court - ID:2387384

State of Florida.

4.

Made Petitioner herein is KALILA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the State of Florida.

5.

Made Petitioner herein is SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ███████████████████████ INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK BAKER, a person of the full age of majority and domiciled in the State of Florida.

6.

Made defendant herein is AMAZON LOGISTICS, INC (AMAZON LOGISTICS), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

7.

Made defendant herein is AMAZON.COM, INC. (AMAZON.COM), a foreign corporation authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

8.

AMAZON.COM and AMAZON LOGISTICS are hereinafter referred to as AMAZON.

9.

Made defendant is ONTIME CARRIERS, LLC (ONTIME), a foreign limited liability company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:2 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:4 of 22 - Jefferson Parish Clerk of Court - ID:2387384

10.

Made defendant herein is GREAT AMERICAN ASSURANCE COMPANY (GREAT
AMERICAN), a foreign insurance company authorized to do and doing business in the Parish of
Jefferson State of Louisiana.

11.

Made defendant herein is MOHAVE TRANSPORTATION INSURANCE COMPANY
(MOHAVE), a foreign insurance company authorized to do and doing business in the Parish of
Jefferson, State of Louisiana.

12.

Made defendant herein is CYNTHIA KIRKSEY (KIRKSEY), a person of the full age of
majority and domiciled in the State of Alabama.

13

Made defendant herein is B3 LOGISTICS, LLC (B3), a foreign limited liability company
authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

14.

Made defendant herein is BRIAN DAVIS (DAVIS), a person of the full age of majority and
domiciled in the State of Alabama.

15.

Made defendant herein is PRIME INSURANCE COMPANY (PRIME), a foreign company
authorized to do and doing business in the Parish of Jefferson.

16.

**PETITION FOR DAMAGES**
Baker v. Amazon, 24th JDC No.
Page - 3 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:3 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:5 of 22 - Jefferson Parish Clerk of Court - ID:2387384

Made defendant herein is LANCER INSURANCE COMPANY (LANCER), a foreign insurance company authorized to do and doing business in the Parish of Jefferson, State of Louisiana.

17.

Made defendant herein is MICHAEL DAVIS (DAVIS) a person of the full age of majority and domiciled in the state of Louisiana.

18.

Made defendant herein is MURZUKA AFRIDA (AFRIDA) a person of the full age of majority and domciled in the State of Louisiana

19.

Made defendant herein is JUSTIN WALKER (WALKER) a person of the full age of majority and domiciled in the State of Louisiana.

20.

Made defendant herein is RENEE MOTA (MOTA) a person of the full age of majority and domiciled in the State of Louisiana.

21.

Made defendant herein is GERMAINE WHITE (WHITE) a person of the full age of majority and domiciled in the State of Louisiana.

22.

Hereinafter, DAVIS, AFRIDA, WALKER, MOTA and WHITE are referred to as AMAZON SUPERVISORS.

PETITION FOR DAMAGES
Baker v. Amazon, 24th JDC No.
Page - 4 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:4 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:6 of 22 - Jefferson Parish Clerk of Court - ID:2387384

23.

Venue is appropriate in this jurisdiction because the negligence subject matter of this litigation initiated in the Parish of Jefferson and because ALRICK BAKER was domiciled in Jefferson at the time of his death and a claim is being made against his underinsured motorist carrier.

24.

The defendants are indebted onto your petitioners jointly, severally, and in solido for the following reasons to-wit:

25.

On June 4, 2023, B3 and/or DAVIS had a contract with AMAZON to pick up a fully marked and identified trailer owned by AMAZON with AMAZON logos and markings in Jefferson Parish Louisiana and transport the unloaded trailer to Alabama.

26.

Per agreement and in actuality AMAZON had the right to control the work of B3 and/or DAVIS including (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control.

27.

The tractor owned by B3 and/or DAVIS, however, was out of service and hence KIRKSEY and ONTIME engaged in the pickup of the trailer.

28.

KIRKSEY was driving the vehicle owned by ONTIME.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

PETITION FOR DAMAGES
Baker v. Amazon, 24th JDC No.
Page - 5 -

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:5 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:7 of 22 - Jefferson Parish Clerk of Court - ID:2387384

29.

KIRKSEY and ONTIME traveled to the loading facility owned and operated by AMAZON.

30.

KIRKSEY and ONTIME arrived in the late evening of June 4 or early Morning of June 5.

31.

AMAZON had care, custody and control over the facility including, but not limited to ingress, egress, loading, unloading, security, transport, transfer, pickup and delivery.

32.

When KIRKSEY and ONTIME arrived, AMAZON allowed, authorized and facilitated KIRKSEY and ONTIME to attach the trailer owned by AMAZON to the tractor owned by ONTIME and operated by KIRKSEY.

33.

The trailer was fully marked with AMAZON logos, trademarks, markings, advertising AMAZON'S business and was being pulled for the benefit, direction, use and furtherance of the business of AMAZON.

34.

KIRKSEY and ONTIME, however, were not the entities contracted to pick up the trailer.

35.

AMAZON allowed an unauthorized entity and individual into the facility and allowed the trailer to leave with KIRKSEY and ONTIME who had no prior authorization, ability or control or contract to transport the trailer.



**PETITION FOR DAMAGES**
Baker v. Amazon, 24th JDC No.
Page - 6 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

36.

The actions of AMAZON were a violation of Louisiana law and also a violation of the policies and procedures of AMAZON.

37.

But for AMAZON Breaching its policies and Louisiana law the trailer would not have left the AMAZON facility with KIRKSEY and ONTIME.

38.

The trailer, did, however, leave and KIRKSEY and ONTIME traveled from Louisiana back to Alabama utilizing Interstate 10.

39.

When KIRKSEY and ONTIME reached at or near mile marker 41 traveling eastbound in or near the city of Biloxi, Mississippi, around 3:47 am KIRSEY was in the left lane in the three lane travel.

40.

KIRKSEY and ONTIME approached a vehicle owned and operated by ALRICK BAKER also traveling eastbound in the middle lane.

41.

KIRKSEY and ONTIME attempted to pass the BAKER vehicle but entered into his lane of travel causing the trailer which was owned by AMAZON to strike the BAKER vehicle.

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

42.

The AMAZON trailer became stuck onto the BAKER vehicle and forced both vehicles off

the road, across the right lane and onto the grassy shoulder, striking two trees and causing the Baker

vehicle to become engulfed in flames.

43.

BAKER sustained catastrophic injury including severe burns to almost his entire body.

44.

BAKER was on the scene for a substantial period of time in agonizing and excruciating pain.

45.

He was eventually airlifted to the hospital.

46.

BAKER died on June 6, 2022 from substantial thermal burns.

47.

BAKER was only 39 years of age at the time of his demise.

48.

BAKER is survived by his widow, TAMEICA BAKER; his adult children, ALRICK

BAKER, JR. and KALILA BAKER and two minor children through their mother ███████

███████████                    through their mother SHUSHANA EDWARDS.

49.

Plaintiffs have sustained substantial loss as further indicated below for themselves, for the

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

wrongful death and survival action of their father due to the actions and inactions of defendants.

50.

AMAZON and had a duty to ensure that those retrieving cargo were authorized, under contract and had permission to remove items from its facility.   This was also a policy and requirement of AMAZON.

51.

AMAZON breached this legal duty which such cause was a legal cause and cause in fact of injuries/damages to your petitioners

52.

AMAZON committed the following non-exclusive acts of negligence to-wit:

a) Allowing an individual and entity not authorized to retrieve a trailer;
b) Failing to have proper security;
c) Failure to follow proper protocols;
d) Failure to provide quality control;
e) Failure to properly supervise employees;
f) Failure to properly train;
g) Failing to stop a tractor from leaving a facility without proper clearance;
h) Failure to conduct clearance checks;
i) Failure to inspect credentials;
j) Failure to verify bills of lading and transport documents;
k) Any and all other acts of negligence which are inherent in these pleadings or which may be proven at trial in derogation of the laws of Parish of Jefferson and the State of Louisiana.

53.

But for the actions of AMAZON, the trailer would not have left the facility with KIRSEY and ONTIME and the collision between KIRSEY/ONTIME and BAKER would not have occurred.

54.

AMAZON SUPERVISORS had a duty to ensure that employees were trained and supervised

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:9 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:11 of 22 - Jefferson Parish Clerk of Court - ID:2387384

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

correctly; instructed on policy and procedure and to prevent unauthorized removal of AMAZON equipment.

55.

AMAZON SUPERVISORS breached this duty which such breach was a legal cause and cause in fact of the injuries and damages to Petitioners.

56.

AMAZON SUPERVISORS committed the following non-exclusive acts of negligence to-wit:

a) Failure to prevent unauthorized individuals/entities from retrieving AMAZON equipment;
b) Failure to train those working in the facility on proper procedure;
c) Failure to supervise those working in the AMAZON facility;
d) Failure to properly secure the AMAZON facility;
e) Failure to ensure all those working in the AMAZON facility were properly versed on obligations;
f) Personally failing to inspect, secure or otherwise prevent equipment from leaving unauthorized;
g) Personally failing to adhere to their duties as supervisors of AMAZON by creating, implementing and asserting improper polices which led to KIRSKEY and ONTIME'S unauthorized activity;
h) Plaintiffs specifically plead that these individuals had an independent duty and that their actions in breaching that duty was a cause in fact of the injuries to Petitioners
i) But for the individual actions of the AMAZON SUPERVISORS the plaintiffs would not have sustained damages;
j) The AMAZON supervisors were either present at the site when the unauthorized transferred occurred or were in the chain of command and responsible and had control of the release of the trailer to prevent same from occurring;
k) Plaintiffs plead the independent negligence of each of these supervisors separate and apart from their vicarious liability as employees of AMAZON; and
l) Petitioners aver that the AMAZON SUPERVISORS also committed violations of law inherent in these pleadings or which may appear through discovery in violation of law

57.

At all material times, the AMAZON SUPERVISORS were direct employees of AMAZON, were conducting the business of AMAZON, were being paid by AMAZON, and were in the furtherance of the business of AMAZON and hence AMAZON is vicariously liable for the actions

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:10 of 22 - Jefferson Parish Clerk of Court - ID:2367260
07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:12 of 22 - Jefferson Parish Clerk of Court - ID:2387384

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

and inactions of the AMAZON SUPERVISORS and petitioners also plead the theory of respondeat superior.

58.

KIRKSEY and ONTIME had a duty to ensure that they operated a tractor and trailer in a safe and prudent manner including but not limited to avoiding striking the vehicle operated by BAKER.

59.

KIRKSEY and ONTIME breached this legal duty which such breach was a legal cause and cause in fact of injuries/damages to your petitioners.

60.

KIRKSEY and ONTIME committed the following non-exclusive acts of negligence to-wit:

a) Failing to maintain control of a vehicle and/or failing to properly legally operate a vehicle;
b) Operating a vehicle in a careless manner;
c) Failing to stop a vehicle as required by law;
d) Driving at an excessive speed under the circumstances which caused a collision
e) Failing to maintain a safe and proper lookout
f) Failing to see what she should have seen
g) Failing to observe the vehicle occupied by BAKER
h) Failing to exercise reasonable vigilance;
i) Failing to maintain control of a lane;
j) Improper merging
k) Failing to obey the traffic laws
l) Any and all other acts of negligence which are inherent in these pleadings or which may be proven at trial in derogation of law

61.

DAVIS and B3 had a duty to adhere to its agreement with AMAZON to obtain and transport the trailer from Louisiana.



PETITION FOR DAMAGES
Baker v. Amazon, 24th JDC No.
Page - 11 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:11 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:13 of 22 - Jefferson Parish Clerk of Court - ID:2387384

62.

DAVIS and B3 breached this duty which said breach was a legal cause and a cause in fact

of injuries/damages to your petitioners.

63.

DAVIS and B3 committed the following non-exclusive acts of negligence to-wit:

a)  Failing to complete a contract
b)  Authorizing another person/entity to complete a contract to which it was obligated
c)  Failure to supervise the pickup and transportation of the trailer
d)  Failure to ensure safe delivery of a trailer
e)  Failure to monitor KIRKSEY and ONTIME on pickup and delivery of trailer
f)  Creating a situation, along with AMAZON where KIRKSEY and ONTIME obtained a trailer
    and transported it without authorization
g)  Any and all other acts of negligence which are inherent in these pleadings or which may
    appear at the trial of this matter in derogation of the law

64.

At all material times hereto B3 had the right to control the work of KIRLSEY and ONTIME

including (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power

of control.

65.

At all material times hereto B3 and DAVIS were acting in furtherance of the business of

AMAZON in acting toward and having KIRSKEY and ONTIME pickup and deliver a trailer owned

by AMAZON with the advertisement of those entities on the trailer which caused the collision.

66.

In addition to the independent negligence of AMAZON, plaintiffs specifically plead that

AMAZON is vicariously liable for the actions and inactions of B3 and DAVIS and liable under the

theory of respondeat superior



PETITION FOR DAMAGES
Hingle v. Lyndon  24th JDC NO.
Page - 12 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

67.

At all material times hereto AMAZON had KIRKSEY and ONTIME pulling a trailer owned by AMAZON which contained the logos of AMAZON and is responsible for the action and inactions of KIRSEY and ONTIME.

68.

At all material times hereto KIRKSEY and ONTIME were acting in furtherance of the business of AMAZON in physically transporting a trailer owned by AMAZON and delivering that trailer with the advertisement of those entities on the trailer which caused the collision.

69.

Once AMAZON breached its duties and allowed KIRKSEY and ONTIME to leave the AMAZON yard with its marked trailer, without any load, effectively a traveling billboard and without a contract, without written permission and against protocol, AMAZON became vicariously liable for the action and inactions of KIRKSEY and ONTIME.

70.

AMAZON was clearly obtaining a benefit for itself by transportation of its trailer for advertisement for relocation and for logistical reasons and is responsible for injury sustained to plaintiffs in connection with AMAZON'S business venture and advertisement.

71.

AMAZON owned the facility where the trailer was picked up.  AMAZON had sole and absolute control over that location.  They had control over (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) power of control.

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:13 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:15 of 22 - Jefferson Parish Clerk of Court - ID:2387384

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

72.

AMAZON had absolute ability to prevent selection and engagement of ONTIME and KIRKSEY taking the trailer; to prevent payment of wages; to dismiss and terminate the transport by preventing them leaving the facility with the trailer; and complete control over who took the trailer. AMAZON exercised its control in allowing the trailer to leave with KIRKSEY and ONTIME.

73.

AMAZON had no written agreement with ONTIME or KIRSEY limiting the engagement or making them independent contractors and it was the action of AMAZON which set in motion a sequence of events which led to the death of BAKER.

74.

In addition to the independent negligence of AMAZON, Plaintiffs specifically plead that AMAZON are vicariously liable for the actions and inactions of KIRKSEY and ONTIME and liable under the theory of respondeat superior.

75.

B3 and DAVIS had control over the actions and inactions of KIRKSEY and ONTIME in authorizing ONTIME and KIRSEY to pick up the trailer on its behalf.

76.

Petitioners aver that B3 and DAVIS generated a financial and business benefit from KIRKSEY and ONTIME assisting in transportation.

77.

Petitioners also aver that B3 and DAVIS acted as a joint venture, partnership and enterprise

PETITION FOR DAMAGES
Hingle v. Lyndon 24ᵗʰ JDC NO.
Page - 14 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:14 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:16 of 22 - Jefferson Parish Clerk of Court - ID:2387384

and hence a single entity both solidarily liable for their actions as a single entity and for which AMAZON is likewise vicariously liable due to AMAZON'S control over the entities.

78.

At all material times hereto, MOHAVE had in full force and effect a policy of liability insurance in favor of AMAZON; KIRKSEY, ONTIME, AMAZON SUPERVISORS, B3 and DAVIS as direct and/or omnibus insureds providing insurance coverage for the actions/inactions of AMAZON; KIRKSEY, ONTIME, B3 and BAKER which enures to the benefit of plaintiff and those similarly situated and as such MOHAVE is made a direct defendant pursuant to the Louisiana Direct Action Statute.

79.

At all material times hereto, LANCER had in full force and effect a policy of liability insurance in favor of AMAZON; KIRSEY, ONTIME, AMAZON SUPERVISORS, B3 and DAVIS as direct and/or omnibus insureds providing insurance coverage for the actions/inactions of AMAZON; KIRSEY, ONTIME, B3 and BAKER which enures to the benefit of plaintiff and those similarly situated and as such LANCER is made a direct defendant pursuant to the Louisiana Direct Action Statute.

80.

LANCER is responsible due to its policy of insurance; for commercial general liability but also because ONTIME and KIRKSEY were operating at the direction and request of DAVIS and B3 and because the vehicle driven by ONTIME and KIRKSEY was a temporary substitute vehicle as DAVIS and B3's vehicle was inoperable.

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:15 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:17 of 22 - Jefferson Parish Clerk of Court - ID:2387384

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

81.

At all material times hereto, GREAT AMERICAN had in full force and effect a policy of

liability insurance in favor of AMAZON; KIRKSEY, ONTIME, AMAZON SUPERVISORS, B3

and DAVIS as direct and/or omnibus insureds providing insurance coverage for the actions/inactions

of AMAZON; KIRKSEY, ONTIME, B3 and BAKER which enures to the benefit of plaintiff and

those similarly situated and as such GREAT AMERICAN is made a direct defendant pursuant to the

Louisiana Direct Action Statute.

82.

At all material times hereto, PRIME had in full force and effect a policy of

uninsured/underinsured/medical payments insurance in favor of petitioners in the event that any of

the defendants AMAZON; AMAZON SUPERVISORS; KIRKSEY, ONTIME, B3 or DAVIS was

uninsured/underinsured which enures to the benefit of petitioners and as such PRIME is also made

a direct defendant in that capacity as well, petitioners averring that the defendants are underinsured

in this matter and that they are entitled to additional relief from PRIME for their damages which

exceed any underlying insurance coverage, if any.

83.

As a result of the actions/inactions of defendant, petitioners have been caused to sustain the

following damages including but not limited to damages for the wrongful death AND survival

damages which include their own losses and those sustained by BAKER which enure to them which

include but are not limited to the following:

a) Individual past, present and future pain and suffering
b) BAKER physical pain and suffering
c) Individual mental anguish and anxiety
d) BAKER mental anguish and anxiety
e) BAKER past, present and future loss of earnings
f) BAKER past, present and future loss of earning capacity
g) Funeral expenses

**PETITION FOR DAMAGES**
Hingle v. Lyndon 24ᵗʰ JDC NO.
Page - 16 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

h)    Loss of consortium of father and husband
i)    Loss of service and society
j)    Individual loss of enjoyment of life
k)    BAKER loss of enjoyment of life
l)    Property damage to tractor owned by BAKER
m)    BAKER conscious pain and suffering
n)    Individual loss of financial support
     TOTAL                         REASONABLE

84.

WHEREFORE, plaintiffs, TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, ALRICK BAKER; ALRICK BAKER, JR INDIVIDUALLY AND ON BEHALF OF HIS DECEASED FATHER ALRICK BAKER.; KALILA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER; AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ▬▬▬▬▬ AND ▬▬▬▬▬ ▬▬▬▬▬ INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER ALRICK BAKER pray that:

A)    The defendants herein, AMAZON LOGISTICS, INC; AMAZON.COM.INC; ONTIME CARRIERS, LLC; GREAT AMERICAN INSURANCE GROUP; MOHAVE TRANSPORTATION INSURANCE COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS; LANCER INSURANCE COMPANY; PRIME INSURANCE COMPANY; MICHAEL DAVIS; MURZUKA AFRIDA; JUSTIN WALKER; RENEE MOTA; and GERMAINE WHITE be duly cited with a copy of this petition and be required to answer same in accordance with the law

B)    After due delays and proceedings had there be judgment herein in favor of plaintiffs, TAMEICA BAKER INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, ALRICK BAKER; ALRICK BAKER, JR INDIVIDUALLY AND ON BEHALF OF HIS DECEASED FATHER ALRICK BAKER.; KALILA BAKER

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:17 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:19 of 22 - Jefferson Parish Clerk of Court - ID:2387384

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER ALRICK BAKER;

AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN █████

████████████████ INDIVIDUALLY AND ON BEHALF OF THEIR

DECEASED FATHER ALRICK BAKER and against Defendants AMAZON LOGISTICS,

INC; AMAZON.COM.INC; ONTIME CARRIERS, LLC; GREAT AMERICAN

INSURANCE GROUP; MOHAVE TRANSPORTATION INSURANCE COMPANY;

CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS; LANCER INSURANCE

COMPANY; PRIME INSURANCE COMPANY; MICHAEL DAVIS; MURZUKA

AFRIDA; JUSTIN WALKER; RENEE MOTA; and GERMAINE WHITE , jointly,

severally, and in solido for all damages necessary and appropriate in the premises; for

judicial interest from the date of judicial demand; for all costs of these proceedings; and

C)      For all general and equitable relief.

Respectfully submitted:

Timothy Richardson  (#27625)
P.O. Box 310
Madisonville, La 70447
Telephone: 985-302-3021
Fax: 504 335 2275

Physical

422 East Lockwood, 2nd Floor
Covington, La 70433

**PLEASE SERVE:**

AMAZON LOGISTICS, INC;
through its registered agent CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA 70802

PETITION FOR DAMAGES
Hingle v. Lyndon  24th  JDC NO.
Page - 18 -

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

AMAZON.COM.INC;
through Louisiana Long Arm Statute
CEO Doug Herring
410 Terry Ave. North,
Seattle, WA 98109

ONTIME CARRIERS, LLC;
508 Tallapoosa St.
Mobile, Al 36610

GREAT AMERICAN ASSURANCE COMPANY;
Through its registered agent Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

MOHAVE TRANSPORTATION INSURANCE COMPANY
through officer James Mahoney
2200 S. 75th Ave.
Phoenix AZ 85043

CYNTHIA KIRKSEY;
via Louisiana Long Arm Statute
608 Frank E Lee Avenue
Mobile, Al 36610

B3 LOGISTICS, LLC;
via Louisiana Long Arm Statute
519 Edison Drive
Prichard, Al 36610

BRIAN DAVIS
through Louisiana Long Arm Statute
519 Edison Drive
Prichard, Al 36610

LANCER INSURANCE COMPANY;
Through its registered agent Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

PRIME INSURANCE COMPANY
Through its registered agent Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

MURZUKA AFRIDA;
210 Baronne St Apt 816
New Orleans, LA 70112-1746

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

PETITION FOR DAMAGES
Hingle v. Lyndon 24ᵗʰ JDC NO.
Page - 19 -

JUSTIN WALKER
1621 Coliseum St
New Orleans, La 70130

MICHAEL DAVIS
12344 Parma Circle
Covington, La 70435

RENEE MOTA;
70404 8th St
Covington, Louisiana, 70433

GERMAINE WHITE
3600 Afton Ln,
Westwego, LA 70094

24th E-Filed: 05/26/2023 15:05 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

PETITION FOR DAMAGES
Hingle v. Lyndon  24ᵗʰ  JDC NO.
Page - 20 -

06/05/2023 13:36:49 CERTIFIED TRUE COPY - Pg:20 of 22 - Jefferson Parish Clerk of Court - ID:2367260

07/03/2023 17:17:01 CERTIFIED TRUE COPY - Pg:22 of 22 - Jefferson Parish Clerk of Court - ID:2387384

[ SERVICE COPY ]   [ RETURN COPY ]

FILED FOR RECORD 06/20/2023 15:51:23
Courtney T. Boudreaux DY CLERK
JEFFERSON PARISH LA

(101) CITATION: PETITION FOR DAMAGES;                    230605-9306-0

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS, ███████████

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE
COMPANY, MOHAVE TRANSPORTATION INSURANCE
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

Case: 841-151    Div: "E"

P 1 TAMEICA BAKER

Made service on the named party through the
Office of the Secretary of State on

JUN 1 3 2023

by tendering a copy of this document to:

_____JULIE HESBIT_____

DY. M. LOCKWOOD #0803
Parish of East Baton Rouge, LA

#2820 $150.00 S/S
#2821 $121.32 EBR

To:  PRIME INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE LA 70809

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) CITATION: PETITION FOR DAMAGES;                    230605-9306-0

Received:_____   Served:_____   Returned:_____

Service was made:
_____ Personal        ____ Domicilary _____

Unable to serve:
_____ Not at this address      ____ Numerous attempts _____ times
_____ Vacant                   ____ Received too late to serve
_____ Moved                    ____ No longer works at this address
_____ No such address          ____ Need apartment / building number
_____ Other

Service: $_____   Mileage: $_____   Total: $_____
Completed by:_____ #_____
                          Deputy Sheriff
Parish of: _____

RECEIVED
JUN 1 2 2023
E.B.R. SHERIFF'S OFFICE



[ SERVICE COPY ] [ RETURN COPY ]

(101) CITATION: PETITION FOR DAMAGES;                      230605-9303-7

FILED FOR RECORD 06/20/2023 15:56:42
Courtney T. Boudreaux DY CLERK
JEFFERSON PARISH LA

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KAILLA BAKER, SHUSHANA EDWARDS, ▮▮▮▮▮

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE
COMPANY, MOHAVE TRANSPORTATION INSURANCE
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

Case: 841-151    Div: "E"
P 1 TAMEICA BAKER

To: AMAZON LOGISTICS INC
THROUGH ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE LA 70802

#2821 $121.32 EBR

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

I made service on the named party through the

CORPORATION SERVICE COMPANY      /s/ Donna G. Muscarello
                                 Donna G. Muscarello, Deputy Clerk of Court for
     JUN 1 3 2023                Jon A. Gegenheimer, Clerk of Court
by tendering a copy of this document to
        MELISSA HARDIN

  DY. M. LOCKWOOD #0803    SERVICE INFORMATION
Deputy Sheriff, Parish of East Baton Rouge, Louisiana
(101) CITATION: PETITION FOR DAMAGES;                      230605-9303-7

Received:_____  Served:_____  Returned:_____

Service was made:
       ___ Personal          ___ Domicilary _____

Unable to serve:
       ___ Not at this address    ___ Numerous attempts _____ times
       ___ Vacant                 ___ Received too late to serve
       ___ Moved                  ___ No longer works at this address
       ___ No such address        ___ Need apartment / building number
       ___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ #_____
                      Deputy Sheriff
Parish of: _____

RECEIVED
JUN 1 2 2023
E.B.R. SHERIFF'S OFFICE



Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Page 1 of 1

07/03/2023 17:18:01 CERTIFIED TRUE COPY - Pg:1 of 1 - Jefferson Parish Clerk of Court - ID:2387386

FILED FOR RECORD 06/20/2023 16:05:14
Courtney T. Boudreaux DY CLERK
JEFFERSON PARISH LA

(101) CITATION: PETITION FOR DAMAGES;                230605-9304-5

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS,

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE
COMPANY, MOHAVE TRANSPORTATION INSURANCE
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

Case: 841-151   Div: "E"
P 1 TAMEICA BAKER

I made service on the named party through the

Office of the Secretary of State on

JUN 1 3 2023

by tendering a copy of this document to:
JULIE BESCOTT

#2820 $150.00 S/S
#2821 $121.32, EBR

To:  GREAT AMERICAN ASSURANCE COMPANY
THROUGH ITS REGISTERED AGENT
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE LA 70809

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                230605-9304-5

Received:_____  Served:_____  Returned:_____

Service was made:
____ Personal          ___ Domicilary _____

Unable to serve:
____ Not at this address   ___ Numerous attempts ____ times
____ Vacant                ___ Received too late to serve
____ Moved                 ___ No longer works at this address
____ No such address       ___ Need apartment / building number
____ Other _____

Service: $_____   Mileage: $_____   Total: $_____
Completed by:_____ # _____
                  Deputy Sheriff
Parish of: _____

RECEIVED
JUN 1 2 2023
E.B.R. SHERIFF'S OFFICE



Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

07/03/2023 17:18:23 CERTIFIED TRUE COPY - Pg:1 of 1 - Jefferson Parish Clerk of Court - ID:2387387

FILED FOR RECORD 06/20/2023 16:05:40
Courtney T. Boudreaux DY CLERK
JEFFERSON PARISH LA

(101) CITATION: PETITION FOR DAMAGES;                    230605-9305-2

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS, ███████

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE
COMPANY, MOHAVE TRANSPORTATION INSURANCE
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

Case: 841-151    Div: "E"

I made service on TAMEICA BAKER party through the
Office of the Secretary of State on

JUN 13 2023

by tendering a copy of this document to:
JULIE NESBIT

DY. M. LOCKWOOD #6603
Deputy Sheriff, Parish of East Baton Rouge, LA

To:  LANCER INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE LA 70809

#2820 $150.00 S/S
#2821 $121.32 EBR

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    230605-9305-2

Received:_____   Served:_____   Returned:_____

Service was made:
        ___ Personal          ___ Domiciliary _____

Unable to serve:
        ___ Not at this address    ___ Numerous attempts _____ times
        ___ Vacant                ___ Received too late to serve
        ___ Moved                 ___ No longer works at this address
        ___ No such address       ___ Need apartment / building number
        ___ Other

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ #_____
                        Deputy Sheriff
Parish of:_____

R E C E I V E D

JUN 12 2023

E.B.R. SHERIFF'S OFFICE



Thomas F. Donelon Courthouse : 200 Derbigny St. : Gretna LA 70053

Page 1 of 1

[SERVICE COPY] [RETURN COPY]

1820

(101) CITATION: PETITION FOR DAMAGES;                    230605-9310-2

FILED FOR RECORD 06/21/2023 14:21:02
Deborah A. Bolotte DY CLERK
JEFFERSON PARISH LA

**24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA**

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE
COMPANY, MOHAVE TRANSPORTATION INSURANCE
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

Case: 841-151    Div: "E"
P 1 TAMEICA BAKER

To: RENEE MOTA
70404 8TH ST
COVINGTON LA 70433

#2823 $75.75 ST TAMMANY

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) CITATION: PETITION FOR DAMAGES;                    230605-9310-2

Received:_____ Served:_____ Returned:_____

(26)841151 - C/P - SN #2
Served - Personal on          INT:
Renee Mota at
70404 8TH ST, COVINGTON
Return Date & Time: 06/12/2023  8:07AM

1820 - Ben Sadowski, Deputy Sheriff

RECEIVED STPSO - CIVIL
RANDY SMITH SHERIFF
2023 JUN -8 P 1:12





(101) CITATION: PETITION FOR DAMAGES;

FILED FOR RECORD 06/27/2023 08:59:26
Deborah A. Bolotte DY CLERK
JEFFERSON PARISH LA

230605-9309-4

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

TAMEICA BAKER, ALRICK BAKER, ALRICK BAKER JR,
KALILA BAKER, SHUSHANA EDWARDS, ▇▇▇▇▇▇▇

versus

AMAZON LOGISTICS INC, AMAZON COM INC, ONTIME
CARRIERS LLC, GREAT AMERICAN ASSURANCE
COMPANY, MOHAVE TRANSPORTATION INSURANCE
COMPANY, CYNTHIA KIRKSEY, B3 LOGISTICS LLC,
BRIAN DAVIS, LANCER INSURANCE COMPANY,
PRIME INSURANCE COMPANY, MICHAEL DAVIS,
MURZUKA AFRIDA, JUSTIN WALKER, RENEE MOTA,
GERMAINE WHITE

Case: 841-151    Div: "E"
P 1 TAMEICA BAKER

To: MICHAEL DAVIS
12344 PARMA CIRCLE
COVINGTON LA 70435

#2823 $75.75 ST TAMMANY

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, **within (21) CALENDAR days after the service
hereof, under penalty of default.**

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 5th day of June, 2023.

/s/ Donna G. Muscarello
Donna G. Muscarello, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) CITATION: PETITION FOR DAMAGES;

230605-9309-4

(26)841151 - C/P - SN #1
Served - Personal on
Michael Davis at
12344 Parma CR, COVINGTON
Return Date & Time: 06/20/2023  8:02AM

1826 - Bradley Hutchinson, Deputy Sheriff

RECEIVED
STPSO - CIVIL
2023 JUN -8  P 1: 12
RANDY SMITH
SHERIFF



PAID
C/P 2823
CP# 2823

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NUMBER:    841-151                                                      DIVISION: "E"

**TAMEICA BAKER, ET AL**

**VS.**

**AMAZON LOGISTICS INC., ET AL**

FILED: _____          _____
                                                                  **DEPUTY CLERK**

**LONG ARM STATUTE AFFIDAVIT OF SERVICE**

**STATE OF LOUISIANA**
**PARISH OF ST. TAMMANY**

**BEFORE ME,** the undersigned authority, on the date set forth, herein after, personally came and appeared:

SUSAN PASSAUER

who being duly sworn, did depose and state that she is a paralegal with the Timothy Richardson, Attorney at Law, who is the counsel of the record for Tameica Baker, et al, plaintiffs in the above captioned case; that affiant served by Certified Mail, Return Receipt Requested, the Petition for Damages in the captioned matter, properly addresses to:

*Mohave Transportation Insurance Company*
*Through Officer James Mahoney*
*2200 S 75th Avenue*
*Phoenix, AZ  85043*

that affiant received the Certified Receipt and return for personal service made on such individual, and that a true and correct copy of the Return and Receipt is attached to this affidavit.

_____
SUSAN PASSAUER

Sworn and subscribed before me, this
6th day of July 2023.

_____
Notary Public
Timothy R. Richardson
Bar Roll No. 27625

TIMOTHY R. RICHARDSON
BAR NO. 27625
COMMISSION IS FOR LIFE.



(101) CITATION: PETITION FOR DAMAGES;                  230530-8425-9

<div align="center">

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

</div>

TAMEICA BAKER, INDIVIDUALLY AN ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL          Case: 841-151    Div: "E"
        versus                                     P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

To:  MOHAVE TRANSPORTATION INSURANCE
COMPANY
THROUGH
OFFICER JAMES MAHONEY                      LA Long Arm
2200 S 75TH AVE
PHOENIX AZ 85043

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the
return of service hereof, under penalty of default.

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.

                                        /s/ Karen F Mcevers
                                        en F Mcevers, Deputy Clerk of Court for
                                        A. Gegenheimer, Clerk of Court



24th E-Filed: 07/06/2023 15:14 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NUMBER:    841-151                                    DIVISION: "E"

**TAMEICA BAKER, ET AL**

**VS.**

**AMAZON LOGISTICS INC., ET AL**

FILED: _____          _____
                                                      **DEPUTY CLERK**

**<u>LONG ARM STATUTE AFFIDAVIT OF SERVICE</u>**

**STATE OF LOUISIANA**
**PARISH OF ST. TAMMANY**

**BEFORE ME,** the undersigned authority, on the date set forth, herein after, personally came and appeared:

SUSAN PASSAUER

who being duly sworn, did depose and state that she is a paralegal with the Timothy Richardson, Attorney at Law, who is the counsel of the record for Tameica Baker, et al, plaintiffs in the above captioned case; that affiant served by Certified Mail, Return Receipt Requested, the Petition for Damages in the captioned matter, properly addresses to:

*Amazon.Com Inc*
*Through its agent for service of process*
*CEO Doug Herring*
*410 Terry Avenue North*
*Seattle, Washington  98109*

that affiant received the Certified Receipt and return for personal service made on such individual, and that a true and correct copy of the Return and Receipt is attached to this affidavit.

_____
SUSAN PASSAUER

Sworn and subscribed before me, this
6th day of July 2023.

_____
Notary Public
Timothy R. Richardson
Bar Roll No. 27625

NOTARY R. RICHARDSON
BAR NO. 27625
MY COMMISSION IS FOR LIFE.

24th E-Filed: 07/06/2023 15:16 Case: 841151 Div:E Atty:027625 TIMOTHY R RICHARDSON



(101) CITATION: PETITION FOR DAMAGES;                           230530-8423-4

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

TAMEICA BAKER, INDIVIDUALLY AN ON BEHALF OF
HER DECEASED HUSBAND, ALRICK BAKER, ET AL        Case: 841-151    Div: "E"
  versus                                          P 1 TAMEICA BAKER
AMAZON LOGISTICS INC, ET AL

To:  AMAZON COM INC
AS PER REQUEST:
AMAZON.COM.INC
--THROUGH LOUISIANA  LONG ARM STATUTE--           LA Long Arm
CEO DOUG HERRING
410 TERRY AVE NORTH
SEATTLE WA 98109

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an
appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for
the Parish of Jefferson, State of Louisiana, within THIRTY (30) CALENDAR days after the
return of service hereof, under penalty of default.

This service was requested by attorney TIMOTHY R. RICHARDSON and was issued by the
Clerk of Court on the 30th day of May, 2023.

/s/ Karen F Mcevers
F Mcevers, Deputy Clerk of Court for
Gegenheimer, Clerk of Court

VICE INFORMATION_____

AGES;                                           230530-8423-4
ned:_____

_____

empts _____ times
late to serve
rks at this address
ent / building number

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

Seattle WA 98109

Postage  $
Certified Fee            $3.35        0135
                         $0.00         09
Return Receipt Fee       $0.00
(Endorsement Required)
Restricted Delivery Fee  $0.00
(Endorsement Required)

Total Postage & Fees     $       $2.48

Sent To
Amazon.com thru Doug Herring
Street, Apt. No.;
or PO Box No.  410 Terry Ave North
City, State, ZIP+4  Seattle WA 98109

PS Form 3800, August 2006           See Reverse for Instructions

Service: $_____    Mileage: $_____
Completed by:_____
                        Deputy Sheriff
Parish of:_____

SENDER: COMPLETE THIS SECTION
■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.
1. Article Addressed to:
Amazon.com
Thru CEO Doug Herring
410 Terry Ave. North
Seattle WA 98109

9590 9402 7633 2122 2607 12

2. Article Number (Transfer from service label)
7012 3460 0002 1502 2647

PS Form 3811, July 2020 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY
A. Signature
X  DG                            ☑ Agent
                                 ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
                    JUN 0 9 23
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No
            SEA 22

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Page 1 of 1                      Thomas

7012 3460 0002 1502 2647

FILED FOR RECORD 08/02/2023 14:51:33
Abigail J. Danna DY CLERK
JEFFERSON PARISH LA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMEICA BAKER, *et al.*                          CIVIL ACTION

VERSUS                                           NO. 23-2078

AMAZON LOGISTICS, INC., *et al.*                 SECTION M (2)

## ORDER & REASONS

Before the Court is a motion filed by plaintiffs Tameica Baker, Alrick Baker, Jr., Kalila

Baker,[1] and Shushana Edwards[2] (collectively, "Plaintiffs") to remand this matter to the 24th

Judicial District Court, Parish of Jefferson, State of Louisiana.[3] Defendants Amazon Logistics,

Inc. ("Amazon") and Lancer Insurance Company ("Lancer") respond in opposition,[4] and Plaintiffs

reply in further support of their motion.[5] Defendants file a surreply in further opposition to the

motion.[6] Having considered the parties' memoranda, the record, and the applicable law, this Court

issues this Order & Reasons granting Plaintiffs' motion to remand.

## I.     BACKGROUND

This matter involves a claim against multiple defendants arising out of a car accident

eventuating in a fatality. On June 5, 2023, on Interstate 10 in Biloxi, Mississippi, Alrick Baker's

vehicle was struck when an Amazon tractor trailer driven by Cynthia Kirksey attempted to pass

---

[1] Tameica Baker, Alrick Baker, Jr., and Kalila Baker appear individually and on behalf of the decedent, Alrick Baker, who was Tameica's husband and Alrick Jr. and Kalila's father.

[2] Shushana Edwards brings claims on behalf of her minor children, who are also Alrick Sr.'s children.

[3] R. Doc. 12.

[4] R. Docs. 18; 19. Lancer adopts Amazon's legal argument; therefore, the Court refers only to Amazon's opposition in this Order & Reasons.

[5] R. Doc. 26.

[6] R. Doc. 31.

him.[7] As a result of the collision, Baker's vehicle was forced off the roadway and burst into flames, which caused significant burns to his body and ultimately led to his death.[8]

Plaintiffs brought this action in state court seeking damages for Baker's death.[9] Plaintiffs assert that the accident was caused by Amazon's negligence in failing to adhere to its obligations and duties under the law and its contract with B3 Logistics, LLC ("B3").[10] In addition to naming the Amazon entities,[11] Plaintiffs sued B3, Brian Davis, Kirksey, Ontime Carriers, LLC, Lancer, Prime Insurance Company ("Prime Insurance"), Great American Assurance Company ("Great American"), Mohave Transportation Insurance Company, and five individual Amazon employees (the "Amazon Supervisors"): Michael Davis, Murzuka Afrida, Justin Walker, Renee Mota, and Germaine White.[12]

On June 15, 2023, Amazon removed the action to this Court on the basis of a diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.[13] In its notice of removal, Amazon contends that, although the Amazon Supervisors are said to be citizens of Louisiana, their citizenship should not be considered in determining diversity jurisdiction because, as employees of Amazon, none can be personally liable to Plaintiffs.[14] Thus, according to Amazon, Baker improperly joined the Amazon Supervisors to defeat federal diversity subject-matter jurisdiction.[15] Lancer filed a consent to removal on June 26, 2023.[16] Together, B3

---

[7] R. Doc. 12-3 at 7.
[8] *Id.* at 8.
[9] *Id.* at 1-18.
[10] *Id.* at 9.
[11] Plaintiffs sued Amazon.com, Inc., as well as Amazon. *Id.* at 2.
[12] *Id.* at 2-4.
[13] R. Doc. 4 at 1-3.
[14] *Id.* at 5.
[15] *Id.*
[16] R. Doc. 9.

2

and Brian Davis filed a consent to removal on June 27, 2023.[17]  The next day Plaintiffs filed the

instant motion to remand.[18]

## II.   PENDING MOTION

In their motion to remand, Plaintiffs raise two issues with respect to Amazon's removal.

First, Plaintiffs argue that the nondiverse Amazon Supervisors are properly joined, and, as a result,

this Court lacks subject-matter jurisdiction.[19]  Second, Plaintiffs assert that removal is improper

because Amazon did not obtain the consent of all served defendants prior to removal as required

by 28 U.S.C. § 1446(b)(2)(A).[20]  To their motion, Plaintiffs attach proofs of service on Brian Davis

(reflecting service on June 5, 2023), Renee Mota (June 12, 2023), Amazon (June 13, 2023), Lancer

(June 13, 2023), Great American (June 13, 2023), Prime Insurance (June 13, 2023), and Michael

Davis (June 20, 2023).[21]  With its § 1447 compliance memorandum filed on July 3, 2023, Amazon

submitted these same service returns as well as the completed return for defendant Germaine White

(reflecting service on June 1, 2023).[22]

In opposition to the motion to remand, Amazon argues that Plaintiffs' complaint does not

state any valid claims against the Amazon Supervisors under Louisiana law, meaning, says

Amazon, that these nondiverse defendants are improperly joined and should be disregarded, and,

as a consequence, this Court has diversity jurisdiction.[23]  However, Amazon does not address the

issue of consent.[24]

---

[17] R. Doc. 10.
[18] R. Doc. 12 at 1-2.
[19] R. Doc. 12-1 at 6-13 (quoting *Williamson v. Aramark Schools Facilities, LLC*, 2017 WL 5761626, at *4-6 (M.D. La. Oct. 30, 2017)).
[20] *Id.* at 13.
[21] R. Doc. 12-4 at 1-9.
[22] R. Doc. 15-1 at 42, 98-103.
[23] R. Doc. 18 at 5.
[24] R. Doc. 18.

3

Plaintiffs then sought leave to file a reply brief, in which they again urge that the lack of complete diversity and the failure to obtain proper consent warranted remand.[25] Amazon opposed Plaintiffs' motion for leave in part, claiming that Plaintiffs failed to raise the issue of consent in their original motion to remand.[26] Finding that the issue of consent was indeed raised by Plaintiffs in their motion to remand, this Court permitted the filing of the reply brief.[27] In a surreply (which the Court also allowed), Amazon argues that, at the time of removal, the state-court record reflected completed service for only Germaine White, one of the Amazon Supervisors who Amazon contends is improperly joined and thus should be disregarded.[28] Alternatively, Amazon asks in the surreply that, if additional defendants were served prior to removal, this Court apply an exception to the rule of unanimity due to exceptional circumstances.[29] Lastly, Amazon suggests that the Court allow the properly joined and served defendants to first make their appearance and then take a position as to whether they consent to the removal of this matter.[30]

On July 17, 2023, five days after filing its surreply, Amazon filed a document titled "proof of consent to removal" purporting to be proof that insurers Prime Insurance and Great American consented to the removal.[31] To this document, Amazon attached emails from Prime Insurance's counsel dated July 13, 2023, and Great American's counsel dated July 14, 2023, communicating that the insurance companies consent to the removal.[32] Plaintiffs argue that Amazon's proof of

---

[25] R. Docs. 20 at 1; 20-3 at 2-6 (proposed reply brief); 26 at 2-6 (reply brief).
[26] R. Doc. 21 at 2.
[27] R. Doc. 25 at 1 (citing R. Doc. 12 at 13).
[28] R. Doc. 31 at 2.
[29] *Id.* at 2-3 (citing *Wagner v. Gov. Emps. Ins. Co.*, 2019 WL 626430 (E.D. La. Feb. 14, 2019)).
[30] *Id.* at 3.
[31] R. Doc. 32.
[32] R. Doc. 32-1 at 1-4. Counsel for Prime Insurance writes, "You have Prime's consent." Counsel for Great American responds, "Yes, thank you!," to an email from Amazon's counsel asking, "Just so I'm clear, Great American consents to removal?"

4

consent is untimely as both it and the alleged consents (*i.e.,* the emails) were filed outside the 30-day time period allowed for consents to removal under 28 U.S.C. 1446(b).[33]

## III.    LAW AND ANALYSIS

### A.  Removal Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su,* 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno,* 276 F.3d at 723.

### B.  Rule of Unanimity

Procedural requirements for removal are set forth in 28 U.S.C. § 1446(b). To remove a case, a defendant must file a notice of removal within 30 days of service on the defendant. *Id.* § 1446(a)-(b)(1). All defendants who have been "properly joined and served" must join in or consent to the removal of the action. *Id.* § 1446(b)(2)(A). According to the Fifth Circuit, this "rule of unanimity" requires that each served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant, or from some person or entity

---

[33] R. Doc. 33 at 2.

5

purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). District courts in the Fifth Circuit "have consistently remanded cases where a notice of removal included only an allegation of consent of a defendant not joining in the notice of removal." *McFarland v. Protective Ins. Co.*, 2019 WL 351150, at *2 (E.D. La. Jan. 29, 2019) (citing *Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 707 (E.D. Tex. 2011) (collecting cases)).

The Fifth Circuit has recognized three exceptions to the rule of unanimity: (1) non-removing defendants who are improperly or fraudulently joined; (2) non-removing defendants who are merely nominal or formal parties; and (3) non-removing defendants who have not been served by the time of removal. *Wagner*, 2019 WL 626430, at *3 (citations omitted); *World Prayer Tabernacle v. Certain Underwriters at Lloyd's*, 2022 WL 4949125, at *1 (E.D. La. Oct. 4, 2022). And it has also "recognized that 'sometimes exceptional or unique circumstances might permit removal after the expiration of the thirty-day period prescribed by § 1446(b).'" *Cavalier v. Progressive Paloverde Ins. Co.*, 2021 WL 4772108, at *2 (E.D. La. Oct. 12, 2021) (quoting *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011)). This additional exception has only been granted by the Fifth Circuit in the "unique" case of *Gillis v. Louisiana*, 249 F.3d 755 (5th Cir. 2002), in which "the non-removing defendant did not file its written consent in thirty days because consent could be authorized only at a board meeting, and the plaintiff, who was also the chairman of the board, had interposed scheduling conflicts that prevented timely consent." *Cavalier*, 2021 WL 4772108, at *2. Such "exceptional circumstances" will generally be found, then, only when the non-removing defendant's "lack of timely consent arises from plaintiff's conduct, such as plaintiff's 'bad faith efforts to prevent removal.'" *Id.* (quoting *Ortiz*, 431 F. App'x at 307-08).

6

Thus, the Fifth Circuit has instructed district courts to consider the reasonableness of the removing defendant's actions and whether the circumstances (*e.g.,* plaintiff's conduct) were sufficiently "exceptional" to justify a departure from the rule of unanimity. *Getty*, 841 F.2d at 1263.

### C. Amazon's Removal Was Procedurally Defective

Although Plaintiffs present two distinct issues in the motion to remand, the lack of unanimous consent to removal provides sufficient grounds to grant the motion.[34] Plaintiffs argue that removal is defective due to Amazon's failure to file into the court record notices of consent as to all properly joined and served defendants within the 30-day period for removal.[35] After careful consideration, the Court agrees that Amazon's removal was procedurally defective.

Each defendant must consent to removal and cannot rely on the removing party's allegation of consent by the non-removing defendants. *See Getty*, 841 F.2d at 1262 & n.11; *McFarland*, 2019 WL 351150, at *2. Among the defendants who are assumed to be properly joined and who were properly served prior to removal, only Lancer and Brian Davis timely consented to removal.[36] This leaves the insurers Prime Insurance and Great American as the only defendants properly joined and served before Amazon's removal whose consent to removal was not timely made a part of the court record. But Amazon alleges that Prime Insurance and Great American did consent to removal by means of emails dated July 13 and 14, 2023, respectively, and Amazon attaches these emails to the "proof of consent to removal" it filed into the record on July 17, 2023.[37] This "proof

---

[34] R. Doc. 2-1 at 13. Consequently, the Court does not reach Plaintiffs' contention that the nondiverse Amazon Supervisors were properly joined and that, as a result, the case should be remanded for lack of diversity. Instead, the Court will assume for purposes of this motion that the Amazon Supervisors were not properly joined and thus should be ignored.
[35] R. Doc. 26 at 2.
[36] R. Docs. 9; 10. Defendants B3 and Kirksey also timely consented to removal, R. Docs. 10; 24, but the record does not contain proof that they were served before Amazon's removal of the case. The record reflects that defendants Mota and White were served before Amazon's removal, R. Docs. 12-4 at 2; 15-1 at 43, 102, but, again, as Amazon Supervisors, they are assumed for purposes of this analysis to be improperly joined and so are ignored.
[37] R. Doc. 32.

7

of consent" cannot carry the weight Amazon places on it, though, because no *"timely* filed written indication" of consent by Great American or Prime Insurance was filed into the record within the 30-day period for removal, which ended on July 13, 2023.[38]  *See Getty*, 841 F.2d at 1262 n.11; *Waguespack v. Homesite Ins. Co.*, 2022 WL 612071, at *2 (E.D. La. Feb. 28, 2022) ("Here, [defendant]'s notice of consent to removal was filed 31 days after the defendants were served. Thus, it was untimely."). Nor are the emails, in and of themselves, sufficient to establish that Great American and Prime Insurance's purported "consent" to the removal was timely.  After all, it is well-established "that private emails between counsel are insufficient to constitute written consent as they fail to put either the Court or the plaintiff on notice." *Taco Tico of New Orleans, Inc. v. Argonaut Great Cent. Cent. Ins. Co.*, 2009 WL 2160436, at *2 (E.D. La. Jul. 16, 2009) (citing *Johnson v. Health Bilal*, 2009 WL 981696, at *2 (E.D. La. Apr. 13, 2009), and *Marshall v. Air Liquide-Big Three, Inc.*, 2006 WL 286011, at *3 (E.D. La. Feb. 7, 2006)).

In short, "[b]ecause no written consent was timely filed by [all properly joined and served non-removing defendants], and because such consent cannot be filed outside of the thirty day time period, Plaintiffs have raised a procedural defect that requires remand." *Melton v. Toney*, 2017 WL 11543680, at *6 (M.D. La. Dec. 5, 2017), *adopted*, 2017 WL 11543720 (M.D. La. Dec. 21, 2017); *see also Grand Tex. Homes, Inc. v. Am. Safety Indem. Co.*, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) ("Failure to join in removal is a procedural defect that cannot be cured by untimely notice of consent" and cannot be remedied after the 30-day period for removal has ended).  Therefore, absent an exception to the rule of unanimity, Amazon's removal is defective, and the case must be remanded.

---

[38] Amazon, Great American, and Prime Insurance were all served on June 13, 2023.  R. Docs. 12-4 at 1, 4-5; 15-1 at 98-100.

8

Regarding the first two exceptions (non-removing defendants who are improperly or fraudulently joined or are merely nominal or formal parties), the five nondiverse Amazon Supervisors are here assumed to have been improperly joined and thus are ignored.[39] But no party contends that the insurer-defendants Great American and Prime Insurance are improperly joined or nominal parties. Therefore, these exceptions do not apply to these two defendants. Proceeding to the third exception (non-removing defendants who have not been served by the time of removal), Prime Insurance and Great American were served on June 13, 2023, and the case was removed on June 15, 2023.[40] Thus, these defendants were served by the time of removal, so the third exception does not apply to them.

Although the three exceptions to the rule of unanimity do not apply in this case, Amazon points to the decision in *Wagner v. Government Employees Insurance Co.* to argue that "exceptional circumstances" warrant departure from the rule and a denial of the motion to remand. In *Wagner*, the plaintiffs delayed entering into the state-court record an affidavit of service of process for the non-removing defendant until after removal. *Wagner*, 2019 WL 626430, at *5. Prior to removal, the removing defendant "attempted several times to ascertain whether [the non-removing defendant] had been served," including, most notably, in a conversation with the plaintiffs the day before filing its notice of removal during which plaintiffs failed to advise that the non-removing defendant had been served more than a month before the conversation. *Id.* The *Wagner* court found that because the removing defendant "acted on the information before it at the time of removal and sought to obtain consent to removal from all of the defendants," exceptional circumstances permitted removal even though the consent of a properly joined and served non-removing defendant had not been filed into the court record within the 30-day period. *Id.*

---

[39] R. Doc. 4 at 5.
[40] R. Docs. 12-4 at 4-5; 4 at 1.

9

In contrast, the court in *Cavalier v. Progressive Paloverde Insurance Co.* distinguished *Wagner* and found that the removing defendant failed to "act with the requisite diligence to warrant an exception to the consent requirement." *Cavalier*, 2021 WL 4772108, at *2-4. The removing defendant there represented that its only effort to obtain consent was calling the state-court clerk before removal to determine whether the non-removing defendant had been served. *Id.* at *3 (comparing *Wagner*, where the removing defendant diligently attempted to contact its co-defendants several times to obtain consent for removal and had spoken to plaintiffs who had kept silent about service on defendants). The *Cavalier* court found that the removing defendant's "lack of diligence in reaching out to [the non-removing defendant] is even less excusable given that plaintiff's state court petition included the name and address of [the non-removing defendant's] agent for service." *Id.*; *see also World Prayer Tabernacle*, 2022 WL 4949125 at *4 ("[M]inimal steps, such as a phone call to the plaintiff, would likely have sufficed to determine whether [the non-removing defendants] had been served. Because [the removing defendant] cannot point to diligent or good faith efforts to obtain the consent of [the non-removing defendants], this Court finds no exceptional circumstances which would justify removal of this case.").

Here, Amazon has failed to demonstrate sufficient effort to ascertain the status of service on, or to obtain consent from, its named co-defendants, including particularly Great American and Prime Insurance, within the 30-day removal period. Unlike the removing defendant in *Wagner*, Amazon points to no attempts it made to determine whether the other named defendants had been served before removal, other than ordering and attaching the state-court record to its notice of removal.[41] In *Cavalier*, the removing defendant called the state-court clerk to inquire whether the non-removing defendant had been served, and the court still found that the defendant had not acted

---

[41] R. Docs. 31 at 1; 4 at 1-2.

10

with the requisite diligence to justify an exception to the consent requirement. Generally, courts have not found exceptional circumstances to warrant an exception to the unanimity rule when the removing defendant simply relied on the state-court record at the time of removal; instead, they require that the removing defendant make a diligent effort to contact the non-removing defendants to ask about service. *Id.* at *2 (citing *Dupree v. Torin Jacks, Inc.*, 2009 WL 366332, at *5 (W.D. La. Feb. 12, 2009) ("[T]he absence of record evidence of service, standing alone, does not automatically equal exceptional circumstances."); *Grant v. FCA US, LLC*, 2019 WL 2635930, at *2 (E.D. La. June 27, 2019) ("Considering Defendant['s] failure to attempt to contact the other Defendants ... the Court finds that the facts do not present an exceptional circumstance, and remand is appropriate.")).

Even if Amazon was unaware that other properly joined defendants had been served prior to removal (as does appear to have been true from the state-court record it attached to its notice of removal),[42] Plaintiffs raised the issue of unanimous consent in their motion to remand, which was filed on June 28, 2023, just 13 days after Amazon's notice of removal – and, significantly, still 15 days before the 30-day removal period expired.[43] With its motion to remand, Plaintiffs provided the proofs of service on Great American and Prime Insurance, among others.[44] Further, with its own compliance memorandum filed on July 3, 2023, 18 days after removal, but 10 days before expiration of the 30-day period, Amazon also included the service returns for Great American and Prime Insurance reflecting that they had been served on June 13, 2023, two days before the June 15 removal.[45] Therefore, Amazon had actual notice of service on these two defendants well within the 30-day period. Yet, Amazon waited until July 13 and 14 to contact Great American and Prime

---

[42] R. Doc. 1-2.
[43] R. Doc. 12-1 at 13 (attaching R. Doc. 12-4).
[44] R. Doc. 12-4 at 1-9.
[45] R. Doc. 15-1 at 98, 100.

Insurance about their consent and did not file a written indication of such consent until after the

30-day period lapsed.  Consequently, the Court finds that Amazon did not make diligent efforts

either to obtain consent of all properly joined and served non-removing defendants, or to file into

the record a timely written indication of such consent.  Moreover, this case does not involve any

allegation or indication of bad faith or forum manipulation by Plaintiffs.  *See e.g., Forman v.*

*Equifax Credit Info. Svcs., Inc.*, 1997 WL 162008, at *1 (E.D. La. Apr. 4, 1997) ("There is no

evidence, nor any allegation, that plaintiff withheld service to defeat removal or otherwise acted

in bad faith in an attempt to manipulate the forum.").

Lastly, Amazon suggests that the proper manner of proceeding is to allow the properly

joined and served defendants to first make their appearance and then take a position as to whether

they consent to the removal of this matter.[46]  However, "[d]istrict courts have no power to overlook

procedural errors related to the notice of removal; instead, a district court must remand a case

which was removed pursuant to a procedurally defective notice." *Grigsby v. Kansas City So. Ry.*

*Co.*, 2012 WL 3526903, at *3 (W.D. La. Aug. 13, 2012); *see also Cornella v. State Farm Fire &*

*Cas. Co.*, 2010 WL 2605725, at *3 (E.D. La. June 22, 2010) ("[T]he Court cannot cut jurisdictional

corners as doing so would be contrary to Fifth Circuit jurisprudence.").  Thus, this argument fails.

---

[46] R. Doc. 31 at 3.

12

**IV.   CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 12) is GRANTED, and this

case is REMANDED to the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this 26th day of July, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

CLERK'S OFFICE
A TRUE COPY
Jul 26 2023

Deputy Clerk, U.S. District Court
Eastern District Of Louisiana
New Orleans, LA

13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

CAROL L. MICHEL                                    500 POYDRAS ST.  ROOM C-151

CLERK                                              NEW ORLEANS, LA  70130

July 26, 2023

Clerk
24th Judicial District Court
Parish of Jefferson
PO Box 10
Gretna, LA 70054

RE:  TAMEICA BAKER ET AL.
            v.
     AMAZON LOGISTICS, INC., ET AL.
     Civil Action No. 23-2078 M (2)
     Your No. 841-151 E

Dear Sir:

       I am enclosing herewith a certified copy of an order entered by this court on 07/26/2023 remanding
the above-entitled case to your court.

                              Very truly yours,

                              CAROL L. MICHEL, CLERK

                              By: _____
                                    Deputy Clerk

Enclosure

Filed by: FAX
Date: 8/8/2023
Time: 11:50 Am
Deputy Clerk: SSM

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 841151                                              DIVISION "E"

**TAMEICA BAKER, INDIVIDUALLY AND ON BEHALF OF HER DECEASED
HUSBAND, ALRICK BAKER; ALRICK BAKER, JR., INDIVIDUALLY AND ON
BEHALF OF HIS DECEASED FATHER, ALRICK BAKER; KALILA BAKER,
INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER, ALRICK BAKER;
AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ▮▮▮▮
▮▮▮▮ AND ▮▮▮▮▮▮▮▮▮▮, INDIVIDUALLY AND ON BEHALF OF THER
DECEASED FATHER, ALRICK BAKER**

**VERSUS**

**AMAZON LOGISTICS, INC.; AMAZON.COM, INC.; ONTIME CARRIERS, LLC;
GREAT AMERICAN ASSURANCE COMPANY; MOHAVE TRANSPORTATION
INSURANCE COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS;
LANCER INSURANCE COMPANY, PRIME INSURANCE COMPANY; MICHAEL
DAVIS; MURZUKA ARIDA; JUSTIN WALKER, RENEE MOTA; AND GERMAINE
WHITE**

FILED: _____        _____
                                                          **DEPUTY CLERK**

**ANSWER TO PETITION FOR DAMAGES AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes defendant Prime Insurance

Company (hereinafter "Prime") who, without waiving any of its defenses, files this Answer to

Plaintiffs' *Petition for Damages* in the above-captioned matter and with respect, represents and

avers as follows:

1.

The allegations of Paragraph 1 of the *Petition for Damages* are denied for lack of sufficient

information to justify a belief as to the truth therein.

2.

The allegations of Paragraph 2 of the *Petition for Damages* are denied for lack of sufficient

information to justify a belief as to the truth therein.

3.

The allegations of Paragraph 3 of the *Petition for Damages* are denied for lack of sufficient

information to justify a belief as to the truth therein.

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY  ORMSBY

4.

The allegations of Paragraph 4 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

5.

The allegations of Paragraph 5 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

6.

The allegations of Paragraph 6 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

7.

The allegations of Paragraph 7 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

8.

The allegations of Paragraph 8 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

9.

The allegations of Paragraph 9 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

10.

The allegations of Paragraph 10 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

11.

The allegations of Paragraph 11 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

12.

The allegations of Paragraph 12 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY  ORMSBY

13.

The allegations of Paragraph 13 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

14.

The allegations of Paragraph 14 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

15.

The allegations of Paragraph 15 of the *Petition for Damages* are admitted to the extent that Prime is a surplus lines insurance company authorized to do business in Louisiana.

16.

The allegations of Paragraph 16 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

17.

The allegations of Paragraph 17 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

18.

The allegations of Paragraph 18 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

19.

The allegations of Paragraph 19 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

20.

The allegations of Paragraph 20 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

21.

The allegations of Paragraph 21 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY  ORMSBY

22.

The allegations of Paragraph 22 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

23.

The allegations of Paragraph 23 of the *Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

24.

The allegations of Paragraph 24 of *the Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

25.

The allegations of Paragraph 25 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth herein.

26.

The allegations of Paragraph 26 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

27.

The allegations of Paragraph 27 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

28.

The allegations of Paragraph 28 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

29.

The allegations of Paragraph 29 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

30.

The allegations of Paragraph 30 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY   ORMSBY

31.

The allegations of Paragraph 31 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

32.

The allegations of Paragraph 32 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

33.

The allegations of Paragraph 33 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

34.

The allegations of Paragraph 34 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

35.

The allegations of Paragraph 35 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

36.

The allegations of Paragraph 36 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

37.

The allegations of Paragraph 37 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

38.

The allegations of Paragraph 38 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

39.

The allegations of Paragraph 39 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY  ORMSBY

40.

The allegations of Paragraph 40 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

41.

The allegations of Paragraph 41 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

42.

The allegations of Paragraph 42 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

43.

The allegations of Paragraph 43 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

44.

The allegations of Paragraph 44 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

45.

The allegations of Paragraph 45 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

46.

The allegations of Paragraph 46 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

47.

The allegations of Paragraph 47 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

48.

The allegations of Paragraph 48 of the *Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

6

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY ORMSBY

49.

The allegations of Paragraph 49 of the *Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, the allegations are denied.

50.

The allegations of Paragraph 50 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

51.

The allegations of Paragraph 51 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

52.

The allegations of Paragraph 52 of the *Petition for Damages*, including subparts a)-k), are denied for lack of sufficient information to justify a belief as to the truth therein.

53.

The allegations of Paragraph 53 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

54.

The allegations of Paragraph 54 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

55.

The allegations of Paragraph 55 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

56.

The allegations of Paragraph 56 of the *Petition for Damages*, including subparts a)-l), are denied for lack of sufficient information to justify a belief as to the truth therein.

57.

The allegations of Paragraph 57 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY ORMSBY

58.

The allegations of Paragraph 58 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

59.

The allegations of Paragraph 59 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

60.

The allegations of Paragraph 60 of the *Petition for Damages*, including subparts a)-l), are denied for lack of sufficient information to justify a belief as to the truth therein.

61.

The allegations of Paragraph 61 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

62.

The allegations of Paragraph 62 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

63.

The allegations of Paragraph 63 of the *Petition for Damages*, including subparts a)-g), are denied for lack of sufficient information to justify a belief as to the truth therein.

64.

The allegations of Paragraph 64 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

65.

The allegations of Paragraph 65 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

66.

The allegations of Paragraph 66 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY ORMSBY

67.

The allegations of Paragraph 67 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

68.

The allegations of Paragraph 68 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

69.

The allegations of Paragraph 69 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

70.

The allegations of Paragraph 70 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

71.

The allegations of Paragraph 71 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

72.

The allegations of Paragraph 72 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

73.

The allegations of Paragraph 73 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

74.

The allegations of Paragraph 74 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

75.

The allegations of Paragraph 75 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY ORMSBY

76.

The allegations of Paragraph 76 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

77.

The allegations of Paragraph 77 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

78.

The allegations of Paragraph 78 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

79.

The allegations of Paragraph 79 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

80.

The allegations of Paragraph 80 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

81.

The allegations of Paragraph 81 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

82.

The allegations of Paragraph 82 of the *Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, Prime's policy is the best evidence of its terms, conditions, provisions, and exclusions, and the Prime policy is limited by its terms, conditions, provisions, and exclusions, which are pled herein *in globo* as if copied *in extenso*.

83.

The allegations of Paragraph 83 of the *Petition for Damages*, including subparts a)-n), call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY ORMSBY

84.

The allegations of Paragraph 84 of the *Petition for Damages*, including subparts A)-C, call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

## **AFFIRMATIVE DEFENSES**

I.

Prime avers that Plaintiffs have failed to mitigate their damages.

II.

Prime avers that Plaintiffs lack a right of action as to any amounts paid by a third-party, or, in the alternative, Prime should receive a credit or offset for any amounts paid by a third-party.

III.

Prime avers the sole, or alternatively, a contributing proximate cause of the accident made the subject of this lawsuit was the negligence of Plaintiffs in failing to exercise due care, failing to take evasive measure to avoid an accident, and/or failure of Plaintiffs to mitigate their damages.

IV.

Prime avers that Plaintiffs fail to state a cause of action upon which relief may be granted.

V.

Prime avers that, in the event that medical evidence established that any pre-existing medical conditions of Plaintiffs were aggravated or exacerbated, then, in the alternative, damages should be assessed only for such aggravation or exacerbation, and not for the underlying condition existing therein.

VI.

Prime avers in the event liability and/or fault is established on the part of any defendant should the existence of comparative fault apply, then the recovery of any damages in this suit is herein barred and/or limited by such comparative negligence.

VII.

Prime avers that any recovery allegedly due to Plaintiffs herein under any policy of insurance is subject to the express terms, conditions, limitations, and exclusions of the policy allegedly at issue. Prime further avers that the burden of proving the existence of such policy and

11

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY ORMSBY

the scope of any coverage afforded thereunder is upon Plaintiffs herein.

VIII.

Prime pleads the application of La. R.S. 32:866 and the "no pay, no play" provision contained therein, in the event there is no compulsory motor vehicle liability insurance that covered that Plaintiffs' vehicle at the time of the accident.

IX.

Prime avers that the damages alleged herein were due to the superseding and intervening fault of others, including, but not limited to Plaintiffs, for whom Prime is not liable or responsible.

X.

Prime avers that the damages alleged herein was caused by the fault or negligence of others, including Plaintiffs, for whom Prime is not liable or responsible.

XI.

In the event that discovery reveals so, Prime avers that the claims herein are barred by settlement and compromise and by releasing other parties.

XII.

Prime avers that any fault or negligence that may be attributed to Prime or its purported insureds, which is strictly denied, was not a proximate cause of the damages alleged herein.

XIII.

Prime avers that all or part of Plaintiffs' claims are barred by any and all applicable statutes of limitations.

XIV.

Prime avers that in the event that its purported insured AJ & Kalila Trucking, LLC, refused and properly waived the right to have underinsured/uninsured motorist coverage under the Policy at issue, then underinsured/uninsured motorist coverage is otherwise unavailable to Plaintiffs.

XV.

Prime avers that the definition of "Bodily Injury" set forth in the policy of insurance issued by Prime excludes "mental or emotional distress, mental anguish, humiliation, embarrassment, mental anxiety, or other emotional, psychological or mental injury, or any physical manifestation thereof." In the event it is determined that Plaintiffs are entitled to compensation for mental or

12

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY ORMSBY

emotional injuries arise out of the June 5, 2022, incident, there would be no coverage under the Prime policy for such damages.

<div align="center">XVI.</div>

Prime avers that to the extent an MCS-90 Endorsement was issued in conjunction with the Policy and applies to the accident sued upon, and if Prime is obligated to make payment for claims arising out of the accident sued upon, AJ & Kalila Trucking, LLC, will be obligated to reimburse Prime for all payments made to satisfy such claim.

<div align="center">XVII.</div>

To the extent not previously set forth, and to the extent so necessary, Prime specifically pleads any and all applicable affirmative defenses not recognized under the law.

<div align="center">XVIII.</div>

Prime expressly reserves by this reference the right to raise additional defenses to the extent that:

1. Additional defenses become applicable under state and /or under federal law;

2. Additional defenses are established as discovery proceeds;

3. Additional defenses are available under subsequently asserted theories of recovery; and,

4. Any additional defenses are plead by another named defendant that are not adverse to Prime and are not otherwise set forth herein.

<div align="center">**JURY DEMAND**</div>

Prime Insurance Company requests a jury trial on all issues triable by jury.

**WHEREFORE**, defendant Prime Insurance Company prays that its answer and demand for trial by jury to Plaintiffs' *Petition for Damages* be deemed good and sufficient, and, that after all due proceedings are had, there be judgment rendered herein in Prime Insurance Company's favor and against Plaintiffs, dismissing their claims, with prejudice, at their cost, and for all just legal and equitable relief as the law may provide and this Honorable Court is competent to grant, as well as trial by jury.

24th E-Filed 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY  ORMSBY

Respectfully Submitted,

**J. GEOFFREY ORMSBY (No. 24183)**
**McDONALD G. PROVOSTY (No. 29389)**
-Of-
**SMITH & FAWER, L.L.C.**
201 St. Charles Ave., Suite 3702
New Orleans, LA 70170
Tele:   (504) 525-2200
Fax:    (504) 525-2205
Email: gormsby@smithfawer.com
        mprovosty@smithfawer.com

*Counsel for Defendant, Prime Insurance*
*Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true correct copy of the foregoing has been furnished to all counsel of record in this matter, via telecopy email, and/or U.S. Mail, on this 11th day of August 2023.

14

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY  ORMSBY

... 

Filed by: FAX
Date: 8/8/2023
Time: 11.50 Am
Deputy Clerk: S

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

## STATE OF LOUISIANA

NO. 841151                                                    DIVISION "E"

**TAMEICA BAKER, INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, ALRICK BAKER; ALRICK BAKER, JR., INDIVIDUALLY AND ON BEHALF OF HIS DECEASED FATHER, ALRICK BAKER; KALILA BAKER, INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER, ALRICK BAKER; AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN█████████ AND █████████, INDIVIDUALLY AND ON BEHALF OF THER DECEASED FATHER, ALRICK BAKER**

### VERSUS

**AMAZON LOGISTICS, INC.; AMAZON.COM, INC.; ONTIME CARRIERS, LLC; GREAT AMERICAN ASSURANCE COMPANY; MOHAVE TRANSPORTATION INSURANCE COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS, LLC; BRIAN DAVIS; LANCER INSURANCE COMPANY; PRIME INSURANCE COMPANY; MICHAEL DAVIS; MURZUKA AFRIDA; JUSTIN WALKER, RENEE MOTA; AND GERMAINE WHITE**

FILED: _____        _____
                                                        **DEPUTY CLERK**

### REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel, comes Defendant, Prime Insurance Company ("Prime"), who makes the following Request for Notice. Pursuant to La. Code Civ. Proc. Art. 1572, Prime requests written notice ten (10) days in advance of the date fixed for the trial or hearing of any exceptions, motions, or rules on the merits in the above-captioned action, and any other suit which has been, or may hereafter be, consolidated with said suit. Furthermore, Pursuant to La. Code Civ. Proc. Arts. 1913 and 1914, Prime requests immediate notice of all interlocutory orders or final orders and judgments on any exceptions, motions, or rules on the merits in the above-captioned suit and any suit which has been, or may hereafter be, consolidated with said suit.

Respectfully Submitted,

_____
**J. GEOFFREY ORMSBY (No. 24183)**
**McDONALD G. PROVOSTY (No. 29389)**
-Of-
**SMITH & FAWER, L.L.C.**
201 St. Charles Ave., Suite 3702
New Orleans, LA 70170
Tele:  (504) 525-2200
Fax:   (504) 525-2205
Email: gormsby@smithfawer.com
           mprovosty@smithfawer.com

*Counsel for Defendant, Prime Insurance Company*

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY ORMSBY

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true correct copy of the foregoing has been furnished to all counsel of record in this matter, via telecopy email, and/or U.S. Mail, on this 11th day of August 2023.

_____

24th E-Filed: 08/11/2023 17:19 Case: 841151 Div:E Atty:024183 J GEOFFREY ORMSBY



**JON A. GEGENHEIMER**

# JEFFERSON PARISH CLERK OF COURT

*24th Judicial District Court Civil Records Division – FAX Filing*
P.O. BOX 10 ● GRETNA LA 70054-0010 ● (504) 364-2971



# FACSIMILE FILING RECEIPT OF TRANSMISSION

**To:** MCDONALD G. PROVOSTY, ATTORNEY
FAX # 504-525-2205
Email: MPROVOSTY@SMITHFAWER.COM

August 08 , 20 23

**From:** s/ Mary A Najolia , *Deputy Clerk of Court*
24th JDC FAX Filing ● (504) 364-2971

**Re:** **Case #:** 841-151 **Div.:** E
**Case Title:** TAMEICA  BAKER, Et Al vs AMAZON LOGISTICS INC, Et Al

**Total Number of Pages:** 17
**Document Type:** ANSWER TO PETITION FOR DAMAGES AND JURY DEMAND, REQUEST FOR NOTICE

**Receipt is hereby acknowledged of the above described document, which was filed at**
11:50  [X] A.M. [ ] P.M. on August 08 , 20 23.

PLEASE TAKE NOTICE that per La. R.S. 13:850, as amended by Act 109 of the 2016 Regular Legislative Session, the following shall be delivered to the clerk of court:
1.   Fees for the facsimile filing and filing of the original document as stated below.
2.   A transmission fee of $5.00.
3.   Original documents identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. Original documents which are not identical to the facsimile filing or which include pages not included in the facsimile filing shall not be considered the original document.

NOTE:  Although fees due may be paid by credit card, the facsimile filing shall have no force and effect if the original documents are not delivered to the clerk of court within 7 (seven) days, exclusive of legal holidays, after the clerk of court receives the facsimile filing.

NOTE:  Per La. R.S. 13:850, the facsimile filing fee and transmission fee are incurred at the time the clerk of court receives the fax transmission, and the fees are due and payable regardless of whether the original documents are received.

[X] **Check or money order to "Jefferson Parish Clerk of Court"** $ $257.00
[ ] Check or money order payable to "East Baton Rouge Sheriff": $_____
[ ] Check or money order payable to "Jefferson Parish Sheriff": $_____
[ ] Check or money order payable to "Orleans Parish Civil Sheriff": $_____
[ ] Check or money order payable to "Louisiana Secretary of State": $_____
[ ] Check or money order payable to _____ : $_____
[ ] Check or money order payable to _____ : $_____
[ ] Send the La. Civil Case Reporting form required per La. R.S. 13:4688.
[ ] Other:

Payments to Jefferson Parish Clerk of Court can be made by credit card, all other payments must be sent by check or money order.
To pay by credit card go to:  https://ssl.jpclerkofcourt.us/JeffNetGo/CaseDeposit select court "24th Civil JDC" and enter this case number.

# ***PLEASE ENCLOSE A COPY OF THIS ACKNOWLEDGMENT
Received: Aug 08 2023 11:50:26 Pages: 17  JobID:401d9ca186e75a5
# WHEN ORIGINAL PLEADING IS SUBMITTED.***

E-Filing is available on JeffNet, visit www.jpclerkofcourt.us to learn more.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



# SMITH & FAWER LLC

### ATTORNEYS AT LAW

201 St. Charles Avenue, Suite 3702 • New Orleans, Louisiana 70170
Telephone: (504) 525-2200 • Facsimile: (504) 525-2205

**DATE:**        **8 August 2023**

**TO:**          **24th JDC, Clerk of Court**

**FAX NO:**      **(504) 364-3780**

**FROM:**        **Caroline Hera, Paralegal**

**REF/FILE NO:** **6805**

**COMMENTS:**

**Number of pages including cover sheet:** _19_

**If there are any problems with receipt of this transmission, please call (504) 525-2200.**

*This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended solely for the use of the individual or entity named above.*



**SMITH & FAWER** LLC
A T T O R N E Y S   A T   L A W

201 St. Charles Avenue, Suite 3702 • New Orleans, Louisiana 70170
Telephone: (504) 525-2200 • Facsimile: (504) 525-2205

**VIA TELECOPY**                    8 August 2023                    **File No. 6805**

Hon. Jon A. Gegenheimer
Clerk of Court, 24th JDC
200 Derbigny Street
Gretna, LA 70053

     *Re:*    *Tameica Baker, et al v. Prime Insurance Company, et al.*
            *24th JDC No. 841151 (E)*

Dear Honorable Clerk:

    Please find attached for fax-filing *Prime Insurance Company's Answer to Petition for Damages and Jury Demand.* The original and two (2) copies will follow via Federal Express along with our check to cover fax and filing fees, and a self-addressed, stamped envelope for return of a file-stamped copy.

    With kind regards, I remain

                        Respectfully,

                        McDonald G. Provosty

MGP/cah
Enclosures



24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

**NO. 841151**                                           **DIVISION "E"**

**TAMEICA BAKER, INDIVIDUALLY AND ON BEHALF OF HER DECEASED
HUSBAND, ALRICK BAKER; ALRICK BAKER, JR., INDIVIDUALLY AND ON
BEHALF OF HIS DECEASED FATHER, ALRICK BAKER; KALILA BAKER,
INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER, ALRICK BAKER;
AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ▮▮▮▮▮
▮▮▮▮AND ▮▮▮▮▮▮▮▮▮▮▮, INDIVIDUALLY AND ON BEHALF OF THER
DECEASED FATHER, ALRICK BAKER**

**VERSUS**

**AMAZON LOGISTICS, INC.; AMAZON.COM, INC.; ONTIME CARRIERS, LLC;
GREAT AMERICAN ASSURANCE COMPANY; MOHAVE TRANSPORTATION
INSURANCE COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS, LLC, BRIAN DAVIS;
LANCER INSURANCE COMPANY, PRIME INSURANCE COMPANY; MICHAEL
DAVIS; MURZUKA AFRIDA; JUSTIN WALKER, RENEE MOTA; AND GERMAINE
WHITE**

FILED: _____          _____
                                                        **DEPUTY CLERK**

<u>**ANSWER TO PETITION FOR DAMAGES AND JURY DEMAND**</u>

  **NOW INTO COURT**, through undersigned counsel, comes defendant Prime Insurance

Company (hereinafter "Prime") who, without waiving any of its defenses, files this Answer to

Plaintiffs' *Petition for Damages* in the above-captioned matter and with respect, represents and avers

as follows:

1.

  The allegations of Paragraph 1 of the *Petition for Damages* are denied for lack of sufficient

information to justify a belief as to the truth therein.

2.

  The allegations of Paragraph 2 of the *Petition for Damages* are denied for lack of sufficient

information to justify a belief as to the truth therein.

3.

  The allegations of Paragraph 3 of the *Petition for Damages* are denied for lack of sufficient

information to justify a belief as to the truth therein.



4.

The allegations of Paragraph 4 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

5.

The allegations of Paragraph 5 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

6.

The allegations of Paragraph 6 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

7.

The allegations of Paragraph 7 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

8.

The allegations of Paragraph 8 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

9.

The allegations of Paragraph 9 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

10.

The allegations of Paragraph 10 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

11.

The allegations of Paragraph 11 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

12.

The allegations of Paragraph 12 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

13.

The allegations of Paragraph 13 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



14.

The allegations of Paragraph 14 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

15.

The allegations of Paragraph 15 of the *Petition for Damages* are admitted to the extent that Prime is a surplus lines insurance company authorized to do business in Louisiana.

16.

The allegations of Paragraph 16 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

17.

The allegations of Paragraph 17 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

18.

The allegations of Paragraph 18 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

19.

The allegations of Paragraph 19 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

20.

The allegations of Paragraph 20 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

21.

The allegations of Paragraph 21 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

22.

The allegations of Paragraph 22 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



23.

The allegations of Paragraph 23 of the *Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

24.

The allegations of Paragraph 24 of *the Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

25.

The allegations of Paragraph 25 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth herein.

26.

The allegations of Paragraph 26 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

27.

The allegations of Paragraph 27 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

28.

The allegations of Paragraph 28 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

29.

The allegations of Paragraph 29 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

30.

The allegations of Paragraph 30 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

31.

The allegations of Paragraph 31 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



32.

The allegations of Paragraph 32 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

33.

The allegations of Paragraph 33 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

34.

The allegations of Paragraph 34 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

35.

The allegations of Paragraph 35 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

36.

The allegations of Paragraph 36 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

37.

The allegations of Paragraph 37 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

38.

The allegations of Paragraph 38 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

39.

The allegations of Paragraph 39 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

40.

The allegations of Paragraph 40 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

41.

The allegations of Paragraph 41 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



42.

The allegations of Paragraph 42 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

43.

The allegations of Paragraph 43 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

44.

The allegations of Paragraph 44 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

45.

The allegations of Paragraph 45 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

46.

The allegations of Paragraph 46 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

47.

The allegations of Paragraph 47 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

48.

The allegations of Paragraph 48 of the *Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

49.

The allegations of Paragraph 49 of the *Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, the allegations are denied.

50.

The allegations of Paragraph 50 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



51.

The allegations of Paragraph 51 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

52.

The allegations of Paragraph 52 of the *Petition for Damages*, including subparts a)-k), are denied for lack of sufficient information to justify a belief as to the truth therein.

53.

The allegations of Paragraph 53 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

54.

The allegations of Paragraph 54 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

55.

The allegations of Paragraph 55 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

56.

The allegations of Paragraph 56 of the *Petition for Damages*, including subparts a)-l), are denied for lack of sufficient information to justify a belief as to the truth therein.

57.

The allegations of Paragraph 57 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

58.

The allegations of Paragraph 58 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

59.

The allegations of Paragraph 59 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

60.

The allegations of Paragraph 60 of the *Petition for Damages*, including subparts a)-l), are denied for lack of sufficient information to justify a belief as to the truth therein.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



61.

The allegations of Paragraph 61 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

62.

The allegations of Paragraph 62 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

63.

The allegations of Paragraph 63 of the *Petition for Damages*, including subparts a)-g), are denied for lack of sufficient information to justify a belief as to the truth therein.

64.

The allegations of Paragraph 64 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

65.

The allegations of Paragraph 65 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

66.

The allegations of Paragraph 66 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

67.

The allegations of Paragraph 67 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

68.

The allegations of Paragraph 68 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

69.

The allegations of Paragraph 69 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

70.

The allegations of Paragraph 70 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



71.

The allegations of Paragraph 71 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

72.

The allegations of Paragraph 72 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

73.

The allegations of Paragraph 73 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

74.

The allegations of Paragraph 74 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

75.

The allegations of Paragraph 75 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

76.

The allegations of Paragraph 76 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

77.

The allegations of Paragraph 77 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

78.

The allegations of Paragraph 78 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

79.

The allegations of Paragraph 79 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

80.

The allegations of Paragraph 80 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628

81.

The allegations of Paragraph 81 of the *Petition for Damages* are denied for lack of sufficient information to justify a belief as to the truth therein.

82.

The allegations of Paragraph 82 of the *Petition for Damages* call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, Prime's policy is the best evidence of its terms, conditions, provisions, and exclusions, and the Prime policy is limited by its terms, conditions, provisions, and exclusions, which are pled herein *in globo* as if copied *in extenso*.

83.

The allegations of Paragraph 83 of the *Petition for Damages*, including subparts a)-n), call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

84.

The allegations of Paragraph 84 of the *Petition for Damages*, including subparts A)-C), call for a legal conclusion and therefore do not require an answer of Prime; however, to the extent an answer is required, these allegations are denied.

**DEFENSES**

I.

Prime avers that Plaintiffs have failed to mitigate their damages.

II.

Prime avers that Plaintiffs lack a right of action as to any amounts paid by a third-party, or, in the alternative, Prime should receive a credit or offset for any amounts paid by a third-party.

III.

Prime avers the sole, or alternatively, a contributing proximate cause of the accident made the subject of this lawsuit was the negligence of Plaintiffs in failing to exercise due care, failing to take evasive measure to avoid an accident, and/or failure of Plaintiffs to mitigate their damages.

IV.

Prime avers that Plaintiffs fail to state a cause of action upon which relief may be granted.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



## V.

Prime avers that, in the event that medical evidence established that any pre-existing medical conditions of Plaintiffs were aggravated or exacerbated, then, in the alternative, damages should be assessed only for such aggravation or exacerbation, and not for the underlying condition existing therein.

## VI.

Prime avers in the event liability and/or fault is established on the part of any defendant should the existence of comparative fault apply, then the recovery of any damages in this suit is herein barred and/or limited by such comparative negligence.

## VII.

Prime avers that any recovery allegedly due to Plaintiffs herein under any policy of insurance is subject to the express terms, conditions, limitations, and exclusions of the policy allegedly at issue. Prime further avers that the burden of proving the existence of such policy and the scope of any coverage afforded thereunder is upon Plaintiffs herein.

## VIII.

Prime pleads the application of La. R.S. 32:866 and the "no pay, no play" provision contained therein, in the event there is no compulsory motor vehicle liability insurance that covered that Plaintiffs' vehicle at the time of the accident.

## IX.

Prime avers that the damages alleged herein were due to the superseding and intervening fault of others, including, but not limited to Plaintiffs, for whom Prime is not liable or responsible.

## X.

Prime avers that the damages alleged herein was caused by the fault or negligence of others, including Plaintiffs, for whom Prime is not liable or responsible.

## XI.

In the event that discovery reveals so, Prime avers that the claims herein are barred by settlement and compromise and by releasing other parties.

## XII.

Prime avers that any fault or negligence that may be attributed to Prime or its purported insureds, which is strictly denied, was not a proximate cause of the damages alleged herein.

11

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



### XIII.

Prime avers that all or part of Plaintiffs' claims are barred by any and all applicable statutes of limitations.

### XIV.

Prime avers that in the event that its purported insured AJ & Kalila Trucking, LLC, refused and properly waived the right to have underinsured/uninsured motorist coverage under the Policy at issue, then underinsured/uninsured motorist coverage is otherwise unavailable to Plaintiffs.

### XV.

Prime avers that the definition of "Bodily Injury" set forth in the policy of insurance issued by Prime excludes "mental or emotional distress, mental anguish, humiliation, embarrassment, mental anxiety, or other emotional, psychological or mental injury, or any physical manifestation thereof." In the event it is determined that Plaintiffs are entitled to compensation for mental or emotional injuries arise out of the June 5, 2022, incident, there would be no coverage under the Prime policy for such damages.

### XVI.

Prime avers that to the extent an MCS-90 Endorsement was issued in conjunction with the Policy and applies to the accident sued upon, and if Prime is obligated to make payment for claims arising out of the accident sued upon, AJ & Kalila Trucking, LLC will be obligated to reimburse Prime for all payments made to satisfy such claim.

### XVII.

To the extent not previously set forth, and to the extent so necessary, Prime specifically pleads any and all applicable affirmative defenses not recognized under the law.

### XVIII.

Prime expressly reserves by this reference the right to raise additional defenses to the extent that:

1. Additional defenses become applicable under state and /or under federal law;

2. Additional defenses are established as discovery proceeds;

3. Additional defenses are available under subsequently asserted theories of recovery; and,

4. Any additional defenses are plead by another named defendant that are not adverse to Prime and are not otherwise set forth herein.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628



## JURY DEMAND

Prime Insurance Company requests a jury trial on all issues triable by jury.

**WHEREFORE,** defendant Prime Insurance Company prays that its answer and demand for trial by jury to Plaintiffs' *Petition for Damages* be deemed good and sufficient, and, that after all due proceedings are had, there be judgment rendered herein in Prime Insurance Company's favor and against Plaintiffs, dismissing their claims, with prejudice, at their cost, and for all just legal and equitable relief as the law may provide and this Honorable Court is competent to grant, as well as trial by jury.

Respectfully Submitted,

J. GEOFFREY ORMSBY (No. 24183)
McDONALD G. PROVOSTY (No. 28389)
-Of-
**SMITH & FAWER, L.L.C.**
201 St. Charles Ave., Suite 3702
New Orleans, LA 70170
Tele: (504) 525-2200
Fax: (504) 525-2205
Email: gormsby@smithfawer.com
       mprovosty@smithfawer.com

***Counsel for Defendant, Prime Insurance Company***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true correct copy of the foregoing has been furnished to all counsel of record in this matter, via telecopy email, and/or U.S. Mail, on this 8th day of August 2023.

13



**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 841151                                    DIVISION "E"

**TAMEICA BAKER, INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, ALRICK BAKER; ALRICK BAKER, JR., INDIVIDUALLY AND ON BEHALF OF HIS DECEASED FATHER, ALRICK BAKER; KALILA BAKER, INDIVIDUALLY AND ON BEHALF OF HER DECEASED FATHER, ALRICK BAKER; AND SHUSHANA EDWARDS ON BEHALF OF THE MINOR CHILDREN ▮▮▮▮▮▮▮▮ AND ▮▮▮▮▮▮▮▮, INDIVIDUALLY AND ON BEHALF OF THEIR DECEASED FATHER, ALRICK BAKER**

**VERSUS**

**AMAZON LOGISTICS, INC.; AMAZON.COM, INC.; ONTIME CARRIERS, LLC; GREAT AMERICAN ASSURANCE COMPANY; MOHAVE TRANSPORTATION INSURANCE COMPANY; CYNTHIA KIRKSEY; B3 LOGISTICS, LLC, BRIAN DAVIS; LANCER INSURANCE COMPANY, PRIME INSURANCE COMPANY; MICHAEL DAVIS; MURZUKA AFRIDA; JUSTIN WALKER, RENEE MOTA; AND GERMAINE WHITE**

FILED: _____        _____
                                                DEPUTY CLERK

<u>REQUEST FOR NOTICE</u>

NOW INTO COURT, through undersigned counsel, comes Defendant, Prime Insurance Company ("Prime"), who makes the following Request for Notice. Pursuant to La. Code Civ. Proc. Art. 1572, Prime requests written notice ten (10) days in advance of the date fixed for the trial or hearing of any exceptions, motions, or rules on the merits in the above-captioned action, and any other suit which has been, or may hereafter be, consolidated with said suit. Furthermore, Pursuant to La. Code Civ. Proc. Arts. 1913 and 1914, Prime requests immediate notice of all interlocutory orders or final orders and judgments on any exceptions, motions, or rules on the merits in the above-captioned suit and any suit which has been, or may hereafter be, consolidated with said suit.

Respectfully Submitted,

_____
J. GEOFFREY ORMSBY (No. 24183)
McDONALD G. PROVOSTY (No. 29389)
-Of-
SMITH & FAWER, L.L.C.
201 St. Charles Ave., Suite 3702
New Orleans, LA 70170
Tele:   (504) 525-2200
Fax:    (504) 525-2205
Email: gormsby@smithfawer.com
          mprovosty@smithfawer.com

*Counsel for Defendant, Prime Insurance Company*



## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true correct copy of the foregoing has been furnished to all counsel of record in this matter, via telecopy email, and/or U.S. Mail, on this 8th day of August 2023.

24th JDC Civil Fax Filed:08/08/2023 11:50:26 Case:841151 Div:E ID:70628