UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TAMEICA BAKER, *et al.*                              CIVIL ACTION

VERSUS                                                  NO. 23-3991

AMAZON LOGISTICS, INC., *et al.*                 SECTION M (2)

**<u>ORDER & REASONS</u>**

Before the Court is the motion of plaintiffs Tameica Baker, Alrick Baker, Jr., Kalila Baker,[1] and Shushana Edwards[2] (collectively, "Plaintiffs") for reconsideration of the Court's Order & Reasons denying remand, or, alternatively, for an order certifying the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[3] Defendants Amazon Logistics, Inc. ("Amazon")[4] and Lancer Insurance Company ("Lancer")[5] oppose the motion, and Plaintiffs reply in further support of their motion.[6] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying Plaintiffs' motion for reconsideration.

**I.  BACKGROUND**

This matter involves a claim against multiple defendants arising out of a car accident eventuating in the death of Alrick Baker ("Baker"). On June 5, 2023, on Interstate 10 in Biloxi, Mississippi, Baker's vehicle was struck when an Amazon tractor-trailer attempted to pass him.[7] Plaintiffs brought this action in state court seeking damages for Baker's death.[8] In addition to naming Amazon as a defendant, Plaintiffs sued numerous other entities and individuals, including

---

[1] Tameica Baker, Alrick Baker, Jr., and Kalila Baker appear individually and on behalf of the decedent, Alrick Baker, who was Tameica's husband and Alrick, Jr. and Kalila's father.
[2] Shushana Edwards brings claims on behalf of her minor children, who are also Alrick Baker's children.
[3] R. Doc. 21.
[4] R. Doc. 28.
[5] R. Doc. 34.
[6] R. Doc. 29.
[7] R. Doc. 2-3 at 9 (¶ 41).
[8] *Id.* at 3-20.

five individual Amazon employees (the "Amazon Supervisors"), among them, Justin Walker ("Walker").[9]

On June 15, 2023, Amazon removed the action to this Court on the basis of a diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.[10] In its notice of removal, Amazon contended that the Amazon Supervisors' citizenship should not be considered in determining diversity jurisdiction because, as employees of Amazon, none can be personally liable to Plaintiffs.[11] Thus, according to Amazon, Baker improperly joined the Amazon Supervisors (who were alleged to be Louisiana citizens[12]) to defeat federal diversity subject-matter jurisdiction.[13] Plaintiffs then filed a motion to remand,[14] which the Court granted on June 26, 2023, upon finding that only two of the four properly joined and served non-removing defendants had timely consented to removal.[15] Because the Court remanded the case back to state court on this procedural ground, it did not address whether the Amazon Supervisors were properly joined.[16]

Following remand, Walker, on August 23, 2023, removed the action to this Court, again on the basis of a diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.[17] In the notice of removal, Walker took the same position Amazon previously did in its notice of removal but which was not addressed by the Court in the prior remand – namely, that the Amazon Supervisors are improperly joined and thus their citizenship

---

[9] *Id.* at 4-6.
[10] *Id.* at 64-74; *see Baker, et al. v. Amazon Logistics, Inc., et al.*, No. 23-2078 (E.D. La.), R. Doc. 4.
[11] R. Doc. 2-3 at 71.
[12] *Id.* at 70-71.
[13] *Id.* at 71.
[14] *Baker*, No. 23-2078, R. Doc. 12 at 1-2.
[15] R. Doc. 2-3 at 107-19.
[16] *Id.* at 113 n.34.
[17] R. Doc. 2 at 5-6.

should be disregarded for jurisdictional purposes.[18] Plaintiffs then filed a second motion to remand.[19]

On October 18, 2023, the Court denied Plaintiffs' motion to remand upon finding that (1) the Amazon Supervisors were improperly joined, (2) Walker, as an unserved, forum defendant, was able to remove the case even though he was alleging his own improper joinder, and (3) all properly joined and served defendants timely filed consents to the removal.[20] Thereafter, Plaintiffs filed the instant motion for reconsideration.

**II.    PENDING MOTION**

In support of their motion for reconsideration, Plaintiffs raise two arguments: (1) that Walker failed to obtain and file the consent of Amazon; and (2) that Walker's snap removal (which Plaintiffs say was based on his not being served) was improper because he should be deemed to have been served prior to removal through the mechanism of his filing an answer in the previously remanded federal court case.[21] Plaintiffs then cite to other district court cases to argue that "[t]he district courts are in conflict" over whether a forum defendant can snap remove a case.[22] In the alternative, Plaintiffs ask the Court to certify the Order & Reasons as immediately appealable pursuant to 28 U.S.C. § 1292(b).[23]

In opposition, Amazon argues that Walker obtained and filed into the record Amazon's consent to removal.[24] Amazon explains that Walker included in a footnote to his notice of removal the statement that "undersigned represents Amazon Logistics, Inc., Amazon.com, Inc., and the

---

[18] *Id.* at 7-9.
[19] R. Doc. 8.
[20] R. Doc. 18.
[21] R. Doc. 21-1 at 2-3.
[22] *Id.* at 4.
[23] *Id.* at 3-5.
[24] R. Doc. 28 at 2-3.

3

'Amazon Supervisors,' all of whom consent to removal."[25] Amazon also argues that even if Walker's filing of his answer in the previous case constituted service, removal was still timely as the notice of removal was filed within 30 days of filing his answer.[26] Amazon does not address Plaintiffs' request for certification.

In reply, Plaintiffs reiterate that Walker was not allowed to snap remove the case based on his status as an unserved defendant because he filed his answer before filing the notice of removal.[27] Plaintiffs also argue that by not raising the defense of insufficient service of process in his answer, he waived this defense.[28]

Lancer also opposes Plaintiffs' motion, arguing that neither reconsideration nor certification is warranted.[29] Lancer argues that the statement contained in Walker's notice of removal constitutes sufficient consent because it was made by an agent of Amazon – its counsel of record.[30] Next, Lancer argues that Walker did not waive insufficient service of process by filing his answer.[31] Lancer then states that the cases cited by Plaintiffs for the proposition that the courts are "in conflict" over whether a forum defendant can snap remove a case are distinguishable and do not address the issue of whether an improperly joined, nondiverse forum defendant may remove an action.[32] Thus, says Lancer, there is no substantial ground for difference of opinion, and furthermore, an immediate appeal would not materially advance the ultimate termination of the litigation.[33]

---

[25] *Id.* at 3 (quoting R. Doc. 1 at 6 n.14).
[26] *Id.*
[27] R. Doc. 33 at 1-2.
[28] *Id.*
[29] R. Doc. 34 at 1.
[30] *Id.* at 2-4.
[31] *Id.* at 5-6.
[32] *Id.* at 6-8.
[33] *Id.* at 2, 6-8.

### III.  LAW & ANALYSIS

#### A. Motion for Reconsideration

Motions for reconsideration of interlocutory orders are governed by Federal Rule of Civil Procedure 54(b). Under that rule, a "court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation omitted). Rule 54(b) "reflect[s] 'the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires.'" *Id.* at 337 (quoting *Cobell v. Jewell*, 802 F.3d 12, 25-26 (D.C. Cir. 2015) (internal citations and quotations omitted)). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. *See Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993) ("if the district court was required to reconsider [an interlocutory order] simply because [the losing party] belatedly came forward with evidence not submitted prior to the ruling[,] ... the cycle of reconsideration would be never-ending"); *Domain Protection, LLC v. Sea Wasp, LLC*, 2019 WL 3933614, at *5 (E.D. Tex. Aug. 20, 2019) ("although a district court may revisit an interlocutory order on any ground it sees fit, it may also use its discretion to prevent parties from, without justification, raising new arguments for the first time") (emphasis, alterations, and quotation omitted); 18B CHARLES A. WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4478.1 (3d ed. 2019) ("A trial court could not operate if it were to yield to every request to reconsider each of the multitude of rulings that may be made between filing and final judgment.").

1. **Amazon consented to removal**

Plaintiffs first argue that Walker did not obtain Amazon's consent to removal. As explained more fully in the Order & Reasons, the Fifth Circuit requires either that each properly joined and served defendant join in the notice of removal or that there be a "timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Here, Walker's notice of removal plainly states that "undersigned counsel represents Amazon Logistics, Inc., Amazon.com Inc., and the 'Amazon Supervisors,' all of whom consent to removal."[34] Accordingly, a person acting on behalf of Amazon, and clothed with the authority to consent on its behalf – namely, Amazon's own counsel – timely filed a written indication of its consent.

2. **Even if Walker's filing of an answer means he was "properly served" for purposes of 28 U.S.C. § 1441, his removal was timely and proper**

Plaintiffs also argue that Walker was not allowed to "snap remove" the case to federal court – at least on the basis of his being unserved – because he answered after Amazon's removal but before the case was remanded and thus before filing his own notice of removal. In other words, by filing an answer in this Court before the case was previously remanded, Walker cannot be considered "unserved" now. However, if the filing of Walker's answer indeed equates to his being served, then Walker did not "snap remove" the case at all. As explained in the Order & Reasons, "snap removal" refers to the practice of removing an action to federal court on diversity grounds after a complaint has been filed but *before a forum defendant has been served.*[35] Because Walker, as a served forum defendant, arguably did not snap remove the case at all, the only significance of

---

[34] R. Doc. 2 at 6 n.14.
[35] R. Doc. 18 at 15.

Walker's answer – to the extent it equates to service – is that its filing began his 30-day removal clock. Walker filed his answer on July 24, 2023, and he filed his notice of removal less than 30 days later, on August 22, 2023. Therefore, his removal was timely.

The question then becomes whether Walker's removal, while timely, was also proper under the forum-defendant rule. The forum-defendant rule, codified in 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Simply put, an action may not be removed if there are any properly served *and* properly joined forum defendants. Walker is a forum defendant since he is a Louisiana citizen. And, assuming *arguendo* that the filing of Walker's answer amounts to "service," Walker is deemed properly served. However, Walker is still not properly joined for all the reasons set out in the Order & Reasons – reasons which are not challenged in Plaintiffs' current motion.

In its Order & Reasons, the Court relied on the rationale laid out in *Molina v. American Access Casualty Co.*, 2021 WL 3639790 (W.D. Tex. Aug. 17, 2021), to conclude that "nothing in § 1441(b)(2) prohibits a forum defendant like Walker from removing an action based on his own improper joinder."[36] *Molina* involved a notice of removal filed by a properly served forum defendant that was contending that the forum-defendant rule did not apply because it was improperly joined. Thus, the *Molina* court addressed the question "whether in-state defendants *who have been served* but assert that they have been improperly joined can remove to federal court on the basis of diversity jurisdiction." 2021 WL 3639790, at *3 (emphasis added). The court held they can, stating:

---

[36] *Id.* at 19.

> Although *Texas Brine* [*Co. v. Am. Arb. Ass'n Inc.*, 955 F.3d 482 (5th Cir. 2020)] focused on whether the in-state defendant had been properly served, its analysis applies equally to the requirement that the in-state defendant be "properly joined." Nothing in the statute appears to prohibit removal by a forum-defendant who asserts that it has been improperly joined to the action. Plaintiff has failed to identify – and the Court has been unable to locate – any cases that were remanded to state court on this basis. "The plain-language reading of the forum-defendant rule as applied in this case does not justify a court's attempt to revise the statute." *Texas Brine*, 955 F.3d at 487. Accordingly, the Court concludes that A-Max's removal of this action on the basis of its own improper joinder was not barred by the forum defendant rule.

*Id.* at *4; *see also West v. Home Depot U.S.A., Inc.*, 2021 WL 4622213, at *2 (E.D. La. Oct. 7, 2021) ("Thus, a properly joined in-state defendant will prevent removal, but an improperly joined in-state defendant will not.") (footnote omitted) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004)). On this motion for reconsideration, the Court again agrees with the holding in *Molina* that, under the express language of § 1441(b)(2), a served but improperly joined forum defendant may remove a case to federal court on the basis of diversity jurisdiction.

Plaintiffs state that the "district courts are in conflict on the issue" of whether a forum defendant can snap remove a case.[37] Specifically, Plaintiffs state that "[w]hile *Molina* … allowed removal[,] other cases have held to the contrary," and cite several cases in support of this argument.[38] But as already explained in the Order & Reasons, these cases are distinguishable,[39] and, contrary to Plaintiffs' argument, none conflict with *Molina*.[40] The removing defendants in each of the cited cases either did not argue, or could not prove, that the nondiverse forum defendants were improperly joined. Instead, the removing defendants in those cases argued that

---

[37] R. Doc. 21-1 at 4. Again, though, if Walker is deemed to have been served, snap removal is not in play.
[38] *Id.*
[39] R. Doc. 18 at 18.
[40] *See Andrews v. Amerco*, 920 F. Supp. 2d 696, 705 (E.D. La. 2013); *Edsel v. Berkley*, 2021 WL 4503795 (N.D. Tex. Oct. 1, 2021); *Coleman v. Lowe's Home Ctrs., L.L.C.*, 2021 WL 1115579 (W.D. La. Mar. 5, 2021), *adopted*, 2021 WL 1114278 (W.D. La. Mar. 23, 2021); *Smith v. Gallardo*, 2020 WL 7695999 (N.D. Tex. Dec. 28, 2020); *Bingabing v. Est. of Warren*, 2020 WL 3639662 (N.D. Tex. July 6, 2020); *Lovett v. Bright Horizons Children's Ctr., LLC*, 2020 WL 3410898 (W.D. Tex. June 19, 2020); *Cox v. J.B. Hunt Transp., Inc.*, 2020 WL 3288090 (S.D. Tex. June 17, 2020).

diversity subject-matter jurisdiction was established merely because the nondiverse, forum defendants were unserved. Thus, the removing defendants in those cases – like the Plaintiffs here – conflate the forum-defendant rule in § 1442(b)(2) with the requirement of original diversity jurisdiction in § 1332. *See Lovett*, 2020 WL 3410898, at *2 ("However, Bright Horizons confuses the forum-defendant rule in § 1442(b)(2) with the requirement of original diversity jurisdiction in § 1332. … In sum, when evaluating whether diversity exists, a court cannot ignore a defendant's citizenship simply because the defendant has not yet been served."); *Cox*, 2020 WL 3288090, at *1-2 ("J.B. Hunt does not argue that Munson was improperly joined or that he should be dismissed from this case. … The forum-defendant rule applies only to defendants that have been 'properly joined and served,' 28 U.S.C. § 1441(b)(2); there is no similar limiting language in the statute requiring diversity of citizenship.").

Because, according to Plaintiffs, Walker is deemed served by filing his answer, he did not snap remove the case. Instead, this case presents the more ordinary occurrence of removal based on an in-state defendant's improper joinder. The only wrinkle is the fact that Walker removed the case alleging his own improper joinder, but Plaintiffs fail to cite – and the Court has not located – any case law preventing such a removal. The plain language of § 1441(b)(2) allows for such removal. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought.") (emphasis added). And there is no language in any other removal provision that precludes an improperly joined defendant from being the removing party. *See* 28 U.S.C. § 1441(a) ("any civil action … may be removed by the defendant or the defendants," with no limitation that the removing defendant be "properly joined").

9

B. **Certification for Interlocutory Appeal**

"An order denying a motion to remand is not appealable as a final decision within the meaning of 28 U.S.C. § 1291; standing alone, such a ruling cannot be appealed unless certified by the district court under 28 U.S.C. § 1292(b)." *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 539 (5th Cir. 2005). Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals … may thereupon, in its discretion, permit an appeal to be taken from such order ….

Thus, a party moving for interlocutory appeal in the district court must demonstrate that (1) the court's order involved a controlling question of law, (2) there is substantial ground for difference of opinion about the question of law, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007). All three criteria must be satisfied for an order to be certified for interlocutory appeal, *see Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981), and the burden is on the moving party to show the necessity of the appeal. *Chauvin v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007). Interlocutory review is generally reserved for "exceptional" cases because the basic structure of appellate jurisdiction disfavors piecemeal appeals. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

1. **Whether a controlling issue of law is involved**

"On interlocutory review, 'the question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record.'" *Ridgeway v. Stryker Corp.*, 2017 WL 5503747, at *3 (E.D. La. Nov. 16, 2017) (quoting *In re Royce Homes*

*LP*, 466 B.R. 81, 94 (S.D. Tex. 2012)) (emphasis and alteration omitted).  "An issue of law is controlling when it has the potential to impact the course of the litigation." *Dorsey v. Navient Sols., Inc.*, 2015 WL 6442572, at *2 (E.D. La. Oct. 23, 2015); *see also In re Cella III, LLC*, 619 B.R. 627, 634 (E.D. La. 2020).  Moreover, "'an issue is not seen as controlling if its resolution on appeal would have little or no effect on subsequent proceedings.'" *In re Cent. La. Grain Co-op., Inc.*, 489 B.R. 403, 411 (W.D. La. 2013) (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723 (N.D. Tex. 2006)).

Here, whether a nondiverse, forum defendant may remove a case alleging his own improper joinder is a question of law.  The issue is fairly considered "controlling" because it is dispositive: the Court's ruling that Walker properly removed the case would require reversal and remand if decided incorrectly.  Additionally, the Court's finding that the in-state defendants were improperly joined is material to the district court's denial of Plaintiffs' motion to remand.  If the district court erred in finding that the in-state defendants were improperly joined, then the Court would lack subject-matter jurisdiction over the case.  Therefore, the Order & Reasons does involve controlling questions of law.

### 2.  Whether the question is one involving substantial ground for difference of opinion

A substantial ground for difference of opinion exists:

> (1) when a lower court rules in a way that appears to conflict with the rulings of all appellate courts that have decided the issue, (2) when the circuits are in dispute and the Court of Appeals of the relevant circuit has not decided the issue, (3) when complicated issues of foreign law arise, or (4) when the case presents difficult questions of first impression.

*Dorsey*, 2015 WL 6442572, at *2.

Plaintiffs apparently rely on the second ground, arguing that certification is warranted because the Fifth Circuit has not yet ruled on the issue of whether a forum defendant can snap

11

remove a case, and because the district courts are "in conflict on the issue."[41] However, as explained above, the courts are not in conflict on this issue, and the Plaintiffs' reliance on the district court cases they cite is misplaced. Indeed, the Court's Order & Reasons is entirely consistent with *Texas Brine*, 955 F.3d at 486-87, and subsequent district court decisions addressing snap removal. *See, e.g.*, *Baele v. Univ. Healthcare Sys., L.C.*, 2023 WL 4882818, at *2 (E.D. La. Aug. 1, 2023) ("This Court agrees with the reasoning and analysis of its fellow Fifth Circuit district courts that the text of Section 1441(b)(2) permits a forum defendant who has not been 'properly joined and served' to remove an action under Section 1441(b)(2), and that such a reading of the Section does not lead to an absurd result."); *Hvamstad v. Nat'l Interstate Ins. Co.*, 2022 WL 17086690, at *3 (W.D. La. Nov. 3, 2022) ("[I]n the wake of *Texas Brine*, district courts within the Fifth Circuit – including this Court – have repeatedly held that a forum defendant may remove a case to federal court as long as no forum defendant has been served.") (footnote omitted), *adopted*, 2022 WL 17085936 (W.D. La. Nov. 18, 2022).

In any event, if Walker is truly deemed "served" by having filed an answer, as Plaintiffs argue, his removal was not a snap removal but, instead, a removal by a served but improperly joined forum defendant. As discussed above, such a removal is permitted under a plain reading of § 1441(a) and (b)(2) and is consistent with the district court's decision in *Molina*, 2021 WL 3639790, at *3-4. And Plaintiffs fail to cite any case that conflicts with this holding. In this light, the question of law actually posed by this case presents no substantial ground for difference of opinion.

---

[41] R. Doc. 21-1 at 4.

### 3. Whether an immediate appeal will materially advance the ultimate termination of the litigation

Having found no substantial ground for disagreement, the Court need not determine whether immediate appeal would advance the termination of the litigation. Nonetheless, it is worth noting that the case law casts doubt on whether it would do so. *See, e.g.*, *In re BP P.L.C. Sec. Litig.*, 2013 WL 12156398, at *5 (S.D. Tex. Jan. 4, 2013) ("The Court finds that an interlocutory appeal of its [order denying remand] will not materially advance the ultimate termination of the litigation. If the Fifth Circuit were to find that … jurisdiction is not present in this case, the litigation would not terminate; it would simply shift to another forum."). Further, an immediate appeal might only be said to advance the termination of the litigation if the Fifth Circuit were to conclude that this Court did not have jurisdiction; if the Fifth Circuit were to agree that remand was not appropriate, the litigation will not have been advanced by an immediate appeal but will have been considerably delayed. *Singh v. Daimler-Benz*, AG, 800 F. Supp. 260, 263 (E.D. Pa. 1992), *aff'd*, 9 F.3 303 (3d Cir. 1993). Notably, Plaintiffs fail to address this element entirely.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion for reconsideration is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' motion for an order certifying the Court's October 18, 2023 Order & Reasons for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.

New Orleans, Louisiana, this 15th day of November, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE