UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TAMEICA BAKER, *et al.* | CIVIL ACTION |
| VERSUS | NO. 23-3991 |
| AMAZON LOGISTICS, INC., *et al.* | SECTION M (2) |

### **ORDER & REASONS**

Before the Court is the motion[1] of defendants Amazon Logistics, Inc. and Amazon.com Services, Inc. (together, "Amazon") for review of the magistrate judge's order[2] granting the motion of plaintiffs Tameica Baker, Alrick Baker, Jr., Kalila Baker,[3] and Shushana Edwards[4] (collectively, "Plaintiffs") for leave to file an amended complaint.[5] Plaintiffs respond in opposition,[6] and Amazon replies in further support of its motion.[7] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

**I.    BACKGROUND**

This case involves a two-vehicle accident resulting in the death of Alrick Baker. On June 5, 2023, Baker's vehicle was struck when an Amazon tractor-trailer attempted to pass him on Interstate 10 in Biloxi, Mississippi.[8] Plaintiffs initially brought this action for wrongful death and survival damages against several defendants, including Amazon, in state court.[9] On June 15,

---

[1] R. Doc. 83.
[2] R. Doc. 78.
[3] Tameica Baker, Alrick Baker, Jr., and Kalila Baker appear individually and on behalf of the decedent, Alrick Baker, who was Tameica's husband and Alrick, Jr. and Kalila's father.
[4] Shushana Edwards brings claims on behalf of her minor children, who are also Alrick Baker's children.
[5] R. Doc. 72.
[6] R. Doc. 84.
[7] R. Doc. 85.
[8] R. Doc. 2-3 at 7-11.
[9] *Id.* at 3-6, 18-20.

defendants removed the action to this Court.[10]  Pursuant to a scheduling order issued on April 3, 2024, the parties were required to file any amendments to the pleadings by June 3, 2024.[11]  The Court subsequently extended the June 3 deadline to August 1, 2024.[12]  On July 31, 2024, Plaintiffs filed a motion for leave to amend their complaint to add Amazon's insurers, Zurich American Insurance Company and Indemnity Insurance Company of North America (together, "Insurers") as defendants.[13]

Amazon opposed Plaintiffs' motion for leave to amend on the basis that an amendment ("Act 275") to Louisiana's direct action statute (La. R.S. 22:1269), effective August 1, 2024, bars Plaintiffs from naming Insurers as defendants in this case.[14]  The relevant portion of the statute as of July 31, 2024, when Plaintiffs filed their motion, read in pertinent part:

> B. (1) The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the [liability insurance] policy; and, such action may be brought … against both the insured and insurer jointly and in solido ….

La. R.S. 22:1269.  The same subsection of the statute as amended by Act 275 on August 1, 2024, now limits a plaintiff's right to bring a direct action against an insurer, either with the insured or in solido, as follows:

> B. (1)  The injured person or, if deceased, the persons identified in Civil Code Arts. 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
>
> (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
>
> (b) The insured is insolvent.

---

[10] R. Doc. 2.
[11] R. Doc. 46.
[12] R. Docs. 57; 62.
[13] R. Doc. 72.
[14] R. Doc. 76.

> (c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.
>
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
>
> (e) When the insurer is an uninsured motorist carrier.
>
> (f) The insured is deceased.
>
> (g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

2024 La. Sess. Law Serv. Act 275 (H.B. 337). None of these six criteria is satisfied in this case. In opposition to Plaintiffs' motion for leave to amend, Amazon argued that because the direct action statute is procedural, rather than substantive, Act 275's limitations apply retroactively to bar Plaintiffs from adding Insurers as defendants.[15] Thus, said Amazon, the Plaintiffs' motion was futile and should have been denied on that basis.[16]

Plaintiffs, in reply, agreed that the direct action statute "creates a procedural right of action," but contended that Act 275 does not apply in this case because changes to procedural rules cannot apply retroactively to disturb vested rights.[17] Plaintiffs argued that their right to bring a direct action against Insurers vested prior to Act 275's effective date and, therefore, application of the act's new restrictions to bar them from naming Insurers as defendants would impermissibly divest them of this right.[18]

On August 21, 2024, the magistrate judge granted Plaintiffs' motion for leave to amend,[19] and the amended complaint naming Insurers as defendants was deemed filed as of July 31, 2024

---

[15] *Id.* at 4-5.
[16] *Id.* at 5.
[17] R. Doc. 77 at 2 (emphasis omitted).
[18] *Id.* at 3.
[19] R. Doc. 78.

(the day Plaintiffs sought leave).[20]  While observing that "Louisiana courts consistently treat the [d]irect [a]ction statute as conferring substantive rights on third parties, which become vested at the moment of the accident subject only to such defenses as the tortfeasor himself may legally interpose," the magistrate judge found it unnecessary to evaluate whether Act 275 applies retroactively in this case because Plaintiffs' amendment "occurred before the effective date of the amended version of La. [R.S.] 1269, [and is thus] governed by the prior version of the statute."[21]  Now, Amazon seeks review of the magistrate judge's order.[22]

## II.   PENDING MOTION

In its motion, Amazon argues that the magistrate judge erred in granting Plaintiffs' motion for leave to amend by "avoiding the question of the amendment's retroactivity" and "erroneously rel[ying] on questionable federal case law," rather than decisions of the Louisiana supreme court, in finding that the direct action statute has been held to confer substantive rights on injured third parties.[23]  Amazon further argues that, because the direct action statute is considered a procedural statute under Louisiana law, Act 275 should be applied retroactively.[24]

In opposition, Plaintiffs maintain that retroactive application of the amended version of the direct action statute in this case would impermissibly disturb their vested rights.[25]  Plaintiffs also argue that, if the Court were to find that Act 275 applied in this case, "all insurers named in every pending case in the state of Louisiana would have to be dismissed from those cases."[26]

---

[20] *Id.* at 7 & n.19 (collecting cases).
[21] *Id.* at 7.
[22] R. Doc. 83.
[23] R. Doc. 83-1 at 3.
[24] *Id.* at 4.
[25] R. Doc. 84 at 2.
[26] *Id.* at 3.

Amazon replies that "Plaintiffs have not established that the changes to the Direct Action Statute are substantive, and thus only apply prospectively."[27] Amazon then reiterates that the statute itself is procedural because it "merely grants a procedural right of action" against an insurer, predicated on a plaintiff's substantive cause of action against the insured.[28] Finally, Amazon contends that "Louisiana jurisprudence does not recognize a vested right to file suit against an insurer generally," and that Plaintiffs have not established how retroactive application of Act 275 would disturb their vested rights.[29]

### III. LAW & ANALYSIS

#### A. Legal Standard

Magistrate judges are empowered to "hear and determine" certain nondispositive pretrial motions, including a motion for leave to amend the complaint. 28 U.S.C. § 636(b)(1)(A); *see also PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 n.11 (5th Cir. 1996). If a party is dissatisfied with a magistrate judge's ruling on a nondispositive motion, it may appeal to the district court. Fed. R. Civ. P. 72(a). When timely objections are raised, the district court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). The court reviews the magistrate judge's "factual findings under a clearly erroneous standard, while legal conclusions are reviewed *de novo*." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quotations omitted). A factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

---

[27] R. Doc. 85 at 1.
[28] *Id.* at 2.
[29] *Id.* at 3.

5

Courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend is not automatic. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). Courts consider multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182. An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

### B. Analysis

Before evaluating whether retroactive application of Act 275 is appropriate in this case, "it must first be ascertained whether application of the statute to the facts of the particular case would in fact qualify as a retroactive application." *Church Mut. Ins. Co. v. Dardar*, 145 So. 3d 271, 279 (La. 2014) (citing *Walls v. Am. Optical Corp.*, 740 So. 2d 1262, 1272-73 (La. 1999)). "'A statute does not operate retrospectively merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law.'" *Walls*, 740 So. 2d at 1266 (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269 (1994)). Rather, a statute operates retroactively "'when it goes back to the past either to evaluate the conditions of the legality of an act, or to modify or suppress the effects of a right already acquired.'" *Church Mutual*, 145 So. 3d at 279 (quoting 1 MARCEL PLANIOL, TREATISE ON THE CIVIL LAW § 243, at 174 (La. St. L. Inst. trans. 1959)). Application of Act 275 in this case falls in the latter category, as it would

6

"suppress" the effect of the right of action Plaintiffs had "already acquired" to sue Insurers directly. Thus, Act 275, if it were applied, would have retroactive effect here.

The Louisiana Civil Code states that "substantive laws apply prospectively only," and procedural laws "apply both prospectively and retroactively, unless there is a legislative expression to the contrary." La. Civ. Code art. 6. Therefore, determining the retroactive effect of a law is a "two-fold inquiry." *Church Mutual*, 145 So. 3d at 279 (citing *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 998 So. 2d 16, 29 (La. 2008)). The first inquiry is "whether the legislature expressed an intent concerning the retroactive or prospective application of the law." *Id.* Here, the legislature did not indicate whether Act 275 should be applied retroactively. Thus, we move to the second step – discerning such intent "by classifying the law as either substantive, procedural, or interpretive." *Id.* A substantive law "creates, confers, defines, destroys or otherwise regulates rights, liabilities, causes of action or legal duties," while a procedural law "describes the method of enforcing, processing, administering or determining rights, liabilities or status." *In re Am. Waste & Pollution Control Co.*, 597 So. 2d 1125, 1128 (La. App. 1992) (citing *Thomassie v. Savoie*, 581 So. 2d 1031, 1034 (La. App. 1991)). A statute that "merely prescribes the method of enforcing a right which previously existed or maintains redress for invasion of rights" is procedural. *Id.* (citing *Young v. Am. Hoechst Corp.*, 527 So. 2d 1102, 1103 (La. App. 1988)). Louisiana courts have held, and the parties agree,[30] that the direct action statute is properly classified as procedural. *See, e.g., Soileau v. Smith True Value & Rental*, 144 So. 3d 771, 780 (La. 2013) ("The Direct Action Statute does not create an independent cause of action against the insurer[;] it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured." (citing *Descant v. Admin'rs Tulane Educ. Fund*, 639 So. 2d 246, 249 (La. 1994))).

---

[30] R. Docs. 76 at 4-5; 77 at 2-3.

7

However, changes to a procedural law cannot apply retroactively so as to divest a party of a vested right in a cause of action. *See Church Mutual*, 145 So. 3d at 280. "A right is vested when 'the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future benefit ... does not constitute a vested right.'" *Id.* (quoting *Sawicki v. K/S Stavanger Prince*, 802 So. 2d 598, 604 (La. 2001)).

Before Act 275, Louisiana's direct action statute gave injured parties "a procedural right of action" against an alleged tortfeasor's insurer. *Soileau*, 144 So. 3d at 775. Without this "special" statutory right, tort victims "would have [had] no right of action against an alleged tortfeasor's liability insurer because the obligation between the plaintiff and the alleged tortfeasor is delictual in nature, and the plaintiff has no contractual relationship with the tortfeasor's insurer." *Id.* The injured third party's procedural right thus arose out of a plaintiff's substantive cause of action in tort against the insured, which vests when the last fact establishing an element of the alleged tort occurs. *See Young v. First Nat'l Bank of Shreveport*, 794 So. 2d 128, 136 (La. App. 2001) ("A cause of action in tort is a vested property right." (citing *Faucheaux v. Alton Ochsner Med. Found.,* 470 So. 2d 878 (La. 1985))); *see also M.J. Farms*, 998 So. 2d at 34 (collecting cases) ("[A] cause of action accrues when a party has the right to sue."); *see also Austin v. Abney Mills, Inc.*, 824 So. 2d 1137, 1148 (La. 2002) ("[F]or a negligence cause of action to accrue, three elements are required: fault, causation and damages."). "When a party acquires a right … to sue for a cause of action … that right becomes a vested property right and is protected by the due process guarantees." *Falgout v. Dealers Truck Equip. Co.*, 748 So. 2d 399, 407 (La. 1999).

Until August 1, 2024, the only circumstances necessary for an injured third party to have a direct right of action against an insurer (together with the insured tortfeasor) were an injury to

8

the third party, allegedly caused by the insured, resulting in damages, and a liability insurance policy between the alleged tortfeasor and the insurer. *Cf. Church Mutual*, 145 So. 3d at 282 (observing that a workers' compensation statute required the occurrence of two "operative facts giving rise to a cause of action" and that the plaintiff's statutory right to treatment was "a 'mere expectancy of future benefit' and not 'absolute, complete and unconditional, independent of a contingency,' *i.e.*, vested" until the second fact – the necessity of treatment – arose (quoting *Sawicki*, 802 So. 2d at 604)). Plaintiffs had a procedural right to sue Insurers when the accident occurred on June 5, 2023, which at that time may have been appropriately characterized as a mere expectancy of a future benefit and not absolute, complete, or unconditional, independent of a contingency. But when Plaintiffs exercised that right by moving for leave to file an amended complaint adding Insurers as defendants in this case on July 31, 2024, Plaintiffs' right to bring the direct action against the Insurers became a vested property right that cannot be divested retroactively.

Amazon seems to argue that because the right conferred by the direct action statute is merely a procedural vehicle for asserting a substantive right, and not a substantive right itself, it can be revoked by the legislature at any time, even from plaintiffs who have already exercised it.[31] This does not comport with Louisiana supreme court precedent. In *Church Mutual*, the court stated that "procedural statutes … become operative only when and if the remedy they serve to facilitate is invoked." *Id.* at 287. Thus, while the procedural right to bring a direct action against an insurer is a "mere expectancy of a future benefit" until exercised, once that procedural right has been properly invoked, the plaintiff acquires a vested right in the pending action – essentially, the right to pursue the insured's substantive cause of action, *i.e.,* the remedy sought to be effectuated by the

---

[31] R. Doc. 85 at 3-4.

9

direct action statute. The direct action statute, like the provision at issue in *Church Mutual*, "is a procedural vehicle that concerns the procedure for enforcing a substantive right." *Id.* Had Plaintiffs moved to amend their complaint on or after August 1, 2024, there would have been no retroactive application of Act 275 and the new law would have applied because when a procedural "remedy is invoked after the statute's enactment … the statute operates in the future regardless of the time of the events giving rise to the cause of action." *Id.* In this instance, though, because Plaintiffs invoked their procedural right under the direct action statute on July 31, 2024, thereby acquiring a vested "present interest … independent of a contingency" in their action against Insurers, prior to Act 275's effective date on August 1, 2024, the legislative amendment cannot apply retroactively to divest Plaintiffs of that right. Consequently, Plaintiffs' motion for leave to amend their complaint was not futile, and the magistrate judge did not err in granting it.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Amazon's motion (R. Doc. 83) is DENIED.

New Orleans, Louisiana, this 30th day of September, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE