UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMEICA BAKER, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3991 |
| AMAZON LOGISTICS, INC. | * | SECTION "M" (2) |

## ORDER AND REASONS

Pending before me are three motions filed by Defendants Amazon Logistics, Inc. and Amazon.com, Inc. (collectively, "Amazon"):  (1) Motion for Protective Order; (2) Motion for Expedited Hearing on Motion for  Protective Order; and (3) Motion for Status Conference.  ECF Nos. 120, 121, 122.  Plaintiffs filed Opposition Memoranda.  ECF Nos. 123, 124.  Defendants filed Reply Memoranda.  ECF Nos. 125, 126.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion for Expedited Hearing and for Protective Order are GRANTED as stated herein and the Motion for Status Conference is DENIED.

## I.    BACKGROUND

This case arises from car accident resulting in the death of Alrick Baker ("Baker").  ECF No. 2-3.  Plaintiffs allege that, on June 5, 2023, while driving on Interstate 10 in Biloxi, Mississippi, an Amazon Logistics, Inc. tractor-trailer, driven by defendant Cynthia Kirksey, struck Baker while attempting to pass him.  *Id*. ¶¶ 25-35, 38-43.  The Court's April 3, 2024, Scheduling Order established a March 24, 2025 trial date with a February 18, 2025 discovery deadline.  ECF No. 46 at 3-4.  The parties have sought court intervention regarding numerous matters, including several discovery disputes.  *See, e.g.*, ECF Nos. 71, 99.

1

This current discovery disputes involves the parties' inability to agree on the terms of a protective order to govern discovery in this case. Defendants essentially seek a blanket protective order to allow them to impose safeguards so that their information produced in this litigation is not used outside of the litigation. ECF No. 120-1 at 1-2. Defendants contend that Plaintiffs have sought information that it considers trade secret and confidential business information, but Plaintiffs did not respond to their requests for entry of a protective order. *Id.* at 3. Defendants contend they define trade secrets narrowly and ask that the Court impose an "attorneys' eyes only" restriction for trade secrets. *Id.* at 6-7. They also seek to protect information characterized as commercially sensitive. *Id.* at 7-11.

In Opposition, Plaintiffs argue that Defendants have not shown good cause for issuance of a protective order and disputes their characterization of certain information as trade secret or commercially sensitive. ECF No. 123 at 1-3. Plaintiffs argue this motion is an attempt to avoid tomorrow's scheduled deposition. *Id.* at 3-4.

In Reply, Defendants argue that the motion has no impact on tomorrow's deposition and is being sought in an effort to facilitate the deposition, not hinder it. ECF No. 125. Entry of a protective order allows the parties to proceed with questions implicating any trade secret or commercially sensitive information. *Id.*

## II.    <u>APPLICABLE LAW</u>

A court may, for good cause, issue a protective order under Rule 26(c)(1) of the Federal Rules of Civil Procedure. "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[1] The party seeking protection bears the burden of showing that a protective order is necessary, "which contemplates a particular and

---

[1] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

specific demonstration of fact as distinguished from stereotyped and conclusory statements."[2]  In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[3]  Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way.  Fed. R. Civ. P. 26(c)(1)(D), (G).

"There are essentially three types of protective orders in terms of the amount of information covered. The narrowest is a protective order covering specific, identified information."[4]  Before a court issues a "narrow" order of protection, it first reviews the material to be designated confidential, so it is clear in that case that "good cause" for the order exists.[5]  On the other end of the protective-order spectrum is the so-called "umbrella" protective order, which predesignates all discovery as protected[6] and does not require a specific showing of good cause before the designation.[7]  The third type is the "blanket" protective order, which permits either party to deem confidential any documents he or she believes in good faith contain confidential information.[8]  "As a general proposition, a district court [may] exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a

---

[2] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotations and citation omitted); *see also E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citation omitted).

[3] *Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).

[4] *Id.* (quoting *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995), *overruled on other grounds by S.E.C. v. TheStreet.Com*, 273 F.3d 222 (2d Cir. 2001)).

[5] *Id.* (citation omitted).

[6] *Id.* (same); *see also* 8A Charles Alan Wright, et al., Federal Practice and Procedure § 2044.1 (2d ed. 2008)  ("In general, [protective orders] are to be entered only on a specific showing of good cause, but on many occasions they are embodied in 'umbrella' orders entered on stipulation in advance of discovery and apply to all materials deemed confidential by the producing party.").

[7] *Blanchard & Co.*, 2004 WL 737485, at *5 (citation omitted).

[8] *Id.* at *6 (same).

protective order is entrusted to the district court's sound discretion."[9]   The court enjoys wide discretion in setting the parameters of a protective order.[10]

III.   **ANALYSIS**

The parties are not addressing a narrow protective order governing particular information. Rather, Defendants seek a blanket protective order to govern all discovery in this litigation, such as the Court's sample protective order routinely entered in litigation.[11]   Blanket protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, with many courts finding them essential to the functioning of civil discovery.[12]   Protective orders are "flexible devices"[13] "designed to shape the changing needs of the litigation and subject to continued modification."[14]

Plaintiffs' Opposition appears to confuse the concepts of filing documents under seal and producing documents during subject to a protective order.   The standard for placing a document under seal is different from the standard governing whether unfiled *discovery* should be kept confidential.[15]   "At the discovery stage, when parties are exchanging information, a stipulated protective order under Rule 26(c) may well be proper. Party-agreed secrecy has its place—for example, honoring legitimate privacy interests and facilitating the efficient exchange of information."[16]   As to court filings, the Fifth Circuit has explained that "the working presumption is that judicial records should not be sealed" and the court "must undertake a case-by-case,

---

[9] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citations omitted).
[10] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").
[11] Sample protective order is available at http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault.
[12] *Blanchard & Co.*, 2004 WL 737485, at *6 (quoting *Bayer AG*, 162 F.R.D. at 465).
[13] WRIGHT, *supra* note 6.
[14] *Granger v. Slade*, 90 F. App'x 741, 742 (5th Cir. 2004).
[15] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).
[16] *Id.* at 420 (emphasis in original) (citations omitted).

Case 2:23-cv-03991-BWA-DPC    Document 127    Filed 01/06/25    Page 5 of 6

document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" before deciding to seal filed documents.[17]  Thus, the mere fact that a document falls within a protective order is insufficient to justify placing that document under seal when filed in the judicial record because different legal standards govern protective orders and sealing orders.[18]  In the event any produced documents is sought to be filed in the court record, at that point, Defendants will be obliged to overcome the presumption of public access via the procedures outlined in Local Rule 5.6.

Defendants have requested not simply a protective order, but a two-tiered protective order with heightened restrictions governing documents they deem to be trade secrets.  When litigation involving competitors entails discovery of commercially valuable information, courts often employ a protective order with a dual tier designation system:  "Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to outside attorneys and experts, particularly when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party."[19]  To protect against any predatory practices, while still recognizing the broad scope of discovery in a federal action, courts often require entry of a protective order that limits access to certain documents on an "Attorneys' Eyes Only" basis and restricts use of the information to the present litigation only.[20]

---

[17] *Id.* at 419 (internal quotations and citations omitted).

[18] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).

[19] *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.,* No. 97-3012, 1998 WL 186728, at *2 (E.D. La. Apr. 17, 1998) (citing cases).  "[D]isclosure to clients may be prohibited where, for example, the information has commercial value and the parties are competitors; alternatively, the order may (1) limit disclosure to named individuals not involved in the relevant corporate activity, (2) create a special class of highly confidential documents that only attorneys and non-client experts may view, . . . and (4) require individual undertakings by those receiving such information not to use it."  MANUAL FOR COMPLEX LITIGATION (Third) § 21.432 n.146 (1995).

[20] *Blanchard & Co*., 2004 WL 737485, at *10 (citing *Asch/Grossbardt, Inc. v. Asher Jewelry Co.*, No. 02-5914, 2003 WL 660833, at *2-3 & n.2 (S.D.N.Y. Feb. 28, 2003) (noting that the procedure was used in *Drexel Heritage*

This case, however, does not present a competitor situation that justifies imposition of a two-tiered system for designation of confidentiality.  The sample protective order contained on the court's website suffices to protect both Defendants' commercially sensitive information and its alleged trade secrets.  Plaintiffs are not competitors in a position to potentially misuse trade secret information to Defendants' disadvantage which is typically when heighted designations employing "attorneys' eyes only" provisions are employed.

IV.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion for a Status Conference is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Expedited Hearing is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion for Protective Order is GRANTED IN PART AND DENIED IN PART.  The Court will enter its sample protective order to govern discovery in this case.

New Orleans, Louisiana, this ___6th___ day of January, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[*Furnishings Inc. v. Furniture USA, Inc*., 200 F.R.D. 255, 262-63 (M.D.N.C. 2001)] and *Liberty Folder v. Curtiss Anthony Corp*., 90 F.R.D. 80, 82–83 (S.D. [Ohio] 1981))).