UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMEICA BAKER, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3991 |
| AMAZON LOGISTICS, INC. | * | SECTION "M" (2) |

## ORDER AND REASONS

Pending before me is Plaintiffs' Motion for Status Conference. ECF No. 138. Defendants Amazon Logistics, Inc. and Amazon.com, Inc. (collectively, "Amazon") timely filed an Opposition Memorandum. ECF No. 140. Plaintiffs timely filed a Reply Memorandum. ECF No. 141. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Status Conference is DENIED for the reasons stated herein.

**I.   BACKGROUND**

This case arises from car accident resulting in the death of Alrick Baker ("Baker"). ECF No. 2-3 at 3. Plaintiffs allege that, on June 5, 2023, while driving on Interstate 10 in Biloxi, Mississippi, an Amazon Logistics, Inc. tractor-trailer, driven by defendant Cynthia Kirksey, struck Baker while attempting to pass him. *Id*. at 9-10. Plaintiffs named numerous defendants. *Id*. at 4-6. After Defendants removed the case to this Court, Judge Ashe denied a motion to remand, finding removal procedurally proper and that the non-diverse defendants were improperly joined. ECF Nos. 2, 18. Judge Ashe issued an initial Scheduling Order on April 3, 2024. ECF No. 46. On December 17, 2024, he issued an amended Scheduling Order, setting trial for November 3, 2025, with a discovery deadline of October 3, 2025. ECF No. 115.

1

Plaintiff filed this request for a status conference to select new dates for a follow-up Rule 30(b)(6) deposition of Amazon, asserting that Amazon's designee could not answer questions in several areas of the Rule 30(b)(6) notice.  ECF No. 138-1 at 2-3 (listing 24 areas where questions were not answered).  In Opposition, Amazon argues that its representative was deposed for 7.5 hours on January 7, 2025, and answered all questions presented that fell within the scope of the Rule 30(b)(6) notice.  ECF No. 140 at 1.  Amazon argues that Plaintiffs' status conference request is an improper effort to obtain a second Rule 30(b)(6) deposition contrary to Rule 30(a)(2)(A)(ii)'s requirement that leave of court be obtained before taking a second deposition of a party.  *Id.* at 2.  In Reply, Plaintiffs assert that they do not seek a second deposition but rather, to schedule a time for Defendants to present a properly prepared designee to answer the questions that the prior designee could not.  ECF No. 141 at 2.

## II.  **APPLICABLE LAW AND ANALYSIS**

"The Fifth Circuit has explained that the purpose of Rule 30(b)(6) is to streamline the discovery process by allowing for a specialized form of deposition."[1]  In light of the burden placed on the corporate deponent, the Rule preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[2]  This enables the corporate entity to fulfill its obligations to choose and prepare a deponent:  "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[3]  Otherwise,

---

[1] *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resol. Tr. Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir. 1993)).
[2] *Pauls v. Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (quoting FED. R. CIV. P. 30(b)(6)).
[3] *Id.* at *4 (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).

2

an overly broad Rule 30(b)(6) notice subjects the noticed party to an impossible task because, if the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.[4]  The effectiveness of Rule 30(b)(6) "bears heavily upon the parties' reciprocal obligations" to identify topics with particularity and prepare witnesses in good faith.[5]

In response to a Rule 30(b)(6) notice, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[6]  This Rule imposes upon the corporation a duty to present and prepare its designee as fully as possible given the availability of requested subject matter from accessible sources, including from documents and previous employees.[7]  As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.  [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved.  The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[8]

A Rule 30(b)(6) deposition is generally considered one deposition regardless of the number of designees selected to respond.[9]  Rule 30(a)(2)(A)(ii) requires a party to obtain leave of court if a party seeks to depose a deponent who has already been deposed in a case.  The court must grant

---

[4] *Pauls,* 2016 WL 6397564, at *4 (citation omitted).
[5] *Lipari v. U.S. Bancorp, N.A.*, No. 17-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (citation omitted); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (citation omitted) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything."); *Dealer Comput. Servs., Inc. v. Curry*, No. 12-3457, 2013 WL 499520, at *2 (S.D. N.Y. Feb. 7, 2013) ("A [30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").
[6] FED. R. CIV. P. 30(b)(6).
[7] *United Healthcare Servs., Inc. v. Next Health, LLC*, No. 17-243, 2021 WL 9146632, at *2 (N.D. Tex. Oct. 13, 2021) (citations omitted) (holding that "the mere fact that [Defendant] no longer employs individuals with personal knowledge of relevant information does not relieve it from preparing its Rule 30(b)(6) designee to the extent that information is reasonably available.").
[8] *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quotations and citations omitted).
[9] FED. R. CIV. P. 30(a) advisory committee's note to 1993 amendment.

leave to the extent consistent with Rule 26(b)(1) and (2).[10] Thus, if Plaintiffs have conducted the Rule 30(b)(6) deposition of each Defendant, Plaintiffs may not conduct a second deposition without leave of court.

If, however, Plaintiffs contend that Amazon failed to present an adequately prepared deponent, they may file an appropriate motion for sanctions. Rule 37(d) makes clear that the Court may, on motion, sanction a party if the party's Rule 30(b)(6) designee fails, after being served with proper notice, to appear for deposition. FED. R. CIV. P. 37(d)(i). If the designated representative lacks knowledge of a specified topic, the corporation's appearance is considered a nonappearance if it has failed to designate another available witness who possesses the requisite knowledge about the relevant issue.[11] In that instance, sanctions may be imposed under Rule 37(d), including attorneys' fees and costs incurred in preparing for and taking a deposition and in preparing and filing a motion for sanctions.[12]

A status conference request is not the proper manner in which to raise Plaintiffs' objections to Amazon's Rule 30(b)(6) designee's responses or alleged lack of knowledge. Rather, if the unanswered questions extend beyond the Rule 30(b)(6) topics, Plaintiffs may seek to obtain a second deposition through a motion for leave in accordance with Rule 30(a)(2)(A)(ii). If, on the other hand, the designee was insufficiently prepared such that his appearance constituted a non-appearance, Plaintiffs may seek sanctions in accordance with Rule 37(d). In either instance, however, a motion for a status conference is not the appropriate manner to raise the issue,

---

[10] FED. R. CIV. P. 30(a)(2).
[11] *Resol. Tr. Corp.*, 985 F.2d at 197; *see also Robinson v. Nexion Health at Terrell, Inc.*, 312 F.R.D. 438, 441 (N.D. Tex. 2014) (citing *Resol. Tr. Corp.*, 985 F.2d at 197).
[12] *See Resol. Tr. Corp.*, 985 F.2d at 197-98; *Robinson*, 312 F.R.D. at 443.

particularly when that request does not include a copy of the deposition transcript and notice as necessary to discern whether there has been a good faith effort to satisfy Rule 30(b)(6) or not.[13]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' Motion for a Status Conference is DENIED.

New Orleans, Louisiana, this ___19th___ day of March, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[13] *See In re SCF Marine, Inc.*, No. 21-1342, 2024 WL 2803205, at *4 (E.D. La. May 31, 2024) (discussing whether Rule 30(b)(6) deponent's answers established a failure to appear justifying the re-opening of, or a second, corporate deposition).