UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMEICA BAKER, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3991 |
| AMAZON LOGISTICS, INC., ET AL. | * | SECTION "M" (2) |

## ORDER

Pending before me are two Motion to Seal Exhibits, one filed by Defendants Amazon Logistics, Inc. and Amazon.com, Inc. ("Amazon") and the other filed by Plaintiffs. ECF Nos. 151, 161. Plaintiffs seek to file under seal the excerpts from Amazon's Rule 30(b)(6) deposition. ECF No. 161. Amazon seeks to seal the entire Rule 30(b)(6) deposition and its related analysis of Plaintiff's alleged deficiencies. ECF No. 151.

Having considered the record, the submissions and argument of counsel, and the applicable law, the Motions are DENIED WITHOUT PREJUDICE. The parties are directed to review Local Rule 5.6 and re-file the motions after conducting the required line-by-line analysis necessary to prepare a propose redacted version for filing in the public record along with the unredacted version for filing under seal.

## APPLICABLE LAW AND ANALYSIS

There is a presumption in favor of access to judicial records,[1] and the standard for placing a document under seal is different from that governing whether unfiled discovery should be kept confidential.[2] "The mere fact that certain information or material has been marked as confidential pursuant to a protective order is not dispositive . . . and reference to a stipulation or protective order is not sufficient to establish the necessity of sealing any document or other tangible item."[3]

---

[1] *8fig, Inc. v. Stepup Funny, L.L.C.*, No. 23-50890, 2025 WL 1144570, at *4 (5th Cir. Apr. 18, 2025).
[2] *See Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419-20 (5th Cir. 2021).
[3] Local Rule 5.6(D); *see* ECF No. 167-1 at 3 (citing ECF No. 128).

1

Because the sealing of judicial records is the exception rather than the norm, the court must be "ungenerous" with its discretion to seal judicial records.[4] Before sealing a document, the court must assess governing case law and determine that sealing is necessary. "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[5] "Sealings must be explained at 'a level of detail that will allow for this Court's review.' And a court abuses its discretion if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'"[6]

While there is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[7] In certain cases, litigants may have good reasons to file documents under seal.[8] For instance, courts have found compelling interests in secrecy when a case involves a minor, protected banking or financial information, trade secrets, and national security matters.[9] Courts also recognize the strong interest in keeping personal financial records from public view, particularly when the information is that of a non-party individual.[10] Inspection of court records

---

[4] *Bin Hoa Le,* 990 F.3d at 418-19 (citations omitted); *see June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022).
[5] *June Med. Servs.*, 22 F.4th at 521 (cleaned up).
[6] *Binh Hoa Le*, 990 F.3d at 419 (citations omitted); *accord. United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023) (citations omitted).
[7] *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203–04 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information) (citations omitted); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information") (citations omitted); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[8] *Binh Hoa Le*, 990 F.3d at 419.
[9] *Doe v. Crawford*, 702 F. Supp. 3d 509, 513 (S.D. Miss. 2023) (citations omitted).
[10] *St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2024 WL 5440833, at *2 (E.D. La. Oct. 21, 2024) (Long, J.) (citations omitted).

may not be used "to gratify private spite or promote public scandal" or to "serve as reservoirs of libelous statements for press consumption."[11]

In recognition of the public's right of access, this Court's Local Rule 5.6(A) explicitly requires a party seeking to file a document under seal to explore all reasonable alternatives, "including a line-by-line analysis of the documents or other tangible item (including documents marked confidential under a protective order) to redact only the truly sensitive information rather than simply seeking to file the entire document or other item under seal." Having reviewed the proposed exhibits to both motions, the Court cannot find that sealing the exhibits in their entirety, as requested, is consistent with the public's right of access. Rather, a redaction of the exhibits is the more appropriate course.

Therefore, the parties' motions will be denied without prejudice to their right to re-file the requests along with proposed redacted versions of the exhibits consistent with Fifth Circuit precedent. The parties are reminded of Local Rule 5.6(G)'s 7-day period within which to file a motion to withdraw any document submitted for filing under seal when the request is denied.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motions to Seal Exhibits filed by Defendants Amazon Logistics, Inc. and Amazon.com, Inc. ("Amazon") (ECF No. 151) and by Plaintiffs (ECF No. 161) are DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __7th__ day of July, 2025.

*(signature)*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[11] *Nixon,* 435 U.S. at 598 (quotation omitted).