UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMEICA BAKER, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-3991 |
| AMAZON LOGISTICS, INC., ET AL. | * | SECTION "M" (2) |

## ORDER AND REASONS

Pending before me are four motions:

(1) Motion for Protective Order filed by Defendants Amazon Logistics, Inc. and Amazon.com, Inc. (collectively, "Amazon"). ECF No. 150. Plaintiffs filed an Opposition Memorandum, and Amazon filed a Reply Memorandum. ECF Nos. 157, 171.

(2) Plaintiffs' Motion for Sanctions. ECF No. 156.

(3) Plaintiffs' Motion for Leave to Continue Rule 30(b)(6) Deposition. ECF No. 162. Amazon filed a combined Opposition Memorandum to Plaintiff's Motion for Sanctions and Motion for Leave to Continue Rule 30(b)(6) Deposition, and Plaintiffs filed a combined Reply Memorandum. ECF Nos. 166, 170.

(4) Plaintiffs' Motion to Compel. ECF No. 159. Amazon filed an Opposition Memorandum, and Plaintiffs filed a Reply Memorandum. ECF Nos. 165, 169.

No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Court GRANTS IN PART AND DENIES IN PART Amazon's Motion for Protective Order, DENIES Plaintiffs' Motion for Sanctions, GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion to Continue Rule 30(b)(6) Deposition limited to the topics and for the time period specified herein, and DENIES Plaintiffs' Motion to Compel.

## I.   BACKGROUND

This case arises from a motor vehicle accident that resulted in the death of Alrick Baker ("Baker"). ECF No. 2-3. Plaintiffs allege that, on June 5, 2023, an Amazon tractor-trailer driven

1

by Defendant Cynthia Kirksey struck Mr. Baker's vehicle while attempting to pass him on Interstate 10 in Biloxi, Mississippi. *Id.* ¶¶ 25-35, 38-43. The parties have sought court intervention via status conferences and motions regarding numerous matters, including several discovery disputes.

## II.     THE PENDING MOTIONS

The current discovery disputes at issue in these four motions all revolve around the adequacy of Amazon's Rule 30(b)(6) deponent's preparation and responses to questions during the January 7, 2025, Rule 30(b)(6) deposition. ECF No. 150-4. Plaintiffs contend that Amazon failed to present an adequately prepared deponent to address all of the designated Rule 30(b)(6) topics. Plaintiff listed 24 separate alleged deficiencies. *See* ECF Nos. 150-8, 150-9; *see also* ECF No. 157 at 4-9.

On May 20, 2025, Plaintiffs issued a second Notice of Deposition scheduling another Rule 30(b)(6) deposition for June 12, 2025. ECF No. 150-10. Amazon objected to Plaintiffs' new notice, filed a motion for protective order, and sought expedited consideration. ECF Nos. 150, 152. By Order dated June 9, 2025, this Court denied expedited consideration, reasoning that there was sufficient time to address the issue before the October discovery deadline, and a second deposition could only proceed with consent or court order. ECF No. 155.

The deposition did not proceed by consent as scheduled on June 12, 2025. The Court now addresses Amazon's Motion for Protective Order as well as Plaintiff's Motion for Sanctions, Motion for Leave to Continue Rule 30(b)(6) Deposition, and Motion to Compel.

### A. **Amazon's Motion for Protective Order**

Amazon seeks a protective order from a second Rule 30(b)(6) deposition on the basis that it fully complied with its obligations under Rule 30(b)(6) by presenting an adequately prepared

representative. It argues that Plaintiffs' new notice includes three new topics of inquiry (Nos. 11, 12 and 13) that were not within the original notice and other topics are overly broad and not reasonably contemplated by Plaintiff's original Rule 30(b)(6) notice, which listed 13 topics and 136-subtopics. ECF No. 150-1 at 4, 7. Amazon argues that it should not be required to answer questions on new topics or questions not fairly embraced by Plaintiff's original notice. *Id.* at 4. Amazon proposes to allow a second deposition on three topics for a 30-minute period as Plaintiffs have already exceeded the 7-hour limitation. *Id.* at 16-19.

In Opposition, Plaintiffs recount their difficulty in scheduling Amazon's Rule 30(b)(6) deposition and assert that, on May 12, 2025, Amazon's counsel Devin Barnett agreed to a second deposition to be held on June 12, 2025. ECF No. 157 at 2-11. Plaintiffs contend that Amazon's delay has prejudiced their ability to obtain an expert report timely. *Id.* at 11-12.

In Reply, Amazon argues that Plaintiffs' cryptic listing of 24 alleged deficiencies fails to analyze the substance of the responses in contrast to Amazon's detailed analysis, and Plaintiffs' complaints relate to topics not included in the prior notice or questions of such granularity that Amazon could not have been on reasonable notice to prepare for same. ECF No. 171 at 1-2. For instance, Amazon argues that the Relay App was not identified in the Rule 30(b)(6) notice (which it asserts the representative was nonetheless knowledgeable and provided substantive responses), and Plaintiffs improperly rely on the schedule of documents rather than the topics of inquiry to improperly expand the scope of the Rule 30(b)(6) notice. *Id.* at 2-3. Amazon also argues that Plaintiffs are attempting to depose Amazon on issues for which they have already obtained relevant information regarding the interactions among B3 Logistics, OnTime Carriers, LLC and the driver. *Id.* at 5-6.

3

### B. Plaintiffs' Motions for Sanctions and to Continue Rule 30(b)(6) Deposition

Plaintiffs seek sanctions and ask to continue the Rule 30(b)(6) deposition. Their supporting memoranda repeat, virtually verbatim, the arguments asserted in opposition to Amazon's motion for protective order. *Compare* ECF No. 157 at 2-12, *with* ECF No. 156-1 at 2-12, *and* ECF No. 162-1 at 2-11. Plaintiffs argue that Amazon's failure to produce a fully prepared deponent and its refusal to answer questions regarding control over Defendant Kirksey should preclude it from asserting that the drivers are not in its control. ECF No. 156-1 at 13-16. And Plaintiffs argue that they are not seeking a second deposition, but rather, they seek responses to questions not answered during the original deposition. ECF No. 162-1 at 11. Only to the extent that any new topic is not within the first notice, Plaintiffs' memorandum requests leave to include the new topics related to Kirksey's ineligibility, OnTime's suspension and the Zurich policies. *Id.*

In Opposition to both motions, Amazon argues that Plaintiffs are not seeking to continue the January 2025 deposition, which concluded without reservation. ECF No. 166 at 1-2. Amazon incorporates by reference its Memorandum in Support of Motion for Protective Order to argue that it has demonstrated that its representative fairly testified as to all 136 designated topics of Plaintiffs' original Rule 30(b)(6) notice, without once refusing to answer or being instructed not to answer a question. *Id.* at 2. Amazon contends that Plaintiffs did not identify the Relay App as a topic for the Rule 30(b)(6) notice and disputes Plaintiffs' assertion of prejudice with regard to expert testimony on control, particularly given the voluminous discovery produced by Amazon and others (e.g., Kirksey, OnTime, B3 Logistics) on the issue of control. *Id.* at 2-5. Amazon argues that Plaintiffs are not entitled to a "second bite at the apple" to address new areas on inquiry (e.g., items 11, 12 and 13), and of the three areas cited by Plaintiffs, only Kirksey's ineligibility is identified in the second notice. *Id.* at 5-6. As to Plaintiffs' assertion that OnTime's suspension

4

and Amazon's insurance information fell within topics 10(h) and (r) of the first notice, Amazon argues that 10(r) noticed insurance issues relating to Kirksey/B3/OnTime, not Amazon. *Id.* at 6-7. Further, topic 10(h) dealt with disciplinary actions, and while OnTime's suspension might have fallen within that topic, Plaintiff did not ask Amazon's representative a single question about why OnTime was suspended. *Id.* at 7. Amazon again cites to its detailed comparison of the deposition topics and Amazon's responses to argue that Plaintiffs' assertions are unsupported. *Id.* at 7-8.

In Reply, Plaintiffs again cut and paste the emails previously cited. *Compare* ECF No. 170 at 2-8, *with* ECF No. 157 at 6-11. Plaintiffs evidently rely on these emails as their analysis and discussion of the issues and deficiencies. ECF No. 170 at 8. Plaintiffs dispute Amazon's assertion that the original Rule 30(b)(6) notice did not encompass the Relay App because Plaintiff specifically requested that the deponent bring with him extensive Relay App documents, and Topic No. 8 addressed telematics and truck monitoring, which is done through the Relay App. *Id.* at 8-9 (citing to ECF No. 150-4 at 10-12, 18). Likewise, with regard to OnTime's suspension, Plaintiffs argue that document item 22 requested the deponent bring documents reflecting post-accident decisions regarding continuance or termination of OnTime or B3, and Topic No. 10 sought information regarding employment history, disciplinary action, annual review, complaints or grievances. *Id.* at 9-10 (citing to ECF No. 150-4 at 10, 19). Likewise, Plaintiffs point to document request 21 regarding insurance and topic 10(r)'s reference to insurance file under the topic of Kirksey/OnTime/B3, and Plaintiffs do not know if the two Zurich policies produced are the only applicable policies. *Id.* at 10-11 (citing to ECF No. 150-4 at 9-10, 20).

C. **Plaintiffs' Motion to Compel**

Plaintiffs filed a Motion to Compel seeking documents relating to Kirksey's ineligibility, OnTime's ineligibility, and the Zurich insurance policy. ECF No. 159. Plaintiffs contend that

Kirksey has "ineligible" next to her status and OnTime had been suspended, but Amazon has not provided this information as demanded in Requests Nos. 3, 4, 13. ECF No. 159-1 at 1-3; *see* ECF No. 159-3 at 3-4. They also object to Amazon's refusal to produce anything other than the insurance policy declarations page in response to Request No. 1. ECF No. 159-1 at 3; *see* ECF No. 159-3 at 2.

Amazon opposes Plaintiffs' Motion to Compel because Plaintiffs failed to conduct a Rule 37 meet and confer and because it responded fully to the requests. ECF No. 165. Amazon argues that it provided Plaintiff with copies of the full policies on June 13, 2025, that it has provided all documents in its possession regarding Kirksey's alleged ineligibility, even explaining via email that her driver profile was pulled after she was no longer associated with the carrier which is why she appears as ineligible, and it provided all documents in its possession regarding OnTime's suspension which was also explained by OnTime's corporate representative during his Rule 30(b)(6) deposition. *Id.* at 4.

In Reply, Plaintiffs again cut and paste excerpts from the emails cited to in their prior motions. ECF No. 169. For the most part, the Reply simply re-urges Plaintiffs' position that Amazon's Rule 30(b)(6) deponent was not adequately prepared and did not properly answer all questions covered by the Rule 30(b)(6) notice. *Id.* at 2-10. Plaintiffs ultimately concede that Amazon provided full copies of the Zurich policies on June 13, 2025, but object because Amazon has not provided any documents as to when Kirksey became ineligible or its suspension of OnTime. *Id.* at 10. Plaintiffs argue they should be relieved of the obligation to comply with Rule 37 because another conference would have been useless. *Id.* at 10-12.

## III. APPLICABLE LAW

### A. Rule 30(b)(6)

Rule 30(b)(6) serves to streamline the discovery process by allowing for a specialized form of deposition.[1] Although the parties do not indicate whether Plaintiffs have exceeded Rule 30(a)(2)(A)(i)'s ten deposition limit, Plaintiffs have already conducted one Rule 30(b)(6) deposition of Amazon.[2] Addressing the interplay between Rule 30(a)(2) and Rule 30(b)(6), courts have recognized that a successive Rule 30(b)(6) deposition identifying different areas of inquiry nonetheless requires leave of court.[3]

The effectiveness of a Rule 30(b)(6) deposition "bears heavily upon the parties' reciprocal obligations" to identify topics with particularity and prepare witnesses in good faith.[4] In light of the burden placed on the corporate deponent, Rule 30(b)(6) preliminarily imposes a duty to identify with reasonable particularity the specific categories or topics for inquiry.[5] This preliminary obligation to identify the topics or categories for inquiry with particularity enables the corporate entity to fulfill its obligations to choose and prepare a deponent: "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the

---

[1] *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2008 WL 6928161, at *2 (E.D. La. May 2, 2008) (citing *Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)).
[2] A Rule 30(b)(6) deposition is generally considered one deposition for purposes of Rule 30(a)(2) regardless of the number of designees selected to respond, but each person designated is considered as a separate deposition for purposes of the durational limitation. FED. R. CIV. P. 30(a) advisory committee's note to 1993 amendment; *UWorld LLC v. USMLE Galaxy LLC*, --- F.R.D. ----, 2025 WL 1186894, *5-9 (N.D. Tex. Apr. 24, 2025).
[3] *See, e.g.*, *UWorld*, 2025 WL 1186894, *8.
[4] *Lipari v. U.S. Bancorp, N.A.*, No. 07-2146, 2008 WL 4642618, at *5 (D. Kan. Oct. 16, 2008) (citation omitted); *see also Fed. Ins. Co. v. Delta Mech. Contractors, LLC*, No. 11-048, 2013 WL 1343528, at *4 (D.R.I. Apr. 2, 2013) (noting that "it is simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything" (citation omitted)); *Dealer Comput. Servs., Inc. v. Curry*, No. 12-3457, 2013 WL 499520, at *2 (S.D.N.Y. Feb. 7, 2013) ("A [Rule 30(b)(6)] deposition is not a quiz, nor is it the most practical way to obtain [all types of] information.").
[5] *Pauls v. Prudential Ins. Co. of Am.*, No. 16-2116, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016) (quoting FED. R. CIV. P. 30(b)(6)).

particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[6]

An overly broad Rule 30(b)(6) notice subjects the noticed party to an impossible task because, if the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible.[7] Broad topics of inquiry do not "give rise to an obligation to prepare a witness to answer every conceivable detailed question relating to the topic,"[8] and a corporate representative has no duty to be knowledgeable or testify as to topics that are not designated.[9]

In response to a Rule 30(b)(6) notice, the entity must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization."[10] Again, Rule 30(b)(6) imposes upon the corporation a duty to present and prepare its designee as fully as possible given the availability of requested subject matter from accessible sources, including from documents and previous employees.[11] As the Fifth Circuit has explained:

> [A corporate defendant] must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing

---

[6] *Id.* (quoting *Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. 05-2001, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009)); *see also Marti v. Schreiber/Cohen, LLC*, No. 18-40164, 2020 WL 3412748, at *3 (D. Mass. Mar. 17, 2020) (identifying topics as "all communications" does not meet the reasonable particularity requirement because it seeks testimony regarding unidentified and broadly classified communications).
[7] *Pauls*, 2016 WL 6397564, at *4 (citation omitted); *see also St. Tammany Par. Hosp. Serv. Dist. No.1 v. Travelers Prop. Cas. Co. of Am.*, No. 07-01065, 2008 WL 11355015, at *3 (E.D. La. Apr. 25, 2008) (designating topic of "all electronic databases" maintained by insurer regarding all insurance claims similar to plaintiff's is unwieldy, overbroad, and amounts to an attempt to engage in a fishing expedition); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-1846, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (noting that an entity's task to prepare its witness in compliance with Rule 30(b)(6) "becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand").
[8] *Bell v. Pension Comm. of ATH Holding Co.*, No. 15-2062, 2018 WL 7350951, at *2 (S.D. Ind. Aug. 16, 2018) (quoting *United States v. Guidant Corp.*, No. 03-0842, 2009 WL 3103836, at *3 (M.D. Tenn. Sept. 24, 2009)).
[9] *See Pride Centric Res., Inc. v. LaPorte*, No. 19-10163, 2021 WL 2579798, at *5 (E.D. La. June 23, 2021) (Van Meerveld, J.) ("The purpose of requiring a party to describe the areas of inquiry with reasonable particularity is so that a representative can be adequately prepared to testify as to those areas.").
[10] FED. R. CIV. P. 30(b)(6).
[11] *See United Healthcare Servs., Inc. v. Next Health, LLC*, No. 17-243, 2021 WL 9146632, at *2 (N.D. Tex. Oct. 13, 2021) (holding that "the mere fact that [Defendant] no longer employs individuals with personal knowledge of relevant information does not relieve it from preparing its Rule 30(b)(6) designee to the extent that information is reasonably available" (citations omitted)).

>   the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.[12]

If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute.[13] And when a Rule 30(b)(6) designee is not knowledgeable about relevant facts, and the party has failed to designate an available, knowledgeable, and readily identifiable witness, the appearance is considered to be no appearance at all for which sanctions may be imposed.[14]

But Rule 30(b)(6) does not require designees to have complete knowledge of all matters about which they are questioned.[15] Rather, courts have adopted a "rule of reason" approach to determining adequacy of preparation for a 30(b)(6) deposition.[16] A deponent's incomplete

---

[12] *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quotations and citations omitted).

[13] *Id.* (citing *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989) (noting that even where defendant in good faith thought deponent would satisfy the deposition notice, it had a duty to substitute another person once the deficiency of its designation became apparent during the course of the deposition)).

[14] *Resol. Tr. Corp.*, 985 F.2d at 197; *see Omega Hosp. LLC v. Cmty. Ins. Co.*, 310 F.R.D. 319, 322 (E.D. La. 2015) (Barbier, J.) (explaining that when a Rule 30(b)(6) designee "lacks knowledge about relevant facts, the corporation has failed to designate 'an available, knowledgeable, and readily identifiable witness,' and the court "treats the failure to designate as a failure to appear for deposition," which is sanctionable under Rule 37(d)).

[15] *See Brazos River Auth.*, 469 F.3d at 433 (holding the designee must be prepared to the extent "matters are reasonably available"); *see also Torres-Lugo v. BP Expl. & Prod., Inc.*, No. 20-210, 2022 WL 2806420, at *12 (E.D. La. July 18, 2022) (noting that Rule 30(b)(6)'s obligation to present a knowledgeable witness is "tempered by a rule of reason, [in that] Rule 30(b)(6) does not require designees to have complete knowledge of all matters about which they are questioned"); *Briese Lichttechnik Vertriebs GmbH v. Langton*, 272 F.R.D. 369, 375-76 (S.D.N.Y. 2011) (holding witnesses fulfilled their roles under Rule 30(b)(6), even though there were "a number of questions to which the witnesses responded that they did not know the answer"); *Costa v. Cnty. of Burlington*, 254 F.R.D. 187, 190 (D.N.J. 2008) ("Simply because defendant's witness could not answer every question posed to him does not equate to the fact that defendant did not satisfy its obligation to prepare its 30(b)(6) witness."); *Wilson v. Lakner*, 228 F.R.D. 524, 528-29, 29 n.7 (D. Md. 2005) ("Obviously a rule of reason applies. There is no obligation to produce witnesses who know every single fact, only those that are relevant and material to the incident or incidents that underlie the suit."); *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 691 (S.D. Fla. 2012) ("Absolute perfection is not required of a 30(b)(6) witness. The mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation.").

[16] *Hiscox Dedicated Corp. Member, Ltd. v. Matrix Grp. Ltd., Inc.*, No. 09-2465, 2011 WL 13150169, at *2 (M.D. Fla. July 14, 2011) (quoting *Chick–fil–A v. ExxonMobil Corp.*, No. 08–61422, 2009 WL 3763032, at *12 (S.D. Fla. Nov.

testimony in some areas does not overshadow the otherwise overall thoroughness and relevance of that testimony.[17] Decisions issuing sanctions for a Rule 30(b)(6) deponent's effective failure to appear "involve[ ] extreme obfuscation and unpreparedness,"[18] not simply the deponent's inability to answer every single question presented.

### B. Standard for Protective Order

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[19] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[20] The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[21]

Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. FED. R. CIV. P. 26(c)(1)(D). A district court may exercise its sound discretion in determining how far to restrict discovery, and in particular, the decision whether to grant or deny a request for a protective order

---

10, 2009) (holding that where deponent answered the majority of the key deposition questions, she had been adequately prepared for her 30(b)(6) deposition)).

[17] *See Georgia-Pacific Consumer Prods. LP v. Kimberly-Clark Corp.*, 749 F. Supp. 2d 787, 803 (N.D. Ill. 2010), *aff'd*, 647 F.3d 723 (7th Cir. 2011).

[18] *Atanassova v. Gen. Motors LLC*, No. 20-1728, 2021 WL 1946520, at *2 (D.S.C. Mar. 12, 2021) (quoting *Preferred Carolinas Realty, Inc. v. Am. Home Realty Network, Inc.*, No. 13-181, 2014 WL 1320133, at *7 (M.D.N.C. Mar. 28, 2014); and citing 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 34.13[2][a] (3d. ed. 2014) ("[P]roducing a person who knows nothing about the subject matter of the litigation is the functional equivalent of having spurned the deposition altogether . . . Courts applying this functional standard of Rule 30(b)(6) compliance need to be cautious before finding a violation.")).

[19] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citation and quotation omitted).

[20] *Blanchard & Co., Inc. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).

[21] *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).

is entrusted to the district court's sound discretion.[22] The trial court enjoys wide discretion in setting the parameters of a protective order.[23]

Relevance is measured by Rule 26(b)(1),[24] which provides:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Information is relevant if it bears on, or reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.[25] If relevance is in doubt, a court should allow discovery.[26]

## IV.  ANALYSIS

### A.  The January 7, 2025, Rule 30(b)(6) Deposition and Related Motions

Before addressing whether Amazon's representative was adequately prepared for the deposition, the Court must first address the proper scope of Amazon's duty of preparation. Although Plaintiffs' Rule 30(b)(6) notice included a request to bring 23 categories of documents, the identified areas of inquiry for the deposition are only the 13 separate areas of inquiry identified on Appendix A. Plaintiffs' inclusion of requests for documents in the deposition notice does not transform the requests into additional "areas of inquiry" or otherwise expand the designated areas of inquiry such that the witness must prepare to respond to questions not only within the designated areas of inquiry but also with regard to any detail of each identified document in accompanying

---

[22] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
[23] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").
[24] *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022); *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (Morgan, J.).
[25] *Leonard*, 38 F.4th at 489 (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)).
[26] *E.E.O.C. v. Simply Storage Mgmt., L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

11

requests. Rather, the obligation is to investigate and prepare the witness to address questions that reasonably fall within the particularly described areas of inquiry.

Amazon's deposition proceeded for over seven hours on January 7, 2025.[27] Plaintiffs assert that Amazon failed to properly prepare its designee because he could not address areas concerning the vital issue of control. ECF No. 157 at 4. Plaintiffs identify 24 instances in which the designee is alleged to have failed to respond and upon which they base the request to continue the deposition and for sanctions. ECF Nos. 156-1 at 4-5; 157 at 4-5; 162-1 at 3-4; 169 at 5-6; 170 at 4-5. Plaintiffs subdivided the 13 areas of inquiry into 136 subparts. Despite the subparts, however, the designated areas of inquiry reflect broad categories rather than specified areas of inquiry with particularity, as required by Rule 30(b)(6). The broad nature of the designated topics placed a virtually impossible burden on Amazon to prepare its representative because no representative could have been prepared to answer every conceivable question within such broad topics.

The 24 deficiencies identified by Plaintiffs can be grouped into several categories reflecting questions regarding:

(1) the identities of the Amazon employee(s) who made certain decisions regarding the Relay App and/or qualifications for the vetting process and Amazon's reasons for same (Deficiency Nos. 1, 2, 3; Topic Nos. 2a-I, 3e, 3g, 4k, 5f, 10g, 11a and 11g).

(2) the creation and updates/modification to the Relay App and the reason(s) why Amazon used certain language or elected to include certain features in the Relay App (Deficiency Nos. 5, 6, 10, 14; Topic Nos. 11, 11a).

(3) the GPS monitoring system (Deficiency No. 4; Topic Nos. 7, 7c, 8, 8c).

(4) the meaning of words in certain carrier agreements (Deficiency No. 12; Topic Nos. 1l, 4j, 5b, 10c).

---

[27] ECF No. 151-6 (noting deposition ran from 12:06 pm until 8:23 pm).

(5) ownership of the data generated, collected or associated with the Relay App (Deficiency Nos. 7, 8, 9, 11, 21; Topic Nos. 3a, 3g, 11, 11a).

(6) the designee's Affidavit (Deficiency Nos. 13, 15, 16, 17, 18, 19, 20; Topic Nos. 5f, 10g).

(7) the reason for and Amazon's approach to indemnity provisions in certain agreements (Deficiency Nos. 22, 23, 24; Topic Nos. 11, 11a).

Contrary to Plaintiffs' assertion, the transcript of Amazon's Rule 30(b)(6) deposition reflects that it designated a senior operations manager as its representative, and he reviewed the deposition notice, investigated and looked into documents, and was prepared to talk about all areas in the notice.[28] A review of the 24 identified deficiencies and underlying questions reflect that, for the most part, the questions were either answered, of such minutiae that Amazon could not have reasonably anticipated the question, or do not bear on any claim or defense in this case. For instance, Plaintiffs object to the designee's inability to answer several questions regarding *who* at Amazon decided to add certain requirements to the Relay App or to the vetting process (Category 1). "Who" at Amazon made those decisions or changes has nothing whatsoever to do with any claim or defense, including the overarching issue of whether Amazon retained "control" over independent contractor carriers, nor is the identity of "who" made those decisions fairly called for by the specified topics of the selection of motor carriers (Topic No. 2a-i), annual review of motor carriers (3e), criteria for deciding when a load will be transported by B3 or a third party (3g), enforcement of safety programs (4k), motor carrier qualifications (5f), driver qualification files (10g), Amazon Relay program (11a) or supervision of Amazon Logistics, Inc. and Amazon.com, LLC (11g). Further, while the witness failed to identify "who" made these decisions, the witness explained that his investigation did not reveal information that enabled him to identify who made

---

[28] ECF No. 151-6 at 11:1-15, 12:10-12. Plaintiffs' counsel did not follow-up with any questions regarding which stakeholders or teams.

13

the decision, and he was able to determine that the decision involved multiple stakeholders from different teams.[29]

Likewise, the Amazon designee was unable to explain why certain terminology was used in the motor carrier agreement (Category No. 4) or the reasons for, and application of, an agreement's indemnity provisions (Category No. 7). First, the designee did testify that the words had no special meaning and were used in the ordinary sense,[30] and thus adequately responded to the question. Even if the response were not adequate, the inability to answer those questions would not constitute an effective failure to appear. Setting aside the relevance and proportionality concerns with those lines of questioning, questions regarding the meaning of certain terms in the carrier agreements (Deficiency No. 12) cannot fairly be said to fall within Topic 11a (Amazon Relay Program). Nor can questions regarding how or why Amazon takes certain actions with regard to indemnity provisions (Deficiency Nos. 22, 23, 24) fairly encompassed by reference to Topic 11a (Amazon Relay Program).

Removing Plaintiffs' deficiencies that rely on an expansion of the areas of inquiry via the document requests, most of the identified deficiencies in Category 6 are left without reference to any designated area of inquiry. *E.g.*, Nos. 11, 15-20. Moreover, Nos. 15, 16, 17, 18, 19, and 20 reflect questions based on an apparent conflict with the representative's prior affidavit rather than questions tied to any area of inquiry. While a Rule 30(b)(6) deponent may be asked questions that exceed the scope of the notice, any response is in the deponent's individual capacity,[31] and the

---

[29] ECF No. 151-6 42:1 – 43:21; *see also id*. at 54:14-55:14 (witness could not identify any other employee who could answer the question asked). The accident at issue occurred in June 2023. The Court questions the relevance of the identity of who decided to add BASIC categories to Amazon's vetting process in 2022. Regardless, Amazon has agreed to provide brief additional testimony on what departments had input in making decisions on BASIC categories being added to the Relay Agreement Programs and Policies in 2020-2022. ECF No. 151-7 at 1.
[30] *E.g.*, 151-6 at 142:4-144:14 (explaining that the terminology is not unique to Amazon).
[31] *UWorld*, 2025 WL 1186894, at *4 (quoting *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 241 F. Supp. 3d 737, 752 (N.D. Tex. 2017)).

14

entity is not obliged to have prepared the witness for those questions.[32] To the extent that Plaintiffs elect to use one of their ten depositions to explore further what Mr. Sandefur meant when he used certain words in his affidavit, they may do so. But his failure to answer questions directed to him in his individual capacity during the Rule 30(b)(6) deposition does not justify re-opening the Rule 30(b)(6) deposition of Amazon. Deficiency No. 13 inquired as to how Amazon developed driver qualifications. This question cannot fairly be said to fall within the ambit of the Federal Motor Carrier Safety Regulations driver qualifications (5f) or Cynthia Kirksey/OnTime/B3 Logistics driver qualification files (10g).

Again, a corporation's obligation under Rule 30(b)(6) does not mean that the witness can never answer that the corporation lacks knowledge of a certain fact,[33] and in cases finding that a deponent's inability to answer constituted a failure to appear, there were identified alternate employees capable of providing the information. This is not a situation where the entity has an identified employee who could have provided the information but the entity simply failed to designate that person.[34] Thus, after a thorough review of the deposition notice and the entire transcript from the January 7, 2025, Deposition, the Court finds that Amazon's designated representative properly reviewed the deposition notice, investigated company records and information to prepare for the deposition, and provided detailed and substantive responses throughout the deposition. Although he was unable to answer every questions asked, he was able to answer the vast majority of the questions and provided substantive responsive information.

---

[32] *See id.* (quoting *Rivas v. Greyhound Lines, Inc.*, No. 14-166, 2015 WL 1371024, at *4-5 (W.D. Tex. Apr. 27, 2015); and citing *Goodyear Tire & Rubber Co. v. CEVA Logistics Sing., Ltd.*, 348 F.R.D. 54, 72-73 (E.D. La. 2024), *review denied*, 2024 WL 5086077 (E.D. La. Dec. 12, 2024)).
[33] *Chick-fil-A*, 2009 WL 3763032, at *12 (quoting *Fraser Yachts Fla., Inc. v. Milne*, No. 05-21168, 2007 WL 1113251, at *2 (S.D. Fla. Apr. 13, 2007)).
[34] *See Resol. Tr. Corp.*, 985 F.2d at 197.

The Court thus finds that, based on review of the entire transcript, the testimony does not justify a wholesale reopening of the deposition, as requested by Plaintiffs. This is not a situation where the representative repeatedly and evasively answered "I don't know" on topics clearly within the deposition notice topics. Rather, the designated representative was for the most part prepared and provided substantive, responsive and informative testimony. Therefore, sanctions are not appropriate and the re-opening of the Rule 30(b)(6) deposition is not required.[35]

### B. **Plaintiffs' Second Rule 30(b)(6) Notice**

After Plaintiffs expressed their dissatisfaction with Amazon's designated representative responses during the January 7, 2025, deposition, by email dated May 12, 2025, Amazon expressed its willingness to discuss a limited second Rule 30(b)(6) deposition after Plaintiffs reviewed certain supplemental discovery responses. ECF No. 157-4 at 12. Plaintiffs issued a second Notice of Rule 30(b)(6) deposition listing 13 areas of inquiry. ECF No. 150-10 at 14-15. The notice appears directed to some of Plaintiffs' 24 deficiencies (e.g., Topic Nos. 1-10) but adds entirely new areas of inquiry (Topic Nos. 11-13).

Amazon asserts that Plaintiffs' second notice included three entirely new topics and that the other topics are overbroad and not contemplated by Plaintiffs' first deposition notice. ECF No. 150-1 at 4. Nevertheless, Amazon proposes to submit to a 30-minute deposition on three topics:

(1) what department(s) had input on the addition of BASIC categories to the Relay Agreement Programs and Policies in 2020-2022 (to the extent determinable).
(2) how GPS monitoring was utilized for initializing direct contact with third-party carriers and their drivers at the time of the subject Incident (to the extent there is any additional information on general procedure and excluding discussions of the technical manner in which GPS functions, which is not relevant and would be similar across any and all GPS monitoring world-wide).

---

[35] *Douglas v. Landmark Am. Ins. Co.*, 22-167, 2024 WL 4101935, *3 (W.D. Tex. June 25, 2024) (refusing to award sanctions for designated representative's failure to answer all questions); *ExxonMobil Glob. Serv. Co. v. Bragg Crane Serv.*, 21-3008, 2023 WL 6274764, *3 (S.D. Tex. Sept. 26, 2023) (noting that the sanction of precluding evidence or defenses is a drastic remedy reserved for exceptional cases); *Atanassova*, 2021 WL 1946520, *3 (rejecting request for sanctions where inability to answer did not reflect extreme obfuscation or unpreparedness).

> (3) description/explanation of the "ineligible" notation on the document labelled Bates 392.

ECF No. 150-1 at 19.

To the extent that Plaintiffs' notice exceeded Amazon's agreement as to a second Rule 30(b)(6) deposition and was issued without first obtaining leave of court, the notice is improper.[36] Further, the Court agrees that Topic Nos. 11-13 are entirely new and appear to have been triggered by responses to questions during the Rule 30(b)(6) deposition and subsequent discovery. ECF No. 151-6 at 132:22-133:12, 136:21-137:9. Likewise, while Topics Nos. 1-10 relate to questions asked in the first deposition, these topics go beyond the questions presented and appear to now seek to examine Amazon on anything related to the specified subject matter of those prior questions even though that subject matter was not explored during the first deposition rather than simply addressing an incomplete answer.

Although it is unclear that Amazon should have been prepared to address these issues and in light of Amazon's proposal, the Court will allow Plaintiffs to proceed with a limited second Rule 30(b)(6) deposition. The scope is limited to the following topics for the period of 2020-2022:

> (1) identify the employees or team of employees that were involved in the decision to add BASIC categories into the Relay App Program policy (Topic No. 1).
> (2) identify the employees or team of employees that were involved in the decision to add tenure requirements or place limitations on the number of carriers a driver may drive for to the motor carrier vetting process (Topic Nos. 2, 3, 8).
> (3) how operation of GPS monitoring of trailers was used to initiate direct contact with independent contractor carriers or their drivers, excluding any questions regarding the technical operation of GPS systems (Topic No. 4).
> (4) updates/changes to Relay App, excluding technical software updates (Topic No. 5).
> (5) description/explanation of the "ineligible" notation on Bates 392.

---

[36] *See UWorld*, 2025 WL 1186894, *3-4.

Plaintiffs' Topic Nos. 6, 7, 9, and 10 regarding use of terminology, indemnification procedures, and ownership of data call for legal conclusions and are not properly subject to a Rule 30(b)(6) deposition.[37] The deposition must not exceed 1 hour and 30 minutes.

### C. Motion to Compel

Amazon's response indicates that it has now produced the Zurich policies. Thus, Plaintiffs' motion to compel as to that issue is moot.

Although Amazon produced documents relating to Kirksey's status and OnTime's suspension, Plaintiffs contend it has not provided all relevant information because Plaintiffs have remaining questions about those documents. A deposition or interrogatory, not a document request, however, is the avenue to obtain a response to particular questions. Thus, the fact that Plaintiffs have additional questions after receipt of documents in response to a Request for Production does not mean that Amazon has failed to produce all responsive documents.

While Amazon argues that it provided additional information regarding these remaining two matters in an email response, it did not provide that information in a formal discovery response. Discovery responses have evidentiary value.[38] Thus, Plaintiffs may elect to question Amazon's representative about the ineligibility issue during the second Rule 30(b)(6) deposition or issue supplemental interrogatory on that matter.

### V. CONCLUSION

Accordingly, for the foregoing reasons,

---

[37] *Howard v. HMK Holdings, LLC*, No. 17-5701, 2018 WL 3642131, at *5 n.8 (C.D. Cal. June 11, 2018) (citation omitted) (asking corporate deponent for legal conclusions "by memory and on the spot" without the aid of counsel is improper), *aff'd,* 988 F.3d 1185 (9th Cir. 2021).

[38] "[I]nterrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay (FED. R. EVID. 801(d)(2)), than an answer to an interrogatory." *Melius v. Nat'l Indian Gaming Comm'n*, No. 98–2210, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000); *accord Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008).

IT IS ORDERED that Amazon's Motion for Protective Order is GRANTED IN PART AND DENIED IN PART as stated herein;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Sanctions is DENIED;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Continue Rule 30(b)(6) Deposition is GRANTED IN PART AND DENIED IN PART as stated herein;

IT IS FURTHER ORDERED that Plaintiffs' Motion to Compel is DENIED.

New Orleans, Louisiana, this ___7th___ day of July, 2025.

*[Signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE